**F I L E D**

Sep - 22 2022

Robert R. Carr
Clerk, U.S. District Court
Eastern District of Kentucky

UNITED STATES DISTRICT COURT
FOR THE
EASTERN AND WESTERN DISTRICTS OF KENTUCKY

### JOINT GENERAL ORDER No. 2022-01

IN RE: AMENDMENTS TO JOINT LOCAL RULES

* * * * *

Pursuant to LR 83.14 and LCrR 57.7 of the Joint Local Rules of the Eastern and Western Districts of Kentucky, and pursuant to the authority granted by Rule 83 of the Federal Rules of Civil Procedure and Rule 57 of the Federal Rules of Criminal Procedure, upon recommendation of the Joint Local Rules Commission, and in the absence of any comments, the Judges of the Eastern and Western Districts hereby ORDER that the following amendments be made to the Joint Local Rules:

    A.    **LR 83.2 – Permission to Practice in a Particular Case** – is amended as follows in order to simplify the rule and procedure:

**LR 83.2 Permission to Practice in a Particular Case**

(a) Procedure. An attorney who has not been admitted to the Bar of the Court may represent parties before the Court if the attorney has paid the prescribed pro hac vice admission fee to the Clerk of the Court and been granted leave by the Court to appear pro hac vice in a particular case. A separate motion for each attorney requesting pro hac vice admission must include the following information:

    (1) Admission Status. The motion must identify each Bar in which the attorney is a member and include a statement indicating that the attorney requesting admission is admitted to practice, currently in active status, and in good standing as an attorney in another United States court or the highest court of any state.

    (2) Disciplinary History. The motion must disclose whether the attorney is currently or has ever been disbarred, suspended from practice, or subject to other disciplinary action by any court, Bar, or other admitting or licensing authority.

    (3) Consent to Jurisdiction. The motion must include a statement indicating that the attorney consents to be subject to the jurisdiction and rules of the Kentucky Supreme Court governing professional conduct.

1

(4) ECF Training. The motion must identify the method of training completed by the attorney before use of the Court's electronic filing system.

    **B.**    **LR 89.3 Courtroom Decorum** – is amended as follows in order to modernize the local rule:

**LR 83.9**    **Courtroom Decorum**

(a) **Persons Permitted Inside the Bar of the Courtroom.** Only those persons authorized by the Court, or those persons having an official function, are permitted inside the bar of the courtroom during proceedings held in open court.

(b) **Possession and Use of Electronic or Photographic Equipment; Generally.** Except as may be permitted by (c) or (d), no person may operate any visual or audio recording, broadcasting or transmitting device or equipment in any courtroom. This rule applies regardless of whether court is actually in session.

(c) **Permitted Uses of Electronics.** The presiding judge may permit the following:
    (1) Use of electronic or photographic means for presenting evidence or perpetuating the record;
    (2) The broadcasting, televising, recording, or photographing of investitive, ceremonial, or naturalization proceedings;
    (3) Use of electronic devices or auxiliary aids to assist individuals who require accommodation for a disability; or
    (4) Any wireless or internet communication device approved by the Court.

The presiding judge retains authority and discretion to disallow use of electronic devices at any time.

(d) **Devices and Equipment in Courthouses.** By General Order, the Eastern and Western Districts may regulate the possession of electronic devices and equipment within each courthouse, including possession by members of the Bar. Notice of any such General Order shall be posted in a conspicuous place in all federal court buildings in the District, and will be available on the Clerk's website.

(e) **Remote Participation.** Any person remotely participating in any court proceeding may not record or cause to be recorded any such proceeding without the express consent of the presiding judge.

The amendments reflected in this Joint General Order shall be incorporated into the Courts' Joint Local Rules published on the Courts' respective websites. Copies of this Order shall be made available to the public on the Courts' respective websites and made available to

the various publishing companies that publish the Joint Local Rules of the Eastern and Western Districts of Kentucky. The amendments noted in this Order shall take effect upon entry of this Order.

IT IS SO ORDERED:

_____
Hon. Danny C. Reeves
Chief Judge, United States District
Court, Eastern District of Kentucky

_____
Hon. Greg N. Stivers
Chief Judge, United States District
Court, Western District of Kentucky