UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
FRANKFORT

| | |
|---|---|
| **MID-AMERICA MILLING COMPANY, LLC,** *et al.*, <br><br>  Plaintiffs, <br><br> v. <br><br> **UNITED STATES DEPARTMENT OF TRANSPORTATION,** *et al.*, <br><br>  Defendants. | Case No. 3:23-cv-00072-GFVT |

### DEFENDANTS' ANSWER TO PLAINTIFFS' COMPLAINT

Defendants U.S. Department of Transportation (DOT), Secretary of Transportation Pete Buttigieg, Acting Administrator of the Federal Highway Administration Kristin White, and Division Administrator of the Kentucky Division of the Federal Highway Administration Shundreka Givan[1] answer the Verified Complaint of Plaintiffs Mid-America Milling Company, LLC and Bagshaw Trucking Inc., ECF No. 1, and assert their affirmative defenses as follows. Defendants deny each and every allegation not expressly admitted below.

### INTRODUCTION[2]

1.   Defendants deny the allegations in this paragraph, which contain mischaracterizations or legal conclusions to which no response is required.

---

[1] Defendants hereby notify the Court and Plaintiffs of the substitution of Ms. White and Ms. Givan pursuant to Federal Rule of Civil Procedure 25(d) and request that the Clerk of the Court amend the caption to this case accordingly.

[2] Headings are provided to correspond to the Complaint to assist the Court in reviewing the Answer. However, Defendants deny all statements in the headings.

2. This paragraph contains Plaintiffs' legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

3. Defendants admit that the Infrastructure Investment and Jobs Act reauthorized the DBE program. Defendants deny the remaining allegations in the paragraph, which contain mischaracterizations or legal conclusions to which no response is required.

4. Defendants deny that the DOT DBE program violates the Constitution. The remaining allegations in this paragraph contain Plaintiffs' legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

5. Defendants deny that the DOT DBE program violates the Constitution. The remaining allegations in this paragraph contain Plaintiffs' legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

6. Defendants deny that the DOT DBE program violates the Constitution. The remaining allegations in this paragraph contain Plaintiffs' legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

7. Defendants deny that the DOT DBE program violates the Constitution. The remaining allegations in this paragraph contain Plaintiffs' legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

8. Defendants lack sufficient information to admit or deny the allegations that Plaintiffs have a long history of participating in federally financed road-construction projects and deny the remaining allegations in this paragraph.

9. Defendants deny that the DOT DBE program violates the Constitution. The remaining allegations in this paragraph contain Plaintiffs' legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

10. Defendants admit that Plaintiffs seek declaratory and injunctive relief in their Complaint.

## THE PARTIES

11. Defendants lack sufficient information to admit or deny the allegations in this paragraph.

12. Defendants lack sufficient information to admit or deny the allegations in this paragraph.

13. Defendants admit that DOT maintains an office at the address listed in this paragraph. Defendants deny the remaining allegations in the paragraph, which contain mischaracterizations or legal conclusions to which no response is required.

14. Defendants admit the allegations in the first and last sentences of this paragraph. Defendants deny the remaining allegations in the paragraph, which contain mischaracterizations or legal conclusions to which no response is required.

15. Defendants admit the allegations in the first, third, and last sentences of this paragraph, except that Mr. Bhatt is no longer Administrator of the Federal Highway Administration. Mr. Bhatt has left the Administrator position, and Mr. Bhatt's duties presently are performed by Acting Administrator Kristin White. Defendants deny the remaining allegations in the paragraph, which contain mischaracterizations or legal conclusions to which no response is required.

16. Defendants deny that Todd Jeter is the Division Administrator of the Kentucky Division of the Federal Highway Administration. Mr. Jeter has been replaced as Division Administrator of the Kentucky Division of the Federal Highway Administration by Shundreka Givan. Defendants deny that Todd Jeter performs official duties in Franklin County and lack

sufficient information to admit or deny the allegation that he resides in Franklin County.

## JURISDICTION AND VENUE

17.    Defendants admit that 28 U.S.C. §§ 1331 and 2201 and 5 U.S.C. §§ 702 and 704 provide jurisdiction to federal courts but deny that this Court has subject matter jurisdiction over the Complaint and deny the remaining allegations in the paragraph.

