UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
FRANKFORT

MID-AMERICA MILLING COMPANY,
LLC, *et al.*,

      Plaintiffs,

v.                               Case No. 3:23-cv-00072-GFVT

UNITED STATES DEPARTMENT
OF TRANSPORTATION, *et al.*,

      Defendants.

### PLAINTIFFS' MOTION TO CLARIFY
### SCOPE OF THE PRELIMINARY INJUNCTION

### EXPEDITED CONSIDERATION REQUESTED

Plaintiffs move to clarify the Court's order dated September 23, 2024, enjoining Defendants from enforcing the DBE Program's race and gender preferences for "contracts impacted by DBE goals upon which the Plaintiffs bid." ECF 44:27. Plaintiffs respectfully request expedited consideration for the reasons explained below.

**INTRODUCTION**

Plaintiffs perform milling and hauling services on federal highway projects in at least 23 states. This should be no surprise to Defendants: In the preliminary stages of this case, Plaintiffs' outlined in detail the scope of their work. *See, e.g.*, ECF 27-2 ¶¶ 7–10 (MAMCO's scope of work); ECF 27-3 ¶ 2 (Bagshaw's scope of work). For example, in briefing, Plaintiffs explained that "MAMCO 'regularly' bids on milling 'contracts impacted by the federal DBE program' not only in the states of Kentucky and Indiana (which impose race- and gender-conscious DBE goals), but also in at least 21 other states, many of which also employ race- and gender-conscious DBE goals." ECF 40:21 (citations omitted).

Although Plaintiffs asked for a nationwide injunction, Plaintiffs also acknowledged that if this Court were to order a more limited remedy, the preliminary injunction should protect Plaintiffs when they are bidding federal DBE contracts in "at least, the 23 states in which Plaintiffs regularly bid DBE contracts." *Id.*

The Court appeared to agree with the latter option, selecting a remedy "limited to the parties before the Court." ECF 44:27. Thus, the Court enjoined Defendants from enforcing the DBE Program's race and gender preferences to the extent those preferences impact the contracts upon which Plaintiffs bid. *See id.* The Court's order reads as follows: "The United States Department of Transportation, Peter Buttigieg, Shailen Bhatt, Todd Jeter, and any successors in office, are **ENJOINED** from mandating the use of race- and gender-based rebuttable presumptions for United States Department of Transportation contracts impacted by DBE goals upon which the Plaintiffs bid." *Id.*

Despite this language, Defendants now claim that the Court only intended to apply the injunction to federal DBE contracts that Plaintiffs bid in Indiana and Kentucky. Plaintiffs disagree and believe the Court's order is clear: the preliminary relief applies to Plaintiffs wherever

2

Defendants mandate the use of race- and gender-based preferences for USDOT contracts "impacted by DBE goals upon which Plaintiffs bid."

To date, Defendants are complying with the preliminary injunction *only* for federal DBE contracts that Plaintiffs bid through the departments of transportation in Indiana and Kentucky. *See* Ex. D to Decl. of Cara Tolliver (Defendants' Letter to Plaintiffs, dated October 12, 2024). Defendants have *refused* to implement the Court's preliminary injunction for federal DBE contracts that Plaintiffs bid through other state departments of transportation, including those for West Virginia and Pennsylvania. *See id.*

As explained below, Plaintiffs submitted to Defendants, a list of specific federal DBE contracts that Plaintiffs intended to bid through the state departments of transportation in Kentucky and Indiana. In turn, Defendants appropriately notified local officials in Indiana and Kentucky that these specified contracts should not have federal DBE participation goals, and the states complied. However, after that initial exercise, Defendants rejected Plaintiffs' listings of federal DBE contracts that they intended to bid in Pennsylvania and West Virginia. Defendants claim that this Court's order does not cover Plaintiffs bids for federal DBE contracts in those states.

