| | |
|---|---|
| **From:** | Rich, Robert (CRT) |
| **To:** | Cara Tolliver |
| **Cc:** | Daniel Lennington; Braniff, Andrew (CRT); Moo-Young, Jillian (CRT); Reese, David (CRT) |
| **Subject:** | MAMCO v. US DOT |
| **Date:** | Tuesday, October 8, 2024 4:24:48 PM |
| **Attachments:** | 2024.10.08 MAMCO US Letter to Pls.pdf |

Cara,

Please see the attached correspondence and let us know of some times when you are available to meet. Thanks.

Bob

Robert Rich
Trial Attorney
Employment Litigation Section
Civil Rights Division
U.S. Department of Justice
DOJ Cell: (202) 598-9898





**U.S. Department of Justice**

Civil Rights Division

---

KDW:AGB:RJR:JMY:DR
DJ 170-30-98

*Employment Litigation Section–4CON*
*950 Pennsylvania Avenue, NW*
*Washington, DC  20530*
*www.usdoj.gov/crt/emp*

October 8, 2024

**Via Electronic Mail**

Cara Tolliver, Esq.
Wisconsin Institute for Law & Liberty, Inc.
330 East Kilbourn Avenue, Suite 725
Milwaukee, WI 53202
Cara@will-law.org

      Re:    *Mid-America Milling Co. v. U.S. Department of Transportation*,
              Case No. 3:23-cv-00072-GFVT (E.D. Ky.)

Dear Cara:

      We write in response to your October 4, 2024 email identifying lettings in Pennsylvania, West Virginia, and Kentucky on which Plaintiffs intend to bid and your October 8, 2024 email noting that "MAMCO continues to expect bidding plans on federal DBE contracts in other states [in addition to Kentucky and Indiana] that will be forthcoming." We have transmitted your requests with regard to Kentucky to the Department of Transportation, and they have, in turn, transmitted them to the Kentucky Transportation Cabinet to ensure that the federally-funded contracts in Kentucky upon which Plaintiffs intend to bid will not continue to have federally-mandated DBE goals.

      However, we will not be taking any action with respect to the contracts you have identified in Pennsylvania and West Virginia. The Court's September 23, 2024 Opinion and Order is clear that the scope of its injunction is limited to Kentucky and Indiana. *See* ECF No. 44 at 27 ("[T]he scope of the preliminary injunction shall apply to the Plaintiffs in the states within which they operate, Kentucky and Indiana."). The Court also expressly denied Plaintiffs' request for an injunction with broader scope. *See id.* at 25 ("The Plaintiffs request a broad remedy—essentially an Order enjoining the Defendants from implementing or enforcing the DBE Program's race and gender presumptions and DBE participation goal nationwide. *The Court finds that granting such broad relief would be unwise*.") (emphasis added).

      The Court's Opinion and Order, by its terms, only applies to forthcoming federally-funded DOT contracts in Indiana and Kentucky upon which Plaintiffs intend to bid. As a result, DOT will not seek to remove DBE participation goals from federally-funded DOT contracts in states other

than Kentucky and Indiana, including in Pennsylvania and West Virginia, absent express direction from the Court that expands the scope of the injunction beyond Indiana and Kentucky.

    Please contact Bob Rich at (202) 598-9898 or robert.rich@usdoj.gov to schedule a meet and confer prior to filing any anticipated motion with the Court.

                      Sincerely,

                        Karen D. Woodard
                        Chief
                        Employment Litigation Section

        By:    */s/ Robert Rich*
                        Robert Rich
                        Trial Attorney
                        Employment Litigation Section