UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
FRANKFORT

| | |
|---|---|
| **MID-AMERICA MILLING COMPANY, LLC, *et al.*,** | |
| **Plaintiffs,** | |
| **v.** | **Case No. 3:23-cv-00072-GFVT** |
| **UNITED STATES DEPARTMENT OF TRANSPORTATION, *et al.*,** | |
| **Defendants.** | |

## DEFENDANTS' RESPONSE IN OPPOSITION TO PLAINTIFFS' MOTION TO CLARIFY SCOPE OF THE PRELIMINARY INJUNCTION

The United States Department of Transportation (DOT), Secretary of Transportation Pete Buttigieg, Acting Administrator of the Federal Highway Administration Kristin White, and Division Administrator of the Kentucky Division of the Federal Highway Administration Shundreka Givan[1] (collectively, Defendants) oppose Plaintiffs' Motion to Clarify Scope of the Preliminary Injunction, ECF No. 46 (Motion to Clarify). The Motion to Clarify lacks a basis in law or fact. As Plaintiffs concede, their Motion for Preliminary Injunction requested a "nationwide injunction" or, if not, an injunction in "the 23 states in which Plaintiffs regularly bid DBE contracts." *Id.* at 2 (quoting Pls.' Reply Br. in Supp. of Mot. for Prelim. Inj., ECF No. 40 (Pls.' Reply), at 21). This Court declined both requests, and instead entered an injunction that would "apply to the Plaintiffs in the states within which they operate, Kentucky and Indiana." Opinion

---

[1] Defendants previously notified the Court and Plaintiffs in their Answer of the substitution of Ms. White and Ms. Givan pursuant to Federal Rule of Civil Procedure 25(d) and requested that the Clerk of the Court amend the caption to this case accordingly. *See* ECF No. 45 at 1 n.1.

and Order, ECF No. 44, at 27. Undeterred by this explicit ruling, and without filing an appeal or a motion for reconsideration, Plaintiffs now ask this Court again for a nationwide injunction. As before, this request should be denied.

## I.    INTRODUCTION

On September 23, 2024, this Court entered a preliminary injunction barring Defendants "from mandating the use of race- and gender-based rebuttable presumptions for [DOT] contracts impacted by DBE goals upon which the Plaintiffs bid." *Id.* at 27. In doing so, this Court expressly refused to enter a nationwide injunction, stating in plain language that "the scope of the preliminary injunction shall apply to the Plaintiffs in the states within which they operate, Kentucky and Indiana." *Id.*

The Court's Order means just what it says: that the scope of this Court's preliminary injunction should apply to the Plaintiffs in Kentucky and Indiana. *See* Ex. 1, Decl. of Michael Harkins (Harkins Decl.), ¶ 2. Pursuant to this Court's clear instructions, Defendants since have fully implemented this Court's Order in those states by ensuring that the relevant agencies in Kentucky and Indiana remove DBE goals from specific contracts "upon which the Plaintiffs bid." ECF No. 44 at 27; *see* Ex. 1, Harkins Decl., ¶¶ 3–5. As Plaintiffs correctly concede in their Motion and supporting documents, "[t]o date, Defendants are complying with the preliminary injunction *only* for federal DBE contracts that Plaintiffs bid through the departments of transportation in Indiana and Kentucky." Mot. at 3 (emphasis in original).

Plaintiffs raise no concerns about Defendants' compliance with this Court's injunction in Kentucky and Indiana. Instead, despite the Court's clear mandate, Plaintiffs now move for this Court to "clarify the scope of the preliminary injunction"—specifically, whether it applies to Plaintiffs in dozens of *other* states across the nation. *See* Mot. at 2–4.

But there is nothing for this Court to clarify. The Court's Opinion and Order already leave no doubt as to the scope of the injunction. *See* ECF No. 44 at 25–27. Moreover, this Court has already considered and rejected the arguments that Plaintiffs repeat in their Motion. Indeed, Plaintiffs seek not "clarity," but reconsideration: they ask this Court to enter a nationwide injunction under another name. *See* Mot. at 3 ("Plaintiffs believe that the Court's order applies to Plaintiffs wherever Plaintiffs bid on federal contracts impacted by Defendants' DBE Program."); *id.* at 9 (construing the injunction to "extend[] to the parties *wherever* the parties are engaged in contracting under the federal DBE Program") (emphasis in original). But Plaintiffs do not meet the stringent standards for obtaining that relief. Plaintiffs' motion should be denied.

