# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF KENTUCKY
# CENTRAL DIVISION
# FRANKFORT

| | |
|---|---|
| **MID-AMERICA MILLING COMPANY, LLC, *et al.*,**<br><br>**Plaintiffs,**<br><br>**v.**<br><br>**UNITED STATES DEPARTMENT OF TRANSPORTATION, *et al.*,**<br><br>**Defendants.** | **Case No. 3:23-cv-00072-GFVT** |

## JOINT PROPOSED DISCOVERY PLAN

Plaintiffs and Defendants have conferred through their respective counsel and hereby file their Joint Proposed Discovery Plan documenting the agreements reached, or the parties' differing positions, following the conference of the parties required by Federal Rule of Civil Procedure 26(f). The parties respectfully submit this proposal to the Court for consideration in a forthcoming Scheduling Order.

### I.    Parties and Representatives

The following attorneys participated in a Rule 26(f) conference on December 4, 2024, by teleconference:

On behalf of Plaintiffs: Cara Tolliver, Wisconsin Institute for Law & Liberty, Inc.

On behalf of Defendants: Robert Rich and Jillian Moo-Young, U.S. Department of Justice

### II.    Brief Statement on Claims and Defenses

This action arises under the Fifth Amendment to the United States Constitution and the Administrative Procedure Act (APA). More specifically, Plaintiffs contend that Defendants' use

of race- and gender-based classifications in the federal Disadvantage Business Enterprise Program ("DBE Program") as set forth by law and regulation are unconstitutional in violation of the Fifth Amendment's equal protection guarantee and the APA, 5 U.S.C. § 706(2)(B). Plaintiffs allege that these classifications are not tailored to serve any lawful governmental interest. Accordingly, for their alleged constitutional injuries, Plaintiffs seek the following relief: (1) a judgment declaring the DBE Program unconstitutional and in violation of the APA to the extent the federal government mandates the sorting of individuals by race and gender to provide DBE programming, services, and benefits; (2) a permanent injunction prohibiting Defendants from implementing the DBE Program on bases considering the race- and gender-based classifications as defined in the Infrastructure Act at P.L. 117-58, § 11101(e) and the regulatory schemes at 13 C.F.R. pt. 124 and 49 C.F.R. pt. 26; and (3) any other relief, such as costs and attorneys' fees consistent with 28 U.S.C. § 2412 and other law.

Defendants maintain that Plaintiffs lack standing and that the DBE Program is constitutional. Defendants contend that the DBE Program is designed to provide fair and efficient small business contracting, including by remedying ongoing discrimination and the continuing effects of past discrimination in federally assisted highway, transit, and airport contracting markets nationwide. Defendants assert that the DBE Program serves the compelling governmental interest of remedying ongoing discrimination and the lingering effects of specific episodes of past, intentional discrimination in which the government participated and is narrowly tailored to achieve that interest. Defendants also contend that Plaintiffs lack standing because they will be unable to show that they lost out on previous contracts with DBE participation goals or that they satisfy the Program's race- and gender-neutral requirements, which will remain in place and allow the U.S. Department of Transportation to administer the Program with state agencies continuing to set DBE

participation goals.

At this time, the parties do not expect to obtain a settlement of this case.

**III.    Discovery Plan**

    *A.    Changes to the Timing, Form, or Requirement for Disclosures Under Rule 26(a)*

The parties will complete the initial disclosures required under Rule 26(a)(1) by December

18, 2024.

    *B.    General Issues Regarding Discovery*

        1.    <u>Subjects Requiring Discovery</u>

Discovery will be needed on the following subjects: all claims of Plaintiffs and all defenses

of Defendants, including whether this Court has subject matter jurisdiction over Plaintiffs' claims

under Article III of the U.S. Constitution.

        2.    <u>Discovery Phases and Dispositive Motions</u>

        Discovery will be completed within seven (7) months of the date of entry of the Court's Scheduling Order and followed by the dispositive motion and briefing schedule as set forth below:

        a.    The parties will complete fact discovery, including the depositions of all fact witnesses, within four (4) months of the date of entry of the Court's Scheduling Order. The parties will serve all document requests, interrogatories, including contention interrogatories, and requests for admission at least two (2) months prior to the close of fact discovery, provided that the parties may request supplementation of a disclosure or response, or confirmation of a party's compliance with Rule 26(e), at any time prior to the close of discovery.

        b.    The parties will provide initial expert disclosures and reports under Rule 26(a)(2) within two (2) weeks of the close of fact discovery.

