UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
FRANKFORT

| | |
|---|---|
| MID-AMERICA MILLING COMPANY, LLC, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> UNITED STATES DEPARTMENT OF TRANSPORTATION, *et al.*, <br><br> Defendants. | Case No. 3:23-cv-00072-GFVT <br><br> **ORDER** |

*** *** *** ***

Pursuant to Rule 16 of the Federal Rules of Civil Procedure, the Court, having considered the Report of Parties' Rule 26(f) Planning Conference [R. 51], hereby **ORDERS** as follows:

## **DISCOVERY**

1. Pursuant to Federal Rule of Civil Procedure Rule 5(d), the parties shall observe the following directives regarding the filing of discovery materials in this case unless the Court otherwise specifically so orders:

   (a) Rule 26(a)(1) Initial Disclosures, Interrogatories and Answers or other responses thereto, Requests for Production of Documents and Answers or other responses thereto, Requests for Admission and Answers thereto, and any documents or tangible things produced pursuant to such discovery requests, as well as any discovery depositions not subject to part (b) below, **shall not be filed.**

   (b) The Parties shall exchange initial disclosures by **December 18, 2024.**

   (c) The Plaintiff shall disclose any expert witnesses, and any report required

    by Rule 26(a)(2), on or before **April 24, 2025**.

 (d) The Defendant shall disclose any expert witnesses, and any report required by Rule 26(a)(2), on or before **May 22, 2025.**

 (e) The Parties will serve all document requests, interrogatories, including contention interrogatories, and requests for admission on or before **February 10, 2025**. The Parties may request supplementation of a disclosure or response, or confirmation of a party's compliance with Rule 26(e), at any time prior to the close of discovery.

 (f) Fact discovery shall be completed by **April 10, 2025**.

 (g) Expert discovery shall be completed by **July 10, 2025**.

2. Discovery disputes shall be resolved in the following manner:

 (a) The parties shall first meet and/or confer in an attempt to resolve disputes between themselves, without judicial intervention.

 (b) If the parties are unable to resolve such disputes informally, they shall attempt to resolve their disagreement by telephone conference with the Magistrate Judge pursuant to the referral set forth below.

 (c) If, and only if, the parties are unable to resolve their disputes after conference with the Magistrate Judge, they may file appropriate written motions with the Court. Any written motion regarding discovery shall include a certification detailing counsel's attempts to resolve the dispute as required by Rule 37(a)(1) and Local Rule 37.1.

 (d) Interrogatories and Requests for Production shall be governed by the Federal Rules of Civil Procedure. The number of Depositions permitted

shall be governed by the Federal Rules of Civil Procedure. The length of any given depositions shall be no longer than that permitted by the Federal Rules of Civil Procedure.

## DISPOSITIVE MOTIONS

1. The Parties shall have up to and including **May 22, 2025,** to amend pleadings and join additional parties.

2. The Parties shall have up to and including **August 11, 2025**, by which to file dispositive motions, including any motions *in limine*.

3. The Parties will file responses in opposition to any dispositive motions within **thirty (30)** days of the filing of such a motion by the opposing party.

4. The Parties may file replies in support of any dispositive motion within **twenty-one (21)** days of the filing of any response in opposition as set forth above.

5. The Parties have proposed that the page limitations for the parties' motions and responses be fifty pages, with replies not to exceed twenty-five pages. At this time the Court will not amend the limitations, though the parties can move for leave to file excess pages in the event that becomes necessary.

## PRETRIAL

1. The Final Pretrial Conference is hereby scheduled for **Wednesday, January 14, 2026,** at the hour of **3:30 p.m.** in the Courtroom of the United States Courthouse in **Frankfort, Kentucky**. Said Final Pretrial Conference shall be attended by the attorneys who will be trying the case, as well as the parties themselves, or a corporate/carrier representative with full settlement authority.

2. **No later than fourteen (14) days prior to the Final Pretrial Conference**,

counsel shall file with the Clerk an original, shall submit a copy to the Court's chambers, and shall provide a copy to opposing counsel of the following, **each to be filed as a separate document**:

    (a)    Pursuant to Rule 26(a)(3)(A)(i), a witness list with a brief summary of the expected testimony of each witness. Pursuant to Rule 26(a)(3)(A)(ii), **the witness list shall be filed separately** and include the designation of those witnesses whose testimony is expected to be presented by deposition with references to the pages and the questions to be presented; and, if the deposition was not taken stenographically, a transcript of the pertinent portions of the deposition testimony shall be attached to the witness list.

    (b)    Pursuant to Rule 26(a)(3)(A)(iii), a list of exhibits intended to be used at trial. **The exhibit list shall be filed separately** and contain a description of each exhibit in sufficient detail to permit adequate identification thereof, and shall include a list of any demonstrative and/or summary exhibits to be used at trial (including any to be used during opening statements).

