# Exhibit A

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF KENTUCKY
# CENTRAL DIVISION AT FRANKFORT

| | |
|---|---|
| MID-AMERICA MILLING COMPANY, LLC, *et al.*, <br><br> Plaintiffs, <br><br><br> CENTRAL SEAL COMPANY and CHARBON CONTRACTING, LLC <br><br> Intervenor Plaintiffs, <br><br> v. <br><br> U.S. DEPARTMENT OF TRANSPORTATION, PETER P. BUTTIGIEG, SHAILEN BHATT, & TODD JETER, <br><br> Defendants. | Case No. 3:23-cv-00072-GFVT |

## VERIFIED COMPLAINT

Intervenor Plaintiffs, Central Seal Company ("Central Seal") and Charbon Contracting, LLC ("Charbon"), for their complaint against the U.S. Department of Transportation, Peter P. Buttigieg, Shailen Bhatt, and Todd Jeter, allege as follows.

### INTRODUCTION

1. On September 23, 2024, this Court entered an order enjoining the United States Department of Transportation ("USDOT"), and the other defendants named in this action, as well as their successors in office, from "mandating the use of race-based and gender-based rebuttable presumptions for United States

Department of Transportation contracts impacted by DBE goals upon which the Plaintiffs", Mid-America Milling Company, LLC ("MAMCO"), and Bagshaw Trucking Inc. ("Bagshaw"), bid.

2. As a result of the Court's order, on October 8, 2024, USDOT issued a guidance memorandum to the Kentucky Division Administrator identifying certain contracts on which MAMCO and Bagshaw intended to bid, and directing the Kentucky Transportation Cabinet ("KYTC") to set 0% DBE goals for the identified contracts. Nevertheless, USDOT's guidance directed KYTC to "continue to fully implement the DOT DBE program, including setting DBE contract goals on contracts that are not identified" as involving potential bids from MAMCO and Bagshaw.

3. In other words, USDOT directed KYTC to adhere to its unconstitutional DBE program required by USDOT regulations this Court has ruled are violative of the Equal Protections clause of the Fourteenth Amendment.

4. Intervenor Plaintiffs Central Seal and Charbon are two contractors on similar footing as MAMCO and Bagshaw. Both have lost bids on projects let by KYTC, as well as other state and federal agencies, solely as a result of these agencies' implementation of USDOT's unconstitutional DBE program regulations. Both are ready, able, and willing to bid in the future on projects impacted by DBE programs implemented by KYTC, and other federal and state agencies.

5. Absent injunctive relief similar to the Court's previously-issued Injunction with respect to projects bid on by MAMCO and Bagshaw, Central Seal

and Charbon will suffer equally egregious violations of their rights to equal protection under the laws guaranteed by the Fifth and Fourteenth Amendments.

6. Accordingly, Central Seal and Charbon seek intervention in this matter in order to request injunctive relief similar to the scope of the Court's previously issued orders with respect to MAMCO and Bagshaw, as well as to assert the claims described in greater detail below.

## PARTIES

7. Defendant United States Department of Transportation (USDOT) maintains offices at its Kentucky Division Office, Federal Highway Administration, John C. Watts Federal Building, 330 West Broadway, Frankfort, Kentucky 40601. USDOT is responsible for implementing the DBE program in Kentucky and elsewhere, which is the subject of this lawsuit.

8. Defendant Peter P. Buttigieg is the Secretary of Transportation and oversees the United States Department of Transportation. Under the Infrastructure Investment and Jobs Act ("IIJA") and other laws, Defendant Buttigieg is required to administer portions of the law's appropriations, including the reauthorization of the DBE program in Section 11101(e)(3) of the IIJA. He is sued in his official capacity.

9. Defendant Shailen Bhatt is the Administrator of the Federal Highway Administration, United States Department of Transportation. He is, or was, responsible for overseeing federally funded highway transportation projects, including those funded through the DBE program. The Federal Highway

Administration is an operating administration involved in the DBE program. He is sued in his official capacity.

10. Defendant Todd Jeter is, or was, the Division Administer of the Kentucky Division of the Federal Highway Administration. Upon information and belief, he resides in Franklin County, Kentucky, and performs or performed his official duties in Franklin County, Kentucky. He is, or was, responsible for the administration of requirements governing federally funded highway projects in Kentucky, including those projects containing racial preferences. He is sued in his official capacity.

