UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
FRANKFORT

MID-AMERICA MILLING CO., LLC, *et al.,*

    Plaintiffs,

v.                                                                                  Case No. 23-CV-72

U.S. DEPARTMENT OF TRANSPORTATION, *et al.,*

    Defendants.

**PLAINTIFFS' BRIEF IN OPPOSITION TO MOTION TO INTERVENE**

## INTRODUCTION

Plaintiffs filed this lawsuit on October 26, 2023, moved for a preliminary injunction well over a year ago, and briefing was completed in February 2024. The Court heard arguments in April 2024 and then issued a decision in September. The events of this lawsuit have been widely reported in national media outlets, making this case's progress no mystery.[1]

At no time during this case's first 14 months did Proposed Intervenors seek to intervene, or even reach out to Plaintiffs' counsel to discuss the possibility (or whether such a move is a good strategy in the interests of all impacted contractors). In the past several weeks, the parties have agreed to a discovery plan, exchanged initial disclosures, served discovery, and started gathering responses. Written discovery

---

[1] *E.g.,* Julian Mark, "Government presumption of racial disadvantage under siege by White plaintiffs," WASHINGTON POST, Dec. 18, 2023, available here: https://archive.ph/S9CHY ("In October [2023], a trucking business and a milling business sued the Transportation Department, alleging that its Disadvantaged Business Enterprise program, which awards contracts to minority businesses for transportation infrastructure projects, discriminates against White people and those from the Middle East, both of whom do not benefit from the presumption of disadvantage."); Julian Mark, "Judge partially blocks Transportation Department program for minorities and women, WASHINGTON POST, Sept. 24, 2024, available here: https://archive.ph/HDfe0.

must be completed by February 10 and fact discovery by April 10. Plaintiffs intend to move for summary judgment shortly thereafter.[2]

Proposed Intervenors have been dilatory; their participation in this lawsuit will add nothing except delay. Plaintiffs will adequately represent their interests (Proposed Intervenors are the same type of plaintiffs and want the same thing as Plaintiffs) and a final judgment will adequately protect *everyone's* rights. If Proposed Intervenors disagree, they are free to file their own lawsuit. Plaintiffs have already obtained a preliminary injunction and are eager to have this Court enter a final judgment. The motion should be denied.

## ARGUMENT

### I. Proposed Intervenors cannot establish intervention as of right.

Federal Rule of Civil Procedure 24(a)(2) provides that a non-party may intervene who "claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest." Fed. R. Civ. P. 24(a)(2).

---

[2] To add another complication to this timing, President Trump recently issued an executive order on January 20, 2025, entitled, "Ending Radical and Wasteful Government DEI Programs and Preferencing." Under this order, all agencies, including Defendants, must "recommend actions, such as Congressional notifications under 28 U.S.C. 530D, to align … litigating positions with the policy of equal dignity and respect identified in section 1 of this order." *See* Order, available [here](). Defendants must take this action within 60 days, and Plaintiffs anticipate this lawsuit to be among the litigating positions that are re-assessed. Adding more parties to this lawsuit could further complicate possible resolution of this matter.

According to the Sixth Circuit, the proposed intervenors must demonstrate that the following four criteria have been met: (1) the motion to intervene is timely; (2) the proposed intervenors have a significant legal interest in the subject matter of the pending litigation; (3) the disposition of the action may impair or impede the proposed intervenors' ability to protect their legal interest; and (4) the parties to the litigation cannot adequately protect the proposed intervenors' interest. *Jansen v. City of Cincinnati,* 904 F.2d 336, 340 (6th Cir. 1990). "The proposed intervenor must prove each of the four factors; failure to meet one of the criteria will require that the motion to intervene be denied." *United States v. Michigan*, 424 F.3d 438, 443 (6th Cir. 2005) (quoting *Grubbs v. Norris*, 870 F.2d 343, 345 (6th Cir. 1989)).

Proposed Intervenors fail two of these tests.

