UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION AT FRANKFORT

| | |
|---|---|
| MID-AMERICA MILLING COMPANY, LLC, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> UNITED STATES DEPARTMENT OF TRANSPORTATION, *et al.*, <br><br> Defendants. | Case No. 3:23-cv-00072-GFVT-EBA |

## PROPOSED INTERVENOR-DEFENDANT DBES' ANSWER TO PLAINTIFFS' COMPLAINT

Proposed Intervenor-Defendant DBEs National Association of Minority Contractors; Women First National Legislative Committee; Airport Minority Advisory Council; Women Construction Owners & Executives, Illinois Chapter; Upstate Steel, Inc; and Atlantic Meridian Contracting Corp. answer the Verified Complaint of Plaintiffs Mid-America Milling Company, LLC and Bagshaw Trucking Inc., ECF No. 1, and assert their affirmative defenses as follows. Intervenor DBEs deny each and every allegation not expressly admitted below.

### INTRODUCTION[1]

1. Intervenor DBEs deny the allegations in this paragraph.

### THE PARTIES

2. Intervenor DBEs admit that racial and gender disparities among highway construction companies persists. To the extent that this paragraph quotes from other cases, those

---

[1] Headings are provided to correspond to the Complaint to assist the Court; nevertheless, Intervenor DBEs deny all statements in the headings.

texts speak for themselves; no response is required to Plaintiffs' legal conclusions. Intervenor DBEs deny the remaining allegations in this paragraph.

3. Intervenor DBEs admit that the Infrastructure Investment and Jobs Act reauthorized the Department of Transportation DBE program. To the extent that this paragraph characterizes legislation, that text speaks for itself; no response is required to Plaintiffs' legal conclusions. Intervenor DBEs deny the remaining allegations in this paragraph.

4. Intervenor DBEs deny the allegations in this paragraph.

5. Intervenor DBEs deny the allegations in this paragraph.

6. Intervenor DBEs deny the allegations in this paragraph.

7. Intervenor DBEs deny the allegations in this paragraph.

8. Intervenor DBEs lack sufficient information to admit or deny Plaintiffs' history and experience with federally funded projects. Intervenor DBEs deny the remaining allegations in this paragraph.

9. To the extent that this paragraph quotes from other cases, those texts speak for themselves; no response is required to Plaintiffs' legal conclusions. Intervenor DBEs deny the remaining allegations in this paragraph.

10. Intervenor DBEs admit that Plaintiffs purport to seek a preliminary and permanent injunction and declaratory judgment; Intervenor DBEs deny that such relief should issue.

## THE PARTIES

11. Intervenor DBEs lack sufficient information to admit or deny the allegations in this paragraph specific to Mid-American Milling Company's business operations. Intervenor DBEs deny the remaining allegations in this paragraph.

12. Intervenor DBEs lack sufficient information to admit or deny the allegations in this paragraph.

13. Intervenor DBEs admit that USDOT maintains an office the address listed in this paragraph of the complaint. Intervenor DBEs deny the remaining allegations in this paragraph.

14. To the extent that this paragraph characterizes legislation, that text speaks for itself; no response is required to Plaintiffs' legal conclusions. Intervenor DBEs deny the remaining allegations in this paragraph.

15. Intervenor DBEs admit that the Federal Highway Administration is an operating administration that has responsibilities in administering the DOT DBE program. Intervenor DBEs deny the remaining allegations in this paragraph.

16. Intervenor DBEs lack sufficient information to admit or deny Todd Jeter's residential address. Intervenor DBEs deny the remaining allegations in this paragraph.

## JURISDICTION AND VENUE

17. Intervenor DBEs admit that 28 U.S.C. §§ 1331 and 2001 and 5 U.S.C. §§ 702 and 704 provide jurisdiction to federal courts. Intervenor DBEs deny that this Court has subject-matter jurisdiction over the Complaint and deny the remaining allegations in this paragraph.

18. Intervenor DBEs deny that Todd Jeter performs official duties as the Division Administrator of the Kentucky Division of the FHA and lack sufficient information to admit or deny the allegation that he resides in Franklin County. Intervenor DBEs lack sufficient information to admit or deny the allegations regarding the impact experienced by Plaintiffs, and thus deny that this Court is the proper venue for this matter.

## FACTUAL BACKGROUND

19. To the extent that this paragraph characterizes legislation, that text speaks for

itself; no response is required to Plaintiffs' legal conclusions.  Intervenor DBEs deny the remaining allegations in this paragraph.

