IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION AT FRANKFORT

MID-AMERICA MILLING COMPANY, LLC, *et al.*,

    Plaintiffs,

v.

U.S. DEPARTMENT OF TRANSPORTATION, *et al.*,

    Defendants.

Case No. 3:23-cv-00072-GFVT

**CENTRAL SEAL AND CHARBON'S RESPONSE TO MOTION TO INTERVENE (DN 57) FILED BY INTERVENOR DBEs**

Proposed Intervenor Plaintiffs Central Seal Company ("Central Seal") and Charbon Contracting, LLC ("Charbon") submit this response to the motion to intervene (DN 57) filed by six trade organizations, advocacy groups, and other entities (the "Intervenor DBEs") who seek to step into the shoes of the United States Department of Transportation as additional defendants in order advocate positions regarding the constitutionality of the DBE program addressed in this Court's limited preliminary injunction order.

Central Seal and Charbon have no objection to the positions of the "Intervenor DBE's" being considered by the Court as non-party *amicus* submissions pursuant to the discretionary standard recognized in the Sixth Circuit. *See United*

*States v. State of Mich.*, 940 F.2d 143, 165 (6th Cir. 1991); *Moore v. Humana, Inc.*, 2022 WL 20766503, at *2 (W.D.Ky., 2022).

However, for the following reasons, Central Seal and Charbon respectfully submit that the motion to intervene as defendants is impermissible given the statutory mandate that only the United States has standing to defend its legislation and regulations in litigation:

1.  The United States Department of Transportation, as represented by the Department of Justice, has the exclusive Congressionally-vested authority to conduct litigation defending agency programs and addressing the constitutionality of corresponding legislation. 28 U.S.C. § 516, titled "Conduct of litigation reserved to Department of Justice," mandates that "[e]xcept as otherwise authorized by law, the conduct of litigation in which the United States, an agency, or officer thereof is a party, or is interested, and securing evidence therefor, is reserved to officers of the Department of Justice, under the direction of the Attorney General." Proposed Intervenor DBEs cite no statutory authority for any exception to this mandate, and none exists. Courts strictly interpret 28 U.S.C. § 516 and 517 to effect the policy that the Attorney General and federal agencies must have exclusive responsibility for "attending to the interests of the Unites States" in the courts. *Id*; *see also In re Ocean Shipping Antitrust Litigation*, 500 F.Supp. 1235, 1238–39 (D.C.N.Y., 1980) (denying a motion to intervene under Rule 24 that violated the mandate of 28 U.S.C. § 516); *Federal Election Com'n v. NRA Political Victory Fund*, 115 S.Ct. 537, 540, 513 U.S. 88, 92 n. 1 (1994) (noting the policy of the statutory scheme is to

2

ensure that "the conduct of litigation on behalf of the United States and its agencies is subject to control of the Attorney General" unless specifically stated otherwise by statute.)

2. Permitting private parties to intervene alongside or in place of government defendants would encroach upon the federal government's exclusive authority to oversee and resolve its own litigation, and therefore undermine the statutory scheme. Accordingly, Intervenor DBEs' request to intervene must be denied. Intervenor DBEs repeatedly cite *Jansen v. City of Cincinnati*, 904 F.2d 336 (6th Cir. 1990) for the proposition that intervention in these circumstances is permissible. However, the intervening defendant in *Jansen* was not seeking to step into the role of a Federal Agency or to supplant the exclusive litigation authority vested in the Department of Justice by 28 U.S.C. § 516. Rather that case dealt with defending the practices of a city government.

3. Even if a statutory exception existed for private parties to intervene in place of the USDOT Defendants, which it does not, the Intervenor DBEs still do not have standing to participate as defendants under the strict "pleading" requirement of Rule 24. Because Plaintiffs have not and could not bring any of their claims directly against the Intervenor DBE's in the first instance (including the claim for attorneys' fees under 28 U.S.C. § 2412), it is impossible for the Intervenor DBEs to have legally cognizable interests to prepare a "pleading" setting out "defenses" to Plaintiffs' claims as required by Fed. R. Civ. P. 24(c). *See Amchem Products, Inc. v. Windsor*, 117 S.Ct. 2231, 2249, 521 U.S. 591, 623 n. 18 (1997) (interpreting Rule 24

3

as requiring the pleading of a cognizable "defense," which " "manifestly refer[s] to the kinds of claims or defenses that can be raised in courts of law as part of an actual or impending law suit.") (internal quotations omitted.)

4. Even ignoring the "pleading" incongruity under Rule 24, an additional hurdle remains in that the proposed Intervenor DBEs do not have a "concrete and particularized" injury in connection with the actual bids subject to the Court's limited injunction order so as to convey Article III standing. *See Alexander v. Miller*, 2023 WL 6439887, at *3–4 (E.D. Ky. Sept. 29, 2023) (collecting authority). Four of the proposed intervening defendants are trade organizations and advocacy groups who do not directly participate in USDOT bids in this jurisdiction. (DN 57-1, 57-2, 57-3, 57-4, 57-5, 57-6.) Likewise the remaining proposed intervening defendants are out-of-state entities who indicate they bid on marine demolition, industrial demolition, and steel fabrication in other jurisdictions. (DN 57-7, 57-8). There is no suggestion that these entities bid on any transportation contracts actually at issue, or that these entities are even certified as DBEs in Kentucky. Accordingly, Intervening DBEs' asserted interest is more rooted in their broad and abstract public policy concerns rather than a particularized and concrete injury in this case. *See Hope of Kentucky, LLC v. Cameron*, 2023 WL 6406212, at *3 (E.D. Ky. Sept. 29, 2023) ("The injury requirement cabins the federal courts' power"); *citing Vander Jagt v. O'Neill*, 699 F.2d 1166, 1177 (D.C. Cir. 1982) (Bork, J., concurring) ("[I]njury in fact, far from being a simple, descriptive term, is a concept freighted with policies that limit the kinds of injury courts may consider.").

4

5.       In contrast, intervening Plaintiffs Central Seal and Charbon are Kentucky-based employee-owned companies who have, in this jurisdiction, bid on nearly 100 USDOT projects impacted by DBE goals in the last few years alone. (DN 53-1 at 22-25.) Central Seal and Charbon are not acting on behalf of any trade organization or advocacy group. Rather, Central Seal and Charbon are seeking urgent redress on behalf of their employee-owners from a demonstrable pattern of losing bids, despite being the lowest bidder, when DBE goals are applied to KYTC-let projects in Kentucky. (*Id.*) That redress can only be obtained through direct application of the same injunctive relief that the Court has already granted to Plaintiffs MAMCO and Bagshaw.

## CONCLUSION

For the foregoing reasons, Central Seal and Charbon request that the Court deny the motion (DN 57) of the proposed Intervenor DBEs. However, Central Seal and Charbon have no objection to the Court considering the submissions from those entities as non-party amicus filings pursuant to the discretion recognized by the Sixth Circuit.

                Respectfully submitted,

                */s/ Frederick R. Bentley III*
                David B. Owsley II
                Frederick R. Bentley III
                Kyle S. Schroader
                **STITES & HARBISON PLLC**
                400 West Market Street, Suite 1800
                Louisville, KY 40202
                Telephone: (502) 587-3400
                dowsley@stites.com

rbentley@stites.com
kschroader@stites.com

*Counsel for Central Seal and Charbon*

## **CERTIFICATE OF SERVICE**

    This is to certify that the foregoing was served on all following counsel of record via the Court's electronic filing system on this 31st day of January, 2025.

                              */s/ Frederick R. Bentley III*
                              Frederick R. Bentley III