18.    Defendants deny that Todd Jeter performs official duties in Franklin County and lack sufficient information to admit or deny the allegation that he resides in Franklin County. Mr. Jeter has been replaced as Division Administrator of the Kentucky Division of the Federal Highway Administration by Shundreka Givan. Defendants lack sufficient information to admit or deny the allegations that Plaintiffs are impacted by "Defendants' implementation of the DBE program in this District, which includes contracts offered and projects to be completed within this District and specifically Franklin County," and thus deny that this Court is the proper venue for this matter.

## FACTUAL BACKGROUND

19.    Defendants deny the allegations in this paragraph because they mischaracterize the DOT DBE program.

20.    Defendants admit that President Reagan signed Public Law No. 97-424 in 1983. To the extent that Plaintiffs misconstrue and mischaracterize the history of the DOT DBE program, Defendants deny the remaining allegations in the paragraph.

21.    Defendants deny the allegations in this paragraph.

22.    Defendants admit that President Biden signed Public Law No. 177-58 on November 15, 2021 and admit the accuracy of the quoted text. To the extent that Plaintiffs misconstrue or mischaracterize the statute, quoted text, or cited statements, Defendants deny the remaining

allegations in the paragraph.

23. Defendants admit the accuracy of the quoted text. To the extent that Plaintiffs misconstrue or mischaracterize statutes or quoted text, Defendants deny the remaining allegations in the paragraph.

24. Defendants admit the accuracy of the quoted regulation.

25. Defendants admit the accuracy of the quoted regulation. Defendants deny the remaining allegations in the paragraph, which contain mischaracterizations or legal conclusions to which no response is required.

26. Defendants deny the allegations in the paragraph, which contain mischaracterizations or legal conclusions to which no response is required.

27. Defendants admit the accuracy of the quoted regulation.

28. Defendants deny the allegations in this paragraph, which contain mischaracterizations or legal conclusions to which no response is required.

29. Defendants deny the allegations in this paragraph, which contain mischaracterizations or legal conclusions to which no response is required.

30. Defendants admit the accuracy of the quoted text. Defendants deny the remaining allegations in the paragraph, which contain mischaracterizations or legal conclusions to which no response is required.

31. Defendants deny that the DOT DBE program violates the Constitution. The remaining allegations in this paragraph contain Plaintiffs' legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

32. Defendants deny that the DOT DBE program violates the Constitution. The remaining allegations in this paragraph contain Plaintiffs' legal conclusions to which no response

is required. To the extent a response is required, the allegations are denied.

33. Defendants admit the accuracy of the quoted text. To the extent that Plaintiffs misconstrue or mischaracterize the statute or cited regulation, Defendants deny the remaining allegations in the paragraph.

34. Defendants admit the allegations in this paragraph.

35. Defendants admit that Kentucky and Indiana have established overall DBE participation goals, that some contracts in Kentucky and Indiana include a DBE participation goal, and that Kentucky and Indiana advertise contracts for open bid. Defendants deny the remaining allegations in the paragraph.

36. Defendants deny the allegations in this paragraph because they mischaracterize the DOT DBE program.

37. Defendants lack sufficient information to admit or deny the allegations in this paragraph.

38. Defendants lack sufficient information to admit or deny the allegations in this paragraph.

39. Defendants deny the allegations in this paragraph.

40. Defendants lack sufficient information to admit or deny the allegations that Plaintiffs are ready, willing, and able to bid on DOT contracts or subcontracts. Defendants deny the remaining allegations in this paragraph.

41. Defendants admit that Plaintiffs seek relief against Defendants. Defendants deny the remaining allegations in this paragraph.

42. Defendants deny that the DOT DBE program violates the Constitution. The remaining allegations in this paragraph contain Plaintiffs' legal conclusions to which no response

is required. To the extent a response is required, the allegations are denied.

## COUNT 1
## EQUAL PROTECTION VIOLATIONS

43. Defendants admit that Plaintiffs seek to reallege and incorporate the allegations set forth in their Complaint, and Defendants incorporate by reference their responses to each allegation as set forth above.

44. Defendants admit the accuracy of the quoted case citation but deny any allegations that may be otherwise implied in this paragraph.

45. Defendants deny the allegations in the first sentence of this paragraph because it contains a misleading legal conclusion. Defendants admit the accuracy of the quoted case citation but deny any allegations that may be otherwise implied in this paragraph.