Plaintiffs believe that the Court's order applies to Plaintiffs wherever Plaintiffs bid on federal contracts impacted by Defendants' DBE Program. There is no reason why the preliminary injunction should apply to Plaintiffs in Indiana, but not Pennsylvania; and in Kentucky, but not West Virginia.

Plaintiffs request clarification, and expedited consideration, on the Court's preliminary relief order because the contracts that Plaintiffs plan to bid are being impacted by the federal DBE

Program today, this week, next week, and for the foreseeable future.[1] Every day and week that goes by, Plaintiffs continue to be deprived of their constitutional right to equal treatment, as mandated by this Court's order.

## BACKGROUND

On September 23, 2024, this Court determined that "Plaintiffs will likely win on the merits of their constitutional claims" and that "Plaintiffs are entitled to a preliminary injunction." ECF 44:24, 25. The Court carefully considered the question of "how far … that injunction [should] reach" and determined that "redressability in the present case is properly limited to the parties before the Court." ECF 44:25–27.

On September 25, 2024, the parties met and conferred by Zoom conference regarding the implementation of the Court's preliminary injunction. Decl. of Cara Tolliver ¶ 3. In order to afford equal access to Plaintiffs for those federal DBE contracts Plaintiffs wish to bid and ensure that no race or gender-based discrimination reaches Plaintiffs when bidding these contracts, the parties began outlining their agreement on an implementation plan. *Id.* This plan generally involves a series of steps in which Plaintiffs first identify and communicate to Defendants a specific listing of federal DBE contracts that Plaintiffs intend to bid as noticed and offered through state or local agencies. *Id.*; *see also* Ex. A to Decl. of Cara Tolliver p. 8 (Emails between counsel regarding implementation of the preliminary injunction). Defendants then work with those state or local entities to remove the federal DBE goals for those contracts specifically identified by Plaintiffs

---

[1] Indeed, as explained herein, Plaintiff MAMCO has already lost an equal opportunity to compete for federal DBE contracts in October 8 and 10 lettings offered through the departments of transportation in Pennsylvania and West Virginia. *See, e.g.*, Ex. D to Decl. of Cara Tolliver. Further, beginning on October 18 and carrying through mid-December, MAMCO expects to bid federal DBE contracts offered through state or local transportation departments in the states of Missouri, Mississippi, Iowa, Virginia, Ohio, New Jersey, Tennessee, Arkansas, North Carolina, Illinois, and West Virginia. *E.g.*, Second Declaration of K. Koetter ¶¶ 3–5.

and communicate these contract updates to Plaintiffs and the relevant stakeholders. Decl. of Cara Tolliver ¶ 3; *see also* Ex. A to Decl. of Cara Tolliver p. 8.

On September 25, 2024—that same day—Plaintiffs began identifying and submitting to Defendants specific federal DBE contracts that they planned to bid through the Indiana Department of Transportation ("INDOT") for an October 9 contract letting date. Ex. A to Decl. of Cara Tolliver, p. 9; Ex. B to Decl. of Cara Tolliver (Plaintiffs' bidding plans for federal DBE contracts offered through INDOT).

On October 2, 2024, Plaintiffs requested an update regarding the status of the federal DBE contracts that Plaintiffs had identified for the October 9 INDOT letting. Ex. A to Decl. of Cara Tolliver, p. 5–6. As part of that communication, Plaintiffs notified Defendants that, consistent with anticipated public release dates for various contracting notices, Plaintiffs soon expected to identify and send along new federal DBE contracts that they intended to bid in upcoming lettings through transportation departments in Illinois, Ohio, and elsewhere. *Id.*

On October 4, 2024, Plaintiff MAMCO submitted its bidding plans to Defendants for a specific listing of federal DBE contracts offered through the state departments of transportation for Pennsylvania, West Virginia, and Kentucky. The Pennsylvania and West Virginia notices indicated contract letting dates for October 8 and October 10. Ex. A to Decl. of Cara Tolliver, p. 4–5; Ex. C to Decl. of Cara Tolliver (MAMCO's bidding plans for federal DBE contracts offered through Pennsylvania, West Virginia, and Kentucky).