## II.    DISCUSSION

Plaintiffs identify no rule or authority supporting their Motion. A motion for reconsideration such as that advanced by Plaintiffs is likely best analyzed under Federal Rule of Civil Procedure 59(e), which authorizes motions to "alter or amend a judgment." Fed. R. Civ. P. 59(e); *see also* Fed. R. Civ. P. 54(a) (defining "judgment" as used in the Federal Rules of Civil Procedure to include "any order from which an appeal lies"); *Branch Banking & Tr. Co. v. Jones*, 2019 WL 1085172, at *1 (E.D. Ky. March 7, 2019) (addressing motions for reconsideration of a preliminary injunction under Rule 59(e)).[2] In the alternative, Plaintiffs' Motion may also be

---

[2] Federal Rule of Civil Procedure 60(a) permits a court to revisit a judgment to "correct a clerical mistake or a mistake arising from oversight or omission whenever one is found," but that authority does not apply here. Rule 60(a) allows a party to ask "the court to correct errors that are mechanical in nature that arise from oversight or omission," but not to ask that the court "revisit its legal analysis or otherwise correct an error of substantive judgment." *In re Walter*, 282 F.3d 434, 440 (6th Cir. 2002) (citations omitted); *see also Braun v. Ultimate Jetcharters, LLC*, 828 F.3d 501, 515 (6th Cir. 2016). Rule 60(a) applies to "blunders in execution" that lead to a judgment that does not clearly express the will of the court, rather than to "instances where the court changes its mind, either because it made a legal or factual mistake in making its original determination, or because on second thought it has decided to exercise its discretion in a manner different from the way it

considered under Federal Rule of Civil Procedure 54(b), which permits a district court to reconsider interlocutory orders "at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities." Fed. R. Civ. P. 54(b); *see Rodriguez v. Tenn. Laborers Health & Welfare Fund*, 89 F. App'x 949, 959 (6th Cir. 2004) ("District courts have authority both under common law and Rule 54(b) to reconsider interlocutory orders and to reopen any part of a case before entry of final judgment."); *HBKY, LLC v. Kingdom Energy Res., LLC*, 2024 WL 4244594, at *2 (E.D. Ky. Aug. 23, 2024) (Van Tatenhove, J.) ("A federal district court has the authority to reconsider interlocutory orders under both the common law and Federal Rule of Civil Procedure 54(b)."); *Ass'n of Am. Railroads v. Hatfield*, 435 F. Supp. 3d 769, 774 & n.1 (E.D. Ky. 2020) ("This Court has the authority under Federal Rule of Civil Procedure 54(b) and common law to reconsider and modify interlocutory judgments any time before final judgment," and holding that "Rule 54(b) controls" where, as here, "there has been no final judgment and this motion concerns an interlocutory order.") (internal quotations and citations omitted). Plaintiffs' Motion to Clarify fails to present the legal or factual basis for revision under either standard.

### A.    Plaintiffs' Motion for Reconsideration Does Not Satisfy Rule 59(e) or Rule 54(b).

The standards of review under Rules 59(e) and 54(b) are substantially the same. Under Rule 59(e), the Sixth Circuit has identified four circumstances in which a district court may grant a motion for reconsideration: "(1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; and (4) a need to prevent manifest injustice." *Gen. Motors, LLC v. FCA US, LLC*, 44 F.4th 548, 563 (6th Cir. 2022); *Schlaud v. Snyder*, 785 F.3d 1119, 1124

---

was exercised in the original determination." *In re Walter*, 282 F.3d at 440 (emphasis in original) (citations omitted). Plaintiffs present neither evidence nor argument showing that this Court somehow mistakenly limited its injunction to Indiana and Kentucky.

(6th Cir. 2015) (same). The standard used in the Sixth Circuit for analyzing motions under Rule 54(b) is nearly identical. *See Luna v. Bell*, 887 F.3d 290, 297 (6th Cir.) ("[C]ourts will find justification for reconsidering interlocutory orders when there is (1) an intervening change of controlling law; (2) new evidence available; or (3) a need to correct a clear error or prevent manifest injustice."); *Rodriguez*, 89 F. App'x at 959 (same); *HBKY, LLC*, 2024 WL 4244594, at *2 (same); *Ass'n of Am. Railroads*, 435 F. Supp. 3d at 774 ("[t]he arguments that can be raised in a motion for reconsideration are limited," and setting forth same three-factor test).