        c.    The parties will provide responsive expert disclosures and reports under Rule 26(a)(2) within four (4) weeks of the service of initial expert disclosures and reports as set forth above.

        d.    The parties will complete expert discovery, including the depositions of all expert witnesses, within three (3) months of the close of fact discovery.

e.  The parties will file dispositive motions for summary judgment within thirty (30) days of the close of all discovery.

f.  The parties will file responses in opposition to any dispositive motions within thirty (30) days of the filing of such a motion by the opposing party.

g.  The parties may file replies in support of any dispositive motion within twenty-one (21) days of the filing of any response in opposition as set forth above.

h.  Regarding the parties' summary judgment motions and briefings, the parties request and propose the following page limitations:  Motions and responses will not exceed 50 pages; replies will not exceed 25 pages.

C.  *Issues Regarding Disclosure, Discovery, or Preservation of Electronically Stored Information*

All relevant and reasonably accessible electronically-stored information (ESI) shall be preserved in its original form. Any electronic discovery exchanged will be produced in pdf format where feasible or some other format that facilitates meaningful use of the information. The parties reserve the right to request particular documents in native format at a later time, consistent with the discovery standards set forth under Federal Rules of Civil Procedure 26 and 34.

D.  *Issues Regarding Privilege or Protection*

Other than those existing standards governing materials that are privileged and/or protected under the work product doctrine, the parties do not propose any further special handling procedures.

E.  *Changes to Limitations on Discovery*

The parties agree to the limitations on discovery set forth in the Federal Rules of Civil Procedure.

F.  *Other Orders Under Rule 26(c), Rule 16(b), or Rule 16(c)*

The parties do not request a scheduling conference prior to the entry of a scheduling order.

The parties request a final pretrial conference one month prior to trial, should one be needed.

## IV.    Other Considerations

### A.    *Joinder of Additional Parties and Amendment of Pleadings*

Defendants maintain that additional parties may be necessary to this action under Federal Rule of Civil Procedure 19. Plaintiffs do not agree with Defendants' contention; however, the parties will follow the Federal Rules of Civil Procedure respecting any joinder of parties as well as amendment to the pleadings.

### B.    *Pretrial Motions and Trial*

The parties anticipate that this case will likely be resolved on summary judgment without the need for a trial. However, should a bench trial be necessary, the parties suggest a trial date in January 2026. The parties anticipate that a bench trial would last less than four days.

Dated: December 6, 2024                            Respectfully submitted,

**COUNSEL FOR DEFENDANTS:**

SUBASH IYER                              KRISTEN CLARKE
 *Acting General Counsel*                Assistant Attorney General
CHARLES E. ENLOE                         Civil Rights Division
 *Assistant General Counsel*
  *for Litigation and Enforcement*       KAREN D. WOODARD
PETER J. PLOCKI                          Chief
 *Deputy Assistant General Counsel*      Employment Litigation Section
  *for Litigation and Enforcement*       Civil Rights Division

                                         /s/ Robert Rich
                                         ANDREW BRANIFF
                                         (IN Bar No. 23430-71)
                                         Deputy Chief
                                         ROBERT RICH
                                         (DC Bar No. 1016908)
                                         JILLIAN MOO-YOUNG
                                         (DC Bar No. 1045088)

5

DAVID REESE
(AL Bar No. ASB-0887-167R)
Trial Attorneys
Employment Litigation Section
Civil Rights Division
United States Department of Justice
950 Pennsylvania Avenue NW
Washington, DC 20530
(202) 598-9898
Robert.Rich@usdoj.gov

**COUNSEL FOR PLAINTIFFS:**

WISCONSIN INSTITUTE FOR
LAW & LIBERTY, INC.

*/s/ Cara Tolliver*
Richard M. Esenberg (WI Bar No. 1005622)
Daniel P. Lennington (WI Bar No. 1088694)
Cara M. Tolliver (WI Bar No. 1112818)
330 East Kilbourn Avenue, Suite 725
Milwaukee, WI 53202
Telephone: (414) 727-9455
Rick@will-law.org
Dan@will-law.org
Cara@will-law.org

COMMONWEALTH COUNSEL GROUP, PLLC
Jason M. Nemes (KBA# 90546)
Greg Healey (KBA# 99546)
10343 Linn Station Road, Suite 100
Louisville, KY 40223
jason@ccgattorneys.com
greg@ccgattorneys.com