    (c)    Page and line designations of witnesses who will testify by deposition.

3.    **No later than seven (7) days prior to the Final Pretrial Conference**, counsel shall file:

    (a)    Written objections, pursuant to Fed. R. Civ. P. 26(a)(3)(B), to the list of witnesses and exhibits previously filed by any other party. **Counsel shall attach a copy of the challenged exhibit(s) to any objections filed with the Court**. Objections not so disclosed, other than objections under Rules

    402 and 403 of the Federal Rules of Evidence, shall be deemed waived unless excused by the court for good cause shown.

  (b) Objections and counter-designations to deposition testimony.

4. **No later than seven (7) days prior to the Final Pretrial Conference**, counsel shall file with the Clerk an original, shall submit a copy to the Court's chambers, and shall provide a copy to opposing counsel of the following, **each to be filed as a separate document**:

  (a) A pretrial memorandum containing the following:

    i. Succinct statement of the facts of the case;

    ii. The questions of fact;

    iii. The questions of law;

    iv. Expected evidentiary objections;

    v. A listing of all pending motions;

    vi. The status of settlement negotiations and the likelihood of settlement; and

    vii. The feasibility of alternative dispute resolution. Comments regarding the feasibility of alternative dispute resolution shall include the views of the parties on the method of resolution (i.e., mediation, arbitration, settlement conference, summary jury trial, etc.).

  (b) Any motions for ruling by the Court upon any objection made in any evidentiary deposition to be used at trial on which ruling by the Court is necessary prior to trial. Any objection within any deposition which is not so raised specifically (by citation to page number and question number)

5

for ruling by the Court shall be deemed to be summarily overruled.

5. **At the Final Pretrial Conference**, counsel for the parties shall be prepared to:

(a) Display to the Court all exhibits intended to be used at trial, which shall already be pre-marked in accordance with Local Rule 83.10 and numbered in the order in which they will be offered at trial and provide a court copy of all documentary exhibits.

(b) Advise the Court that they have displayed to opposing counsel all exhibits which may be used at trial, including any demonstrative or summary exhibits.

(c) Discuss and make possible stipulations of admissibility, or threshold foundation requirements for admissibility of exhibits, including authenticity; discuss and make stipulations of fact or law which would expedite the trial of this action.

(d) Demonstrate an ability to use the court's visual presentation system for any exhibit which will be discussed by a witness or utilized during opening or closing statements. The system can display documents, x-rays, photographs, negatives and videos. The presentation system is designed to display the exhibit simultaneously to the parties, the jury, the witnesses, and the Court. First time users of the system should contact the Court's Judicial Assistant to make arrangements to view the system onsite. Although there is a witness monitor, some witnesses have difficulty reading from same, so an extra copy to hand to the witness should be readily available. A description of the system can be found at

*www.kyed.uscourts.gov/court-tech.htm*.

      (e)      Discuss the possibility of settlement.

6.      **Court Copies**. In addition to the official copies filed with the Clerk of the Court, the following documents shall be submitted to the undersigned's Chambers electronically:

      (a)      Witness list(s);

      (b)      Exhibit list(s); and

      (c)      Statement(s) of the case.

These documents shall be transmitted in **Word Document format** as an email attachment to *GFVT_chambers@kyed.uscourts.gov*.

## TRIAL

This action is hereby set for Bench Trial on **Monday, January 26, 2026,** at the hour of **10:00 a.m.** in the Courtroom of the United States Courthouse in **Frankfort**, **Kentucky**, with counsel to arrive by 9:30 a.m. Trial is expected to last four days.

## EXTENSIONS OF TIME

Requests to modify any dates or deadlines established by this order shall be submitted upon motion filed prior to expiration of the deadline in question, and upon showing of good cause beyond the control of counsel in the exercise of due diligence. *See* L.R. 7.1(b).

## REFERRAL TO MAGISTRATE JUDGE

**IT IS FURTHER ORDERED** that pursuant to 28 U.S.C. § 636(b)(1)(A) this matter is referred to a Magistrate Judge for the purpose of:

1.      Supervising discovery and pretrial proceedings.

2.	Conducting all pretrial and status conferences, establishing and extending discovery deadlines, and all other deadlines, holding such hearings as may be required, and ruling on non-dispositive motions, except motions *in limine*. *See Brown v. Wesley's Quaker Maid, Inc.*, 771 F.2d 952 (6th Cir. 1985). Dispositive motions will be referred by the Clerk of this Court to the appropriate United States District Judge.

This the 12th day of December 2024.

Gregory F. Van Tatenhove
United States District Judge