11. Intervenor Plaintiff Central Seal, a Kentucky corporation, is a premier striping and sealing company that provides striping services in Kentucky, as well as other states in the midwest and southeastern United States.

12. Intervenor Plaintiff Charbon is an employee-owned Kentucky limited liability company that provides turn key, full service pavement preparation and asphalt milling services in Kentucky, Tennessee, and Indiana.

## VENUE AND JURISDICTION

13. This Court has jurisdiction over this complaint under 28 U.S.C. §§ 1331 and 2201, and 5 U.S.C. §§ 702 and 704, because this case presents a question of federal law: whether the DBE program violates the guarantees of equal protection under the United States Constitution and 5 U.S.C. § 706. This Court has authority to issue a declaratory judgment and to order injunctive relief and other

relief that is necessary and proper pursuant to 28 U.S.C. §§ 2201, 2022, and 2412, and 5 U.S.C. §§ 702, 705, and 706.

14. Venue is appropriate in this district under 28 U.S.C. § 1391(e)(1). Defendant USDOT maintains an office at 330 West Broadway, Frankfort, Kentucky 40601, and upon information and belief Defendant Jeter resides in Franklin County, and performs, or performed his official duties in Franklin County. *See* 28 U.S.C. § 1391(e)(1)(A); LR 3.2(e). Finally, a substantial part of the events giving rise to this claim occurred in this District and Franklin County, because this is where Defendants' implementation of the DBE program is causing Intervenor Plaintiffs harm, including with respect to contracts offered and projects to be completed within this District and Franklin County. *See* 28 U.S.C. § 1391(e)(1)(B); LR 3.2(d).

## FACTUAL BACKGROUND

### I. Defendants administer regulations requiring implementation of DBE program goals.

15. In 1983, the federal government enacted the Disadvantaged Enterprise Program. Since then, the law has required that ten percent of federal highway construction funds be paid to small businesses owned and controlled by "socially and economically disadvantaged individuals" as that term is defined in § 8(d) of the Small Business Act. *See also* 49 CFR § 26.41.

16. USDOT implements, administers, and enforces DBE program regulations with respect to recipients of Federal-aid highway and transit funds

authorized by various federal laws, including the IIJA, PL 117-58, among others (hereafter, "Recipients").  49 CFR §§ 26.3; 26.21.

17.  49 CFR § 26.41 requires Recipients to implement DBE programs with a goal that no less than 10 percent of authorized funds be expended with DBEs.

18.  49 CFR § 26.67 effectuates a rebuttable presumption that women and certain minority groups are socially and economically disadvantaged.

19.  49 CFR §§ 26.45 and 26.51 identify procedures that Recipients are required to follow to create and abide by their own DBE program goals.  § 26.51 requires Recipients to implement contract goals to meet any portion of their goals which they project being unable to meet using race-neutral means.  In other words, where race-neutral and gender-neutral means of accomplishing a Recipient's DBE goals are not effective at meeting those goals, the Recipient must discriminate in favor of DBEs in its bidding processes.

20.  Kentucky constructs highways with federal aid.

21.  Kentucky has established DBE goals according to the federal regulations.  Every month, Kentucky advertises contracts open for bid.  Most of these contracts contain a DBE participation goal, meaning that the state is implementing their federally mandated DBE goal, and DBE businesses will have an advantage when bidding for contracts or subcontracts.

## II. Implementation of DBE programs by Recipients who let projects on which Central Seal and Charbon bid have directly harmed Central Seal and Charbon.

22. Central Seal and Charbon are contractors who provide services relating to infrastructure development, including asphalt preparation, milling, striping, and other related services to state governmental entities in Kentucky as well as other states.

23. Central Seal and Charbon have been and remain qualified, willing, and able to bid on construction contracts impacted by the federal DBE program. Central Seal and Charbon routinely bid for federally funded surface transportation contracts in Kentucky and other states. For years, Central Seal and Charbon have suffered discrimination by Recipients on race-based and gender-based grounds that violates their rights to equal protection guaranteed under the Fifth and Fourteenth Amendments to the United States Constitution.