First, Proposed Intervenors' motion is not timely. This Court's previous orders have indicated that the line between timeliness and untimeliness is the 26(f) report or the entry of a scheduling order. *See, e.g., Terrell v. Unico*, LLC, No. 5:23-CV-314-GFVT, 2024 WL 4578537, at *1 (E.D. Ky. May 2, 2024) (concluding that "the Motion was timely" because "[i]t was filed before the parties submitted a 26(f) Report."); *Gillespie v. H Cargo LLC*, No. 5:22-CV-297-GFVT, 2023 WL 4138999, at *2 (E.D. Ky. June 22, 2023) ("Its motion was timely, made prior to the entry of a Scheduling Order."). By those standards, Proposed Intervenors are late. The parties filed the 26(f) report on December 6, 2024, and the Court entered the Scheduling Order on December 12, 2024. *See* Dkts. 51, 52.

Proposed Intervenors contend they are timely because they filed this motion "within weeks of becoming apprised of how USDOT intended to implement and enforce the Court's injunction with respect to KYTC." Dkt. 53:7. The phrases "within weeks" and "becoming apprised" are doing a lot of work in that sentence. Proposed Intervenors say the date in question is October 8, 2024—when Defendants issued a memorandum to the Kentucky Department of Transportation regarding the injunction. *See* Dkt. 53-1:3 (para. 2). That date is 85 days before this motion was filed (over 12 weeks). Had Proposed Intervenors contacted the parties on October 8, perhaps everyone could have worked out a plan so that the proceedings would not have been delayed. But Proposed Intervenors made no such efforts. And now this Court will likely be considering this motion in February 2025 (after the deadline for

written discovery) instead of October 2024.[3] Second, Plaintiffs can adequately represent Proposed Intervenors' interests. "An applicant for intervention fails to meet his burden of demonstrating inadequate representation when no collusion is shown between the representatives and an opposing party, when the representative does not have or represent an interest adverse to the proposed intervenor, and when the representative has not failed in its fulfillment of his duty." *Bradley v. Milliken*, 828 F.2d 1186, 1192 (6th Cir. 1987) (citations omitted). As this Court has noted, although Proposed Intervenors "may have a different perspective" and "could potentially present similar arguments in a different light, a mere disagreement over litigation strategy ... does not, in and of itself, establish inadequacy of representation." *Ark Encounter, LLC v. Stewart*, 311 F.R.D. 414, 425 (E.D. Ky. 2015) (citation omitted).

---

[3] Moreover, the Court issued its decision granting Plaintiffs a preliminary injunction on September 23, 2024. *See* Dkt. 44. While Proposed Intervenors argue that their motion is timely because a "lack of clarity" surrounding the scope of the preliminary injunction caused them "not [to] know[] whether Defendants would pause enforcement of the DBE program entirely," Dkt. 53:7–8, *no such question or confusion was warranted*. Upon the Court's September order, it was clear that the preliminary injunction was limited to the Plaintiffs and only the Plaintiffs. Dkt. 44:27 ("the present case is properly limited to the parties before the Court"). Within days thereafter, Plaintiffs and Defendants worked out a process for implementing the preliminary injunction as to Plaintiffs in the states of Kentucky and Indiana. *E.g.,* Dkt. 46. The *only* question presented at the time Plaintiffs sought clarification of the Court's September order was whether the as-applied injunction extended to Plaintiffs in states beyond Kentucky and Indiana to the extent that Plaintiffs bid federal DBE contracts elsewhere. *See* Dkt. 46, 48, 49, 50. Accordingly, Proposed Intervenors had no reason to believe that Court's September order granting Plaintiffs an as-applied injunction was *not* so limited to the Plaintiffs, or that Defendants—who were complying with injunction as to Plaintiffs in Kentucky and Indiana, while opposing any further implementations of the injunction—would be looking to broaden the injunctive scope that they opposed at every stage of this litigation. Thus, Proposed Intervenors could and should have sought timely intervention well before the October 8th date they argue, in September 2024, following the Court's order granting an as-applied injunction to Plaintiffs.

Proposed Intervenors make two arguments in support of this prong. They say Plaintiffs have no reason "to expend effort asking the Court to extend the scope of its injunction further." Dkt. 53:11. This is wrong on several accounts. Plaintiffs asked for a nationwide preliminary injunction in the complaint, in their motion for a preliminary injunction, re-affirmed their request for a nationwide preliminary injunction in their motion for clarification, and will continue to seek a nationwide permanent injunction at final judgment. That is the entire point of this litigation—not to simply provide a narrow remedy to Plaintiffs (which, as Plaintiffs have and will argue, is unworkable as a final remedy, given, in part, that Plaintiffs operate in more than 24 states), but to obtain permanent, nationwide relief for all roadbuilders working on federally funded projects.