20.     Intervenor DBEs admit that President Reagan signed Public Law No. 97-424 in 1983.  To the extent that this paragraph characterizes legislation, that text speaks for itself; no response is required to Plaintiffs' legal conclusions.  Intervenor DBEs deny the remaining allegations in this paragraph.

21.     Intervenor DBEs deny the allegations in this paragraph.

22.     Intervenor DBEs admit that President Biden signed Public Law No. 177-58 on November 25, 2021.  To the extent that this paragraph characterizes legislation or other written materials, those texts speak for themselves; no response is required to Plaintiffs' legal conclusions.  Intervenor DBEs deny the remaining allegations in this paragraph.

23.     To the extent that this paragraph characterizes legislation, that text speaks for itself; no response is required to Plaintiffs' legal conclusions.  Intervenor DBEs deny the remaining allegations in this paragraph.

24.     To the extent that this paragraph characterizes a regulation, that text speaks for itself; no response is required to Plaintiffs' legal conclusions.  Intervenor DBEs admit that individuals "have been subjected to racial or ethnic prejudice or cultural bias within American society because of their identities as members of groups and without regard to their individual qualities."  Intervenor DBEs deny the remaining allegations in this paragraph.

25.     To the extent that this paragraph characterizes a regulation, that text speaks for itself; no response is required to Plaintiffs' legal conclusions.  Intervenor DBEs deny the remaining allegations in this paragraph.

26.     Intervenor DBEs deny the allegations in this paragraph.

27. To the extent that this paragraph characterizes a regulation, that text speaks for itself; no response is required to Plaintiffs' legal conclusions. Intervenor DBEs admit that "individuals whose ability to compete in the free enterprise system has been impaired due to diminished capital and credit opportunities as compared to others in the same or similar line of business" are economically disadvantaged. Intervenor DBEs deny the remaining allegations in this paragraph.

28. To the extent that this paragraph characterizes legislation, that text speaks for itself; no response is required to Plaintiffs' legal conclusions. Intervenor DBEs deny the remaining allegations in this paragraph.

29. To the extent that this paragraph characterizes legislation and regulation, those texts speak for themselves; no response is required to Plaintiffs' legal conclusions. Intervenor DBEs deny the remaining allegations in this paragraph.

30. To the extent that this paragraph characterizes a regulation, that text speaks for itself; no response is required to Plaintiffs' legal conclusions. Intervenor DBEs deny the remaining allegations in this paragraph.

31. Intervenor DBEs deny the allegations in this paragraph.

32. Intervenor DBEs deny the allegations in this paragraph.

33. To the extent that this paragraph characterizes a regulation, that text speaks for itself; no response is required to Plaintiffs' legal conclusions. Intervenor DBEs deny the remaining allegations in this paragraph.

34. Intervenor DBEs admit the allegations in this paragraph.

35. Intervenor DBEs admit that Kentucky and Indiana have established overall DBE participation goals, that some contracts in Kentucky and Indiana include a DBE participation

goal, and that Kentucky and Indiana advertise contracts for open bid. Intervenor DBEs deny the remaining allegations in this paragraph.

36. To the extent Plaintiffs seek to characterize the terms of the DOT DBE program, Intervenor DBEs deny the allegations in this paragraph. To the extent Plaintiffs seek to describe actions taken by Kentucky and Indiana, Intervenor DBEs lack sufficient information to admit or deny the allegations in this paragraph.

37. Intervenor DBEs lack sufficient information to admit or deny the allegations in this paragraph.

38. Intervenor DBEs lack sufficient information to admit or deny the allegations in this paragraph.

39. Intervenor DBEs deny the allegations in this paragraph.

40. Intervenor DBEs lack sufficient information to admit or deny whether Plaintiffs are qualified, willing, and able to bid on contracts and subcontracts. Intervenor DBEs deny the remaining allegations in this paragraph.

41. Intervenor DBEs admit that Plaintiffs seek relief against Defendants alone. Intervenor DBEs further admit that the DOT DBE program impacts contracts and subcontracts offered by non-parties. Intervenor DBEs deny the remaining allegations in this paragraph.

42. Intervenor DBEs lack sufficient information to admit or deny what Plaintiffs desire. Intervenor DBEs deny the remaining allegations in this paragraph.

## COUNT 1
## EQUAL PROTECTION VIOLATIONS

43. Intervenor DBEs admit that Plaintiffs purport to reallege and incorporate by reference the allegations set forth in their complaint. Intervenor DBEs likewise incorporate by reference their response to each allegation as set forth above.

44. To the extent that this paragraph characterizes a case, that text speaks for itself; no response is required to Plaintiffs' legal conclusions. Intervenor DBEs deny the remaining allegations in this paragraph.