46. Defendants admit the accuracy of the quoted case citation but deny any allegations that may be otherwise implied in this paragraph.

47. Defendants admit the accuracy of the quoted case citations but deny any allegations that may be otherwise implied in this paragraph.

48. Defendants admit the accuracy of the quoted case citations but deny any allegations that may be otherwise implied in this paragraph. The remaining allegations in this paragraph contain Plaintiffs' legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

49. Defendants deny that the DOT DBE program violates the Constitution. The remaining allegations in this paragraph contain Plaintiffs' legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

50. Defendants admit that DOT administers the DOT DBE program. The remaining allegations in this paragraph contain Plaintiffs' legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

51. Defendants lack sufficient information to admit or deny the allegations that Plaintiffs are ready, willing, and able to apply for federal highway and surface transportation contracts. Defendants deny the remaining allegations in this paragraph.

52. Defendants deny the allegations in this paragraph.

53. Defendants deny the allegations in this paragraph.

## COUNT 2
## ADMINISTRATIVE PROCEDURE ACT VIOLATION

54. Defendants admit that Plaintiffs seek to reallege and incorporate the allegations set forth in their Complaint, and Defendants incorporate by reference their responses to each allegation as set forth above.

55. Defendants admit that Plaintiffs accurately quote language from 5 U.S.C. § 706(2)(B) of the Administrative Procedure Act but deny any allegations that may be otherwise implied in this paragraph.

56. Defendants deny the allegations in this paragraph.

57. Defendants deny the allegations in this paragraph.

58. Defendants deny the allegations in this paragraph.

## RELIEF REQUESTED

Paragraphs (A)-(F) of the Complaint constitute Plaintiffs' demand for judgment and include no factual allegations requiring a response. Defendants deny that Plaintiffs are entitled to the relief requested or to any relief whatsoever.

## AFFIRMATIVE DEFENSES

1. Plaintiffs' Complaint fails to state a claim upon which relief can be granted.

2. The Court lacks subject matter jurisdiction over Plaintiffs' Complaint.

3. Plaintiffs failed to exhaust administrative remedies as to certain claims asserted.

4. Plaintiffs' Complaint fails to state a claim upon which attorneys' fees or costs can be awarded.

5. The doctrines of waiver, estoppel, unclean hands, and laches equitably bar Plaintiffs from seeking the relief requested in the Complaint.

6. Plaintiffs have failed to join one or more necessary parties.

7. This district is an improper venue for this action.

8. Defendants reserve the right to assert additional affirmative defenses of which they become knowledgeable during the course of discovery.

WHEREFORE, Defendants pray for judgment as follows:

1. Plaintiffs take nothing by reason of the Complaint, and the Complaint be dismissed with prejudice on the merits;

2. Judgment be entered for Defendants;

3. Defendants recover their costs of suit herein; and

4. Defendants be granted such relief as the Court deems just and proper.

Dated: October 7, 2024                                  Respectfully submitted,

SUBASH IYER                                             KRISTEN CLARKE
 *Acting General Counsel*                         Assistant Attorney General
PAUL M. GEIER                                           Civil Rights Division
 *Acting Assistant General Counsel*
  *for Litigation and Enforcement*            KAREN D. WOODARD
PETER J. PLOCKI                                         Chief

| | |
|---|---|
| *Deputy Assistant General Counsel*<br>*for Litigation and Enforcement*<br>CHARLES E. ENLOE<br>*Senior Trial Attorney*<br>U.S. Department of Transportation | Employment Litigation Section<br>Civil Rights Division<br><br>/s/ Robert Rich<br>ANDREW BRANIFF<br>(IN Bar No. 23430-71)<br>Deputy Chief<br>ROBERT RICH<br>(DC Bar No. 1016908)<br>JILLIAN MOO-YOUNG<br>(DC Bar No. 1045088)<br>DAVID REESE<br>(AL Bar No. ASB-0887-167R)<br>Trial Attorneys<br>Employment Litigation Section<br>Civil Rights Division<br>United States Department of Justice<br>950 Pennsylvania Avenue NW<br>Washington, DC 20530<br>(202) 598-9898<br>Robert.Rich@usdoj.gov<br><br>*Counsel for Defendants* |