On October 7, 2024, Plaintiffs requested a response from Defendants regarding the status of Plaintiffs' identified DBE contracts, including the Pennsylvania and West Virginia lettings, which were about to occur on October 8 and October 10. Ex. A to Decl. of Cara Tolliver, p. 3. Defendants responded with final updates regarding Plaintiffs' identified federal DBE contracts

that would be let through INDOT and further confirmed that Defendants would be working with the Kentucky Transportation Cabinet ("KYTC") regarding those federal DBE contracts that Plaintiffs had identified for an upcoming KYTC letting. *Id.* However, as to Plaintiff MAMCO's identified bidding plans for DBE contracts that Pennsylvania and West Virginia would offer at October 8 and 10 lettings, Defendants noted that they were working "to prepare a response regarding the contracts [Plaintiffs] have identified in other states." *Id.*

On October 8, 2024, Plaintiffs responded to Defendants' update on the "other states," advising that if Defendants intended to refuse to honor the preliminary injunction for Plaintiffs' identified federal DBE contracts, Plaintiffs would seek immediate clarification from the Court as to the scope of the preliminary injunction. Ex. A to Decl. of Cara Tolliver, p. 1. In response, Defendants issued a letter to Plaintiffs confirming that Defendants "will not be taking any action with respect to the contracts [Plaintiffs] have identified in Pennsylvania and West Virginia" and that US-DOT "will not seek to remove DBE participation goals from federally-funded DOT contracts in states other than Kentucky and Indiana, including in Pennsylvania and West Virginia, absent express direction from the Court that expands the scope of the injunction beyond Indiana and Kentucky." Ex. D to Decl. of Cara Tolliver.

On October 9, 2024, the parties met and conferred by telephone conference, concurring that the parties disagree on the proper and intended scope of the Court's preliminary injunction. Decl. of Cara Tolliver ¶ 4. Plaintiffs confirmed that this motion would follow. *Id.*

On October 9, 2024, Plaintiff MAMCO identified a listing of specific federal DBE contracts that are expected to be let on November 8 through the Illinois Department of Transportation ("IDOT"). Decl. of Cara Tolliver ¶ 9; Ex. E to Decl. of Cara Tolliver (MAMCO's bidding plans for federal DBE contracts offered through IDOT). Given the ongoing dispute

6

between the parties regarding the scope of the preliminary injunction, Plaintiffs have not yet shared this listing with Defendants. Decl. of Cara Tolliver ¶ 9.

In addition, MAMCO continuously monitors for federal contracting opportunities it plans to bid. *See* Second Declaration of K. Koetter ¶¶ 3–5. Beyond the federal DBE contracts that Plaintiff MAMCO intends to bid through IDOT, from now until mid-December, MAMCO will likely bid, or seek to bid, federal DBE contracts from state or local transportation departments in the following states: Missouri, Mississippi, Iowa, Virginia, Ohio, New Jersey, Tennessee, Arkansas, North Carolina, Illinois, and West Virginia. Second Declaration of K. Koetter ¶ 5. Contract letting dates for these projects commence as soon as October 18, 2024. *Id.*

Plaintiff MAMCO has already lost an equal opportunity to compete for federal DBE contracts in Pennsylvania and West Virginia for the October 8 and 10 lettings. *See, e.g.*, Ex. D to Decl. of Cara Tolliver; Second Declaration of K. Koetter ¶ 6. Moreover, because Defendants have confirmed that they will not honor the preliminary injunction for the federal DBE contracts that Plaintiffs specifically identify outside the states of Kentucky and Indiana, Plaintiffs will certainly *not* be afforded their constitutional rights to compete equally (without regard to race or gender) for those federal DBE contracts that they plan to bid elsewhere.