Courts in the Sixth Circuit have held that motions for reconsideration, whether advanced under Rule 59(e) or Rule 54(b), are not intended to give the parties a second chance. "A motion under Rule 59(e) does not simply provide an opportunity to reargue a case, and it must be supported either by a showing that the district court made an error of law or by newly discovered evidence." *Whitehead v. Bowen*, 301 F. App'x 484, 489 (6th Cir. 2008). Otherwise, "the proper recourse is not a motion for reconsideration but instead an appeal to the Sixth Circuit." *Branch Banking & Tr. Co.*, 2019 WL 1085172, at *1 (quoting *Zell v. Klingelhafer*, 2018 WL 334386, at *4 (S.D. Ohio Jan. 8, 2018)). Similarly, "a motion to reconsider an interlocutory order [under Rule 54(b)] is not an invitation for the parties to relitigate the issue." *Mynarski v. First Reliance Ins. Co.*, 2024 WL 1811342, at *2 (E.D. Ky. Apr. 25, 2024) (Van Tatenhove, J.).

None of the factors identified by the Sixth Circuit—whether under Rule 59(e) or Rule 54(b)—apply here. Plaintiffs have not alleged that this Court has made any errors of law. *See Gen. Motors*, 44 F.4th at 563. Nor is there newly discovered evidence: Plaintiffs' Motion is based on facts already considered by this Court. *Id.* Moreover, there has been no intervening change in controlling law, and Plaintiffs do not allege one. *Id.*

Nor is there a need for this Court to alter its injunction to "prevent manifest injustice,"

because this Court's limitation of the injunction to Indiana and Kentucky is entirely reasonable. Both Plaintiffs are incorporated and headquartered in Indiana. *See* ECF No. 1 ¶¶ 11–12. In the Complaint, Plaintiffs describe themselves as companies that operate in Indiana and Kentucky, and they do not mention *any* other state. *See id.* ¶ 11 ("MAMCO bids for milling contracts and completes milling projects in both Kentucky and Indiana"); ¶ 12 ("Bagshaw routinely bids for hauling contracts and restoration projects in both Kentucky and Indiana"). The declaration submitted by an executive of Plaintiff Bagshaw does not claim that the company does work outside the two states. *See* Decl. of Gregory Bagshaw, ECF No. 27-3 (Bagshaw Decl.).[3] And while the declaration submitted by a MAMCO executive lists 21 other states in which the company allegedly works, it provides no detail about that work, Decl. of Kramer Koetter (Koetter Decl.), ECF No. 27-2 ¶¶ 9–10, in marked contrast with its detailed assertions regarding its work in Indiana, *id.* ¶¶ 22–29. Indeed, the Court's determination that Plaintiffs could likely show injury-in-fact for purposes of standing was based solely on evidence relating to Indiana and Kentucky. *See* ECF No. 44 at 7–9.

Moreover, expanding the injunction in this manner to the patchwork of other jurisdictions requested by Plaintiffs does not comport with the state-specific operation of the DOT DBE program, and evidence of the operation of DOT DBE program in those states has not been presented to this Court.[4] This Court's injunction appropriately comports with the evidence

---

[3] Thus, to the extent that the Court is inclined to expand the injunction to other states identified by Plaintiff MAMCO, the Motion should be denied as to Plaintiff Bagshaw, which has never indicated it operates in any area other than Kentucky and southern Indiana.

[4] For example, states and localities do not award all Infrastructure Act contracts using the same race-based DBE criteria and bidding processes. *See Bruckner v. Biden,* 66 F.Supp. 3d 1237, 1247 (M.D. Fla. 2022). *See Bruckner v. Biden,* 66 F. Supp. 3d 1237, 1247 (M.D. Fla. 2022). The *Bruckner* court dismissed a similar claim brought by a contractor in 2022. *Id.* That court noted that Florida, which is one of the states that MAMCO has included in its expanded list of states, "uses

presented at the preliminary injunction hearing and the allegations in the Complaint.

**B.     The Plain Language of the Court's Order Sets Forth the Scope of the Preliminary Injunction as Applying to Plaintiffs in Kentucky and Indiana.**

The Court's September 23, 2024 Opinion and Order states plainly that "the scope of the preliminary injunction shall apply to the Plaintiffs in the states within which they operate, *Kentucky and Indiana*." ECF No. 44 at 26 (emphasis added). Defendants understand the Court's plain language to mean that Defendants should comply with the injunction in the states that the Court named, Kentucky and Indiana, which they have worked to do.[5] "Where the language of the order is clear and unambiguous," *Crouch v. Crouch*, 201 S.W.3d 463, 465 (Ky. 2006), courts should "construe the order according to its plain terms." *Id.* That is precisely the case here. In describing the scope of the injunction, the Court named the specific states—Kentucky and Indiana—in which it applied to Plaintiffs. Plaintiffs' attempts to introduce ambiguity into the Order's straightforward terms should be rejected.