24. For example, Central Seal has bid on numerous projects let by KYTC from 2020 to the present. In these four years alone, Central Seal has submitted a bid, but not been awarded the work, on dozens of projects impacted by DBE goals amounting to millions of dollars' worth of work. In many of these projects, Central Seal submitted bids lower than their DBE competitors, but still was not awarded the work in favor of the bidding DBEs. The dollar value of these lost projects since 2020 is nearly $4 million. As but one recent example, Central Seal submitted the lowest subcontractor bid to perform highway construction services related to a

7

project in Mason County, Kentucky in September, 2024, but was rejected in favor of a DBE with substantially higher bid.

25. Charbon also bids on numerous milling and striping projects let by KYTC which are impacted by DBE goals. Indeed, virtually all of the projects on which Charbon bids involve DBE competition. Since the beginning of 2023, Charbon has bid on over 80 such projects in various counties in Kentucky as a subcontractor candidate. Despite being the lowest bid subcontractor in the letting process for many of these projects, Charbon lost the bids in favor of a DBE so that the prime contractor could meet DBE program goals. Additionally, even on projects where Charbon is not the lowest bidder, if there are no DBEs bidding on such projects, Charbon typically has an opportunity to obtain the work by negotiating its bid price down with the prime contractor, as many contractors value highly the quality of Charbon's services. Where a project involves a DBE bidder, however, the prime contractor does not negotiate the price of Charbon's bid because these prime contractors discriminate against Charbon in favor of DBEs so that the prime contractor can meet the DBE contract goals.

26. In other words, both Charbon and Central Seal have been discriminated against—and suffered actual injuries in the form of lost work, and lost profits resulting from that loss of work—as a direct result of Defendants' implementation of DBE goals with respect to KYTC-let projects in Kentucky. These DBE goals force Charbon and Central seal to "compete in a race-based system" that prejudices them. *Mid-America Milling Company, LLC v. U.S. Dept. of Transp.*,

8

2024 WL 4267183, at *3 (E.D. Ky. Sept. 23, 20224) (citing *Parents Involved in Cmty. Schs. V. Seattle Sch. Dist. No. 1*, 551 U.S. 701, 719 (2007)).

### COUNT I – EQUAL PROTECTION VIOLATIONS

27. Central Seal and Charbon reallege and incorporate by reference the allegations set forth above as if fully set forth herein.

28. The Constitution forbids "discrimination by the general government . . . against any citizen because of his race." *Gibson v. Mississippi*, 162 U.S. 565, 591 (1896).

29. "The liberty protected by the Fifth Amendment's Due Process Clause contains within it the prohibition against denying to any person the equal protection of the laws." *United States v. Windsor*, 570 U.S. 744, 774 (2012).

30. Gender discrimination is also unconstitutional. Courts "carefully inspect[] official action that closes a door or denies opportunity to women (or to men)." *U.S. v. Virginia*, 518 U.S. 515, 532 (1996).

31. Government policies that classify people by race are "presumptively invalid". *Vitolo v. Guzman*, 999 F.3d 353, 360 (6th Cir. 2021) (citing U.S. Const. Amend. XIV; *Adarand Constructors, Inc. v. Pena*, 515 U.S. 200 (1995).)

32. "[A]ll racial classifications imposed by the government must be analyzed by a reviewing court under strict scrutiny." *Johnson v. California,* 543 U.S. 449, 505 (2005) (citation omitted). "Under strict scrutiny, the government has the burden of proving that racial classifications are narrowly tailored measures that further compelling governmental interests." *Id.* (citation omitted).

33. Likewise, as the court held in *Virginia*, when gender discrimination is employed, the burden "rests entirely" on the government to offer an "exceedingly persuasive" justification for the classification, proving that the "classification serves important governmental objectives and that the discriminatory means employed are substantially related to the achievement of those objectives." 518 U.S. at 533 (citations and internal quotation marks omitted).

34. The federal DBE program, including Sections 11101(e)(2)-(3) of the IIJA, impose racial and gender classifications and grant benefits (namely, preferences, presumptions, or priorities) based on those racial and gender classifications.

35. Defendants are responsible for interpreting and implementing the federal DBE program and Sections 11101(e)(2)-(3) of the IIJA, including the race and gender presumptions.

36. Central Seal and Charbon are qualified, willing, and able to apply for federal highway and surface transportation contracts, but because the federal DBE program treats individuals differently based on race and gender, they cannot compete for contracts on an equal footing with DBE competitors.