Proposed Intervenors also say that they bid on "different projects" and "have the potential to occur in different states and/or against different subsets of competition." Dkt. 53:11. Although this may be true, Proposed Intervenors never explain *why* this matters. Plaintiffs MAMCO and Bagshaw engage in two different businesses and perform different projects from one another, yet their interests are aligned. And Plaintiff MAMCO works in more than twenty states. Proposed Intervenors do not allege that they operate in other states. The interests of the Proposed Intervenors are "precisely aligned" with those of the Plaintiffs, "and because there is little likelihood that their participation would shed any new light on the issues presented, they have not shown that the present parties, as they are now aligned, would be inadequate to advance their interests." *Coal. to Defend Affirmative*

- 6 -

*Action, Integration & Immigr. Rts. & Fight for Equal. by any Means Necessary v. Granholm*, 240 F.R.D. 368, 376 (E.D. Mich. 2006), *aff'd*, 501 F.3d 775 (6th Cir. 2007).

## II. The Court should deny Proposed Intervenors' request for permissive intervention.

The Court will also consider whether permissive intervention would be appropriate pursuant to Rule 24(b), which provides that "the court may permit anyone to intervene who... has a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24 (b)(1). Once the proposed intervenor establishes these two requirements, "the district court must then balance undue delay and prejudice to the original parties, if any, and any other relevant factors to determine whether, in the court's discretion, intervention should be allowed." *United States v. Michigan*, 424 F.3d 438, 445 (6th Cir. 2005) (citing *Michigan State AFL–CIO v. Miller*, 103 F.3d 1240, 1248 (6th Cir. 1997)). Allowing permissive intervention is within the sound discretion of the trial judge. *Purnell v. City of Akron*, 925 F.2d 941, 951 (6th Cir. 1991).

As the Court noted in *Ark Encounter*, "the consequences of setting precedent that would allow any Kentucky taxpayer to intervene in this case is of even greater relevance when analyzing whether intervention is appropriate under Rule 24(b)." 311 F.R.D. at 425. In this case, Proposed Intervenors are businesses that bid on federal roadbuilding contracts. If they can intervene, then any other similar business can intervene. It would be hard to draw the line with Proposed Intervenors, especially since their motion is so untimely.

"[I]t is paramount that the issues in this case are resolved promptly" since "public institutions will serve its citizens best when they have a clear understanding of the requirements and limitations" of the Constitution. *Granholm*, 240 F.R.D. at 377, *aff'd*, 501 F.3d 775 (6th Cir. 2007). "Allowing additional parties into the lawsuit at this stage of the proceedings will inhibit, not promote, a prompt resolution by this Court." *Id.*; *Ark Encounter*, 311 F.R.D. at 425 ("the potential strains on judicial economy and the inevitable delays, confusion, and prejudice to the existing parties that would result from unrestricted intervention by any number of [parties] weigh against allowing permissive intervention in this situation."). The Court, therefore, should likewise deny permissive intervention.

## CONCLUSION

Plaintiffs therefore respectfully ask this Court to deny the motion to intervene. Proposed Intervenors go even further and ask for the injunction to be expanded to cover them. While Plaintiffs do not oppose an expanded injunction, Proposed Intervenors would need to file a separate motion addressing all the necessary arguments (yet another opportunity for delay).

If the Court were to determine that intervention is appropriate, Plaintiffs respectfully request that the Scheduling Order remain unchanged with regard to the end of discovery.

Dated: January 22, 2025

        Respectfully Submitted,

        WISCONSIN INSTITUTE FOR
LAW & LIBERTY

*/s/ Daniel P. Lennington*
Richard M. Esenberg (#1005622)
Daniel P. Lennington (#1088694)
Cara M. Tolliver (#112818)

330 E. Kilbourn Ave., Suite 725
Milwaukee, WI 53202
Phone: (414) 727-9455
Fax: (414) 727-6385

rick@will-law.org
dan@will-law.org
cara@will-law.org

COMMONWEALTH COUNSEL
GROUP, PLLC

Jason M. Nemes (KBA #90546)
Greg Healey (KBA #99546)
10343 Linn Station Road, Suite 100
Louisville, KY 40223

jason@ccgattorneys.com
greg@ccgattorneys.com

*Attorneys for Plaintiffs*