45. To the extent that this paragraph characterizes a case, that text speaks for itself; no response is required to Plaintiffs' legal conclusions. Intervenor DBEs deny the remaining allegations in this paragraph.

46. To the extent that this paragraph characterizes a case, that text speaks for itself; no response is required to Plaintiffs' legal conclusions. Intervenor DBEs deny any remaining allegations that may be implied in this paragraph.

47. To the extent that this paragraph characterizes a case, that text speaks for itself; no response is required to Plaintiffs' legal conclusions. Intervenor DBEs deny any remaining allegations that may be implied in this paragraph.

48. To the extent that this paragraph characterizes a case, that text speaks for itself; no response is required to Plaintiffs' legal conclusions. Intervenor DBEs deny any remaining allegations that may be implied in this paragraph.

49. To the extent that this paragraph characterizes legislation, that text speaks for itself; no response is required to Plaintiffs' legal conclusions. Intervenor DBEs deny the remaining allegations in this paragraph.

50. Intervenor DBEs admit that DOT administers some aspects of the DOT DBE program. To the extent that this paragraph characterizes legislation, that text speaks for itself; no response is required to Plaintiffs' legal conclusions. Intervenor DBEs deny the remaining allegations in this paragraph.

51. Intervenor DBEs lack sufficient information to admit or deny whether Plaintiffs

are qualified, willing, and able to apply for federal highway and surface transportation contracts. Intervenor DBEs deny the remaining allegations in this paragraph.

52. Intervenor DBEs deny the allegations in this paragraph.

53. Intervenor DBEs deny the allegations in this paragraph.

## COUNT 2
## ADMINISTRATIVE PROCEDURE ACT VIOLATION

54. Intervenor DBEs admit that Plaintiffs purport to reallege and incorporate by reference the allegations set forth in their complaint. Intervenor DBEs likewise incorporate by reference their response to each allegation as set forth above.

55. To the extent that this paragraph characterizes legislation, that text speaks for itself; no response is required to Plaintiffs' legal conclusions. Intervenor DBEs deny any remaining allegations that may be implied in this paragraph.

56. To the extent that this paragraph characterizes regulations, those texts speak for themselves; no response is required to Plaintiffs' legal conclusions. Intervenor DBEs deny the remaining allegations in this paragraph.

57. Intervenor DBEs deny the allegations in this paragraph.

58. Intervenor DBEs deny the allegations in this paragraph.

## RELIEF REQUESTED

Paragraphs (A)–(F) of the Complaint constitute Plaintiffs' demand for judgment and include no factual allegations requiring a response. Intervenor DBEs deny that Plaintiffs are entitled to the relief requested or to any relief whatsoever.

## AFFIRMATIVE DEFENSES

1. The doctrine of laches equitably bars Plaintiffs from seeking the relief requested in the Complaint.

    2.      Plaintiffs have failed to join one or more necessary parties.

    3.      Intervenor DBEs reserve the right to assert additional affirmative defenses of which they become knowledgeable during the course of discovery.

WHEREFORE, Intervenor DBEs respectfully request that this Court:

    A.      Enter judgment for Defendants;

    B.      Deny Plaintiffs' request for permanent injunction and declaratory relief;

    C.      Find that the DOT DBE program is constitutional and does not violate the APA;

    D.      Deny Plaintiffs' request for attorney's fees; and

    E.      Grant such further relief as the Court deems just and proper.

Dated: January 24, 2025

Respectfully submitted,

/s/ *Douglas L. McSwain*

| | |
|---|---|
| Brooke Menschel* | Douglas L. McSwain |
| DC Bar No. 9000389 | KY Bar No. 46895 |
| Adnan Perwez* | Wyatt, Tarrant & Combs LLP |
| DC Bar No. 90027532 | 250 West Main Street |
| Jessica Anne Morton* | Suite 1600 |
| DC Bar No. 1032316 | Lexington, KY 40507 |
| Audrey Wiggins* | (859) 288-7415 |
| DC Bar No. 482877 | dmcswain@wyattfirm.com |
| Democracy Forward Foundation | |
| P.O. Box 34553 | Sarah von der Lippe* |
| Washington, DC 20043 | DC Bar No. 454585 |
| (202) 448-9090 Ext. 1011 | Minority Business Enterprise Legal Defense |
| bmenschel@democracyforward.org | and Education Fund, Inc. |
| aperwez@democracyforward.org | 1104 East Capitol St. NE |
| jmorton@democracyforward.org | (202) 744-5415 |
| awiggins@democracyforward.org | Outsidecounsel1@mbeldefwatchdog.org |

*Counsel for Proposed Intervenor DBEs*

*Pro Hac Vice Forthcoming*