## ARGUMENT

Plaintiffs believe that this Court has already properly considered the question regarding the "reach" of the preliminary injunction. *See* ECF 44:25–27. In explaining that "an injunction limited to the parties can adequately protect the plaintiffs' interests while the case is pending disposition on the merits," the Court's preliminary ruling clearly indicates that "redressability in the present case is properly limited to the parties before the Court." ECF 44:27. Accordingly, the Court's

concluding order indicates that the ruling applies to "contracts impacted by DBE goals upon which the Plaintiffs bid." *Id.*

Despite the Court's clear statements and analysis indicating that the preliminary injunction is to be as-applied "to the parties before the Court," *id.*, Defendants assert that the issued preliminary relief to Plaintiffs is somehow further limited to the states of Indiana and Kentucky. *See* Ex. D to Decl. of Cara Tolliver.

To be sure, the Court did briefly reference Kentucky and Indiana as two "states within which [Plaintiffs] operate." ECF 44:27. And while it is true that Plaintiffs *do operate* in Kentucky and Indiana, Plaintiffs—and Plaintiff MAMCO, in particular—*also operate* in many other states, bidding and performing federal contracts impacted by the DBE Program. Indeed, the Court's opinion discusses Plaintiffs' testimonies on those "further detail[s]" regarding Plaintiffs' regular bidding activities on federal DBE contracts. *See* ECF 44:8 (discussing and citing Plaintiffs' declarations, ECF 27-2 and 27-3). Those sworn declarations speak to, among other things, the states in which Plaintiffs most frequently bid federal DOT contracts. For example, Plaintiff MAMCO explains that it bids and performs this work not only in Indiana and Kentucky, but also in numerous other states—among them, Tennessee, Arkansas, and Ohio, and also in Mississippi, Delaware, Alabama, Louisiana, Virginia, Oklahoma, South Carolina, West Virginia, Missouri, Illinois, North Carolina, Georgia, Michigan, Iowa, Kansas, Minnesota, Texas, and Florida. ECF 27-2 ¶¶ 9–10. *See also* Second Declaration of K. Koetter ¶¶ 2–5; Ex. C & E to Decl. of C. Tolliver.

There is no fundamental difference in the evidence presented to the Court between the DBE-infected contracts that Plaintiffs bid in Kentucky and Indiana, and the DBE-infected contracts that Plaintiffs bid in other states. Plaintiff MAMCO bids federal DBE contracts in those other states, and those other states impose Defendants' race and gender presumptions through the

8

DBE program, causing the same constitutional harms that are caused when Plaintiffs bids these contracts in Kentucky and Indiana.

Said differently, the implementation of the Court's preliminary injunction *applies to Plaintiffs* when they bid federal DBE contracts *in states outside Kentucky and Indiana* in the same way that it *applies to Plaintiffs* when they bid these contracts *in Kentucky and Indiana*. While Defendants misunderstand the Court's discussion of "broad relief" and "nationwide injunctions," the Court explained *exactly* what it meant in declining to grant the broad relief of a nationwide injunction. *See* ECF 44:25–27. These terms regarding such broader relief merely refer to an expansive preliminary injunction that would *not* be "limited to the parties before the Court" but would instead issue sweeping relief to "non-part[ies]." ECF 44:27.

However, instead of issuing a nationwide injunction applying to non-parties, the Court ordered a limited, as-applied preliminary injunction for "contracts impacted by DBE goals upon which the Plaintiffs bid" because this relief "can adequately protect the plaintiffs' interests while the case is pending disposition on the merits." ECF 44:27. This remedy does *not* become *any less* as-applied to the parties simply because it extends to the parties *wherever* the parties are engaged in contracting under the federal DBE Program. In fact, in order to afford "adequate protect[ion]" to Plaintiffs, the preliminary injunction must necessarily apply to Plaintiffs bidding federal DBE contracts in Kentucky *in the same way* it applies to Plaintiffs bidding federal DBE contracts in West Virginia and other states.