**C.     The Court Has Already Considered and Rejected Plaintiffs' Arguments.**

Contrary to Plaintiffs' contention, this Court did not just "briefly reference Kentucky and Indiana as two 'states within which [Plaintiffs] operate.'" Mot. at 8. Instead, the Court expressly held that "the scope of the preliminary injunction shall apply to the Plaintiffs in the states which they operate, Kentucky and Indiana." ECF No. 44 at 27. While Plaintiffs now ask the Court to extend the injunction to other states, they are merely rehashing their prior arguments. Plaintiffs' preliminary injunction briefing already argued for a broader injunction, including one that extended to any state in which they operated. *See* Reply at 21. But "a Rule 59(e) motion should

---

exclusively race-neutral means while awarding contracts funded by the Federal Aid Highway Program." *Id.*

[5] *See* Ex. 1, Harkins Decl., ¶¶ 2–5.

not be based on the same arguments previously asserted and considered by the Court." *Williams v. Sweeney*, 2024 WL 2927741, at *1 (E.D. Ky. June 5, 2024) (Van Tatenhove, J.).

Consider, for example, Plaintiffs' Motion to Clarify, where they allege that "Plaintiff MAMCO bids federal DBE contracts in . . . other states, and those other states impose Defendants' race and gender presumptions through the DBE program, causing the same constitutional harms that are caused when Plaintiffs bids these contracts in Kentucky and Indiana." Mot. at 8–9. Plaintiffs made this exact same point in their reply in support of their Motion for Preliminary Injunction: "Defendants advise this Court to limit any broader injunction . . . to Kentucky and Indiana only. However, Defendants do not limit their discrimination in Kentucky and Indiana; they impose an extensive, nationwide policy of discrimination, which, in turn, affects Plaintiffs' work across numerous states." Pls.' Reply at 22; *see also id*. at 20 ("Plaintiff MAMCO 'regularly' bids on milling 'contracts impacted by the federal DBE program' not only in the states of Kentucky and Indiana (which impose race- and gender-conscious DBE goals), but also in at least 21 other states, many of which also employ race- and gender-conscious DBE goals.") (citations omitted). And indeed, as they do here, Plaintiffs in their preliminary injunction briefing sought an injunction that would apply to Plaintiffs "*anywhere* in the country." *Id.* (emphasis in original).

This Court considered and denied those requests, expressly limiting the injunction to Kentucky and Indiana: "The Plaintiffs request a broad remedy—essentially an Order enjoining the Defendants from implementing or enforcing the DBE Program's race and gender presumptions and DBE participation goal nationwide. *The Court finds that granting such broad relief would be unwise*." ECF No. 44 at 25 (emphasis added).

Because Plaintiffs already had the opportunity to seek and brief a request for relief outside of Kentucky and Indiana, which the Court considered and denied, the Court should deny the instant

motion. Indeed, this Court's Opinion and Order reflect its consideration of the full record before it. For example, the Court considered declarations by Kramer Koetter, then-Assistant General Manager for Plaintiff MAMCO, and Gregory Bagshaw, Vice President of Plaintiff Bagshaw, which were appended to Plaintiffs' Motion for Preliminary Injunction. *See* ECF No. 44 at 8 (citing Koetter Decl.; Bagshaw Decl.). In Koetter's declaration, she explains that Plaintiff MAMCO operates in states other than Kentucky and Indiana. In Bagshaw's declaration, he states that Plaintiff Bagshaw operates in southern Indiana and Kentucky.[6] Plaintiffs also, as they note in the instant motion, included statements in their prior arguments for an injunction about other states in which they purportedly operate. *See e.g.*, Pls.' Reply at 3, 20; *see also* Decl. of Daniel Lennington, ECF No. 40-1; ECF No. 40-2. Plaintiffs now improperly seek, via a motion styled as a "Motion to Clarify" and on an expedited basis, to unilaterally broaden the injunction imposed by the Court by making the same arguments that the Court already considered and denied.

In their Motion, Plaintiffs even ask the Court to extend the injunction to new states such as Pennsylvania—a jurisdiction never before mentioned in submissions to the Court by Plaintiffs as a location in which they operated. *See* Mot. at 10. If Plaintiffs' expansive and incorrect interpretation of this Court's Order were implemented, Plaintiffs could unilaterally transform the Court's limited injunction into a nationwide one simply by bidding on contracts in whatever jurisdiction they chose, whether or not they previously operated in it. Indeed, their attempt to expand their operational footprint to Pennsylvania suggests that such a possibility may become reality.