37. The racial classifications in the federal DBE program, including those specifically mentioned in Sections 11101(e)(2) and (3) of the IIJA and in corresponding regulations, are unconstitutional because they violate the equal protection guarantee in the United States Constitution. These racial classifications

in the Infrastructure Act are not narrowly tailored to serve a compelling government interest.

38. The gender-based classification in the federal DBE program, including those specifically mentioned in Sections 11101(e)(2) and (3) of the IIJA and in corresponding regulations, are unconstitutional because they violate the equal protection guarantee in the United States Constitution. This gender-based classification is not supported by an exceedingly persuasive objective, and the discriminatory means employed are not substantially related to the achievement of that objective.

39. The DBE programs implemented by these Defendants, and put into practice by KYTC with respect to KYTC-let projects in Kentucky, directly harm Central Seal and Charbon, and violate their constitutional rights to equal protection under the laws. Central Seal and Charbon seek a declaratory judgment holding as much, and also seek a preliminary injunction precluding Defendants from mandating DBE goals with respect to projects on which Central Seal and Charbon bid.

### COUNT II – ADMINISTRATIVE PROCEDURE ACT VIOLATIONS

40. Central Seal and Charbon reallege and incorporate by reference the allegations set forth above as if fully set forth herein.

41. Under the Administrative Procedure Act (APA), courts shall "hold unlawful and set aside agency action, findings, and conclusions found to be— contrary to [a] constitutional right." 5 U.S.C. § 706(2)(B).

42. The federal DBE program is administered by regulations that impose unconstitutional race and gender classifications—those found at 49 C.F.R pt. 26 and 13 C.F.R pt. 124.

43. Defendants are responsible for implementing these regulatory race and gender presumptions in violation of equal protection guaranteed under the Fifth Amendment's Due Process Clause.

44. Therefore, the Court should set aside these regulations as unconstitutional and violative of the APA.

**Wherefore**, Central Seal and Charbon demands the following relief against Defendants:

1. Judgment against Defendants in an amount to be determined at trial;

2. Preliminary and permanent injunctive relief enjoining Defendants from applying all unconstitutional and illegal race and gender-based classifications in the federal DBE program, including those set out in Sections 11101(e)(2)—(3) of the Infrastructure Act, the Small Business Act, 49 C.F.R. pt. 26, and 13 C.F.R. pt. 124.

3. Declaratory judgment that the race and gender-based classifications in the federal DBE program, including those set out in Sections 11101(e)(2)—(3) of the IIJA, the Small Business Act, 49 C.F.R. pt. 26, and 13 C.F.R. pt. 124, are unconstitutional and otherwise violate the APA.

4.	All fees and expenses incurred in pursuing this action, including but not limited to attorney's fees to the extent permitted by law, including but not limited to 28 U.S.C. § 2412.

5.	Trial by jury on all issues so triable;

6.	Any and all other relief to which they are entitled.

## VERIFICATION

Under penalties of perjury, I declare that I have read the foregoing Verified Complaint and that the facts stated in it are true. I further declare that: My name is James Kelley Coleman, I am a Director at Central Seal and Manager of Charbon, as well as President of RCSS Holdings, Inc., the parent company of Central Seal and Charbon. I have authority to make this Verification on behalf of Intervenor Plaintiffs, and this Verification is made based on my personal knowledge and as facts appear in the business records of Intervenor Plaintiffs.

_____
James Kelley Coleman

STATE OF KENTUCKY              )
COUNTY OF Boyle                )

Subscribed, sworn to and acknowledged before me, Erin M. Ring , a Notary Public, this 31st day of December 2024.

My Commission Expires: Feb. 6, 2028

_____
NOTARY PUBLIC

14

Respectfully submitted on January 1, 2025.

*/s/ Frederick R. Bentley III*
David B. Owsley II
Frederick R. Bentley III
Kyle S. Schroader
**STITES & HARBISON PLLC**
400 West Market Street, Suite 1800
Louisville, KY 40202
Telephone: (502) 587-3400
dowsley@stites.com
rbentley@stites.com
kschroader@stites.com

*Counsel for Central Seal and Charbon*

## CERTIFICATE OF SERVICE

    This is to certify that the foregoing was served on all following counsel of record via the Court's electronic filing system on this 1st day of January, 2025.

                                      */s/ Frederick R. Bentley III*
                                      Frederick R. Bentley III