Defendants' view on the scope of the preliminary injunction seeks to impose additional geographical limitations that are nonsensical, have no basis in fact or law, and would continue to deprive Plaintiffs of their constitutional right to equal protection—all in spite of the Court's ruling that "Plaintiffs are entitled to a preliminary injunction" against the "likely" unconstitutional race

9

and gender-based discrimination Defendants impose through the federal DBE Program. ECF 44:24–25.

Contrary to Defendants' assertions, the limiting principle of an as-applied injunction is that it is "limited to the parties before the Court." ECF 44:27. The parties before the Court are federal Defendants and Plaintiffs; the at-issue program is the federal DBE Program. Indiana and Kentucky are *not* parties to this action, and an arbitrary geographical limitation to those states makes little sense against the fact that Defendants operate their DBE Program throughout the country in the multiple states that Plaintiff MAMCO operates its business. *E.g.*, Ex. C & Ex. E to Decl. of Cara Tolliver; ECF 27-2 ¶¶ 7–10. If "Plaintiffs are entitled to a preliminary injunction" as to Defendants' implementation of the federal DBE program, then Plaintiffs are entitled to relief "for United States Department of Transportation contracts impacted by DBE goals upon which the Plaintiffs bid" *regardless of where those federal contracts are offered*. ECF 44:25, 27.

The facts of this case coupled with the Court's analysis regarding the scope of the preliminary injunction and the text of its resulting order do not invite arbitrary geographical limitations that would impede the application of the preliminary injunction to Plaintiffs as they attempt to receive equal consideration on bids for federal DBE contracts. Rather, an as-applied preliminary injunction adheres to the parties wherever they are engaged in the challenged conduct so that a plaintiff's interests can be "adequately protect[ed] … while the case is pending disposition on the merits." ECF 44:27.

Plaintiff MAMCO has already lost opportunities to compete equally for federal DBE contracts in Pennsylvania and West Virginia through lettings held on October 8 and 10. *See, e.g.*, Ex. D to Decl. of Cara Tolliver; Second Declaration of K. Koetter ¶ 6. Plaintiffs expect to continue identifying those specific federal DBE contracts that they plan to bid in the states in which they

10

operate—Kentucky, Indiana, and others—as these opportunities are monitored on "a daily and weekly basis." *E.g.*, Second Declaration of K. Koetter ¶¶ 3–5; ECF 27-2 ¶¶ 7–10; Ex. A to Decl. of Cara Tolliver p. 4, 6; Ex. B, Ex. C & Ex. E to Decl. of Cara Tolliver. Indeed, Plaintiff MAMCO has identified a host of upcoming lettings, commencing as soon as October 18, in which it plans to bid federal projects. Second Declaration of K. Koetter ¶ 5.

In the absence of further clarification from the Court as to the scope of the preliminary injunction applying to Plaintiffs, Plaintiffs will continue to be deprived of the preliminary injunction they were granted and will, accordingly, continue to be deprived of their constitutional right to compete for federal DBE contracts without regard to race and gender.

## CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court clarify the scope of the preliminary injunction and issue an expedited ruling on the matter, limiting any response time for Defendants to two business days.

Dated: October 10, 2024.

        WISCONSIN INSTITUTE FOR
        LAW & LIBERTY, INC.

        *s/ Cara Tolliver*
        Richard M. Esenberg (WI Bar No. 1005622)
        Daniel P. Lennington (WI Bar No. 1088694)
        Cara M. Tolliver (WI Bar No. 1112818)
        330 East Kilbourn Avenue, Suite 725
        Milwaukee, WI 53202
        Telephone: (414) 727-9455
        Rick@will-law.org
        Dan@will-law.org
        Cara@will-law.org

        COMMONWEALTH COUNSEL GROUP, PLLC
        Jason M. Nemes (KBA# 90546)
        Greg Healey (KBA# 99546)
        10343 Linn Station Road, Suite 100
        Louisville, KY 40223
        jason@ccgattorneys.com
        greg@ccgattorneys.com

        *Attorneys for Plaintiffs*