---

[6] Ms. Koetter's declaration stated that MAMCO's "primary states for work include Indiana, Kentucky, Tennessee, Arkansas, and Ohio. . . . [and that t]he company also frequently successfully bids for work on toll roads in many other states." *See* Koetter Decl., ECF 27-2, ¶ 9. And the Bagshaw declaration does not mention Bagshaw's operation in any other jurisdiction besides southern Indiana and Kentucky. *See* Decl. of Gregory Bagshaw, ECF No. 27-3, ¶ 2.

The Court has already explained that such a broad injunction would be "impractical" and contrary to the Supreme Court's view that "'[c]areful review by multiple district and circuit courts . . . allows the Supreme Court the benefit of thoughtful and, at times, competing outcomes.'" *Id.* at 26 (quoting *Commonwealth v. Biden*, 571 F. Supp. 3d 715, 735 (E.D. Ky. 2021) (additional citation omitted)); *see also Commonwealth v. Yellen*, 563 F. Supp. 3d 647, 660 (E.D. Ky. 2021) (explaining that "[e]ven if this Court were to consider relief beyond Tennessee and Kentucky, however, the Sixth Circuit has already defined the outer-bounds of this Court's powers," i.e., an injunction "may not exceed the bounds of the four states within the Sixth Circuit's jurisdiction") (citing *Gun Owners of Am., Inc. v. Garland*, 992 F.3d 446, 474 (6th Cir. 2021)), *rev'd in part on other grounds*, 54 F.4th 325 (6th Cir. 2022). Plaintiffs provide no reason for the Court to revisit this aspect of the decision, or to overrule clear Sixth Circuit precedent and enter a nationwide injunction.

### D.   If This Court Expands the Injunction, It Should be Limited to Plaintiffs.

If the Court is inclined to modify the injunction, it should enter an injunction that would be limited to Plaintiffs. The relief Plaintiffs propose would affect contracting in dozens of states where only MAMCO might operate. Bagshaw has made no allegations it operates anywhere outside of southern Indiana and Kentucky. Moreover, such a modification would provide relief to thousands of non-party non-DBE firms that primarily operate in those other jurisdictions and do not operate in this Court's jurisdiction of Eastern Kentucky. Plaintiffs' proposal thus goes far beyond what this Court correctly determined would "adequately protect the plaintiffs' interests while the case is pending disposition on the merits." ECF No. 44 at 27 (quoting *Commonwealth v. Biden*, 57 F.4th 545, 557 (6th Cir. 2023)).

Plaintiffs' proposed new injunction is also potentially unworkable. Plaintiffs have chosen

not to join any state departments of transportation and are now seeking an injunction that would impact dozens of state entities in multiple federal Circuits. While DOT, as a Defendant here, may be enjoined from requiring or mandating DBE goals on federally funded contracts, state entities may raise questions about whether the preliminary injunction can prevent them from imposing DBE goals when they are not parties to this litigation. *See* Ex 1, Harkins Decl., ¶ 7. If the Court were to entertain modifying the preliminary injunction to apply to Plaintiff MAMCO beyond Kentucky and Indiana, Defendants request the opportunity for further briefing concerning the proper scope, and consequential burdens, of such a modification.

## III.    CONCLUSION

For the above reasons, Defendants request that this Court deny the Motion to Clarify.


Dated: October 16, 2024                    Respectfully submitted,

SUBASH IYER                                KRISTEN CLARKE
  *Acting General Counsel*                 Assistant Attorney General
PAUL M. GEIER                              Civil Rights Division
  *Acting Assistant General Counsel*
  *for Litigation and Enforcement*         KAREN D. WOODARD
PETER J. PLOCKI                            Chief
  *Deputy Assistant General Counsel*       Employment Litigation Section
  *for Litigation and Enforcement*         Civil Rights Division
CHARLES E. ENLOE
  *Senior Trial Attorney*                  /s/ Andrew Braniff
*U.S. Department of Transportation*        ANDREW BRANIFF
                                           (IN Bar No. 23430-71)
                                           Deputy Chief

                                           /s/ Robert Rich
                                           ROBERT RICH
                                           (DC Bar No. 1016908)
                                           JILLIAN MOO-YOUNG
                                           (DC Bar No. 1045088)
                                           DAVID REESE
                                           (AL Bar No. ASB-0887-167R)
                                           Trial Attorneys

Employment Litigation Section
Civil Rights Division
United States Department of Justice
950 Pennsylvania Avenue NW
Washington, DC 20530
(202) 598-9898
Andrew.Braniff@usdoj.gov

*Counsel for Defendants*