# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF KENTUCKY
### CENTRAL DIVISION
### FRANKFORT

**MID-AMERICA MILLING COMPANY, LLC, *et al.*,**

**Plaintiffs,**

**v.**

**UNITED STATES DEPARTMENT OF TRANSPORTATION, *et al.*,**

**Defendants.**

**Case No. 3:23-cv-00072-GFVT-EBA**

## PARTIES' JOINT MOTION TO STAY

The federal government is in the process of transitioning to a new administration and must also consider recent executive orders that commit to "protect[ing] the civil rights of all Americans" "from discrimination based on race, color, religion, sex, or national origin" and require all federal agencies (including Defendant, United States Department of Transportation) to assess agency "activities," "programs," "policies," "regulations," and "litigating positions" to ensure "align[ment]" with "the policy of equal dignity and respect." *See* Exec. Order No. 14,173 (Jan. 21, 2025), 90 Fed. Reg. 8633 (Jan. 31, 2025);[1] Exec. Order No. 14,151 (Jan. 20, 2025), 90 Fed. Reg. 8339 (Jan. 29, 2025);[2] *see also* ECF 67 & n.5.

Given these developing considerations, the Parties—Plaintiffs, Mid-America Milling Company, LLC and Bagshaw Trucking Inc., and Defendants, the United States Department of

---

[1] https://www.govinfo.gov/content/pkg/FR-2025-01-31/pdf/2025-02097.pdf.
[2] https://www.govinfo.gov/content/pkg/FR-2025-01-29/pdf/2025-01953.pdf.

Transportation, Sean Duffy, Secretary of Transportation[3], and Shundreka Givan, Division Administrator of the Federal Highway Administration's Kentucky Division—jointly move to stay this action, including but not limited to all deadlines set forth in the Scheduling Order entered by this Court (ECF No. 52) for a period of 90 days to permit Defendants the opportunity to consider their litigating position in this case and the Parties an opportunity to explore settlement. The preliminary injunction issued by order of this Court on September 23, 2024, and as modified by order on October 31, 2024, would not be affected by the stay sought by the Parties. The Parties also agree to submit a joint status report to the Court within 10 days of the conclusion of the proposed stay.

A district court has the inherent power to stay its proceedings. "The power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes in its docket with economy of time and effort for itself, for counsel and for litigants, and the entry of such an order ordinarily rests with the sound discretion of the District Court." *FTC v. E.M.A. Nationwide, Inc*., 767 F.3d 611, 626–27 (6th Cir. 2014) (quoting *Ohio Env't Council v. U.S. Dist. Court, S. Dist. of Ohio, E. Div*., 565 F.2d 393, 396 (6th Cir. 1977)) (internal quotation marks omitted). "In ruling upon a motion for stay [of discovery], the Court is required to weigh the burden of proceeding with discovery upon the party from whom discovery is sought against the hardship which would be worked by a denial of discovery." *SNMP Research, Inc. v. Broadcom Inc*., No. 3:20-cv-451-CEA-DCP, 2021 U.S. Dist. LEXIS 118383, at *15 (E.D. Tenn. June 25, 2021) (internal citations omitted).  In addition, district courts regularly grant joint motions to stay discovery to permit the parties to explore settlement. *See, e.g.*, *Collins v. Waste Mgmt. of Ky.*

---

[3] Defendants hereby notify the Court of the substitution of Pete Buttigieg pursuant to Federal Rule of Civil Procedure 25(d) and request that the Clerk of the Court amend the caption to this case accordingly.

*Holdings, Inc.*, No. 06-175-ART, 2008 U.S. Dist. LEXIS 55521, at *1 (E.D. Ky. July 18, 2008) (noting that the district court twice granted joint motions to stay to allow parties to explore settlement); *Sparacino v. Shepherd Commc'ns, Inc.*, No. 3:14-CV-298-JHM-CHL, 2015 U.S. Dist. LEXIS 17050, at *5–*6 (granting joint motion to stay to permit parties to discuss settlement).

Here, because a stay is sought jointly by the Parties, no Party will suffer prejudice, and temporarily staying this action will allow the Parties to explore resolving this matter in a manner that would allow them to conserve the resources of the Court and the Parties. *See Ohio Env't Council*, 565 F.2d at 396. "There is [also] a strong public interest in encouraging settlement of complex litigation and class action suits because they are notoriously difficult and unpredictable and settlement conserves judicial resources." *Sparacino*, 2015 U.S. Dist. LEXIS 17050, at *5–*6 (quoting *Dick v. Sprint Commc'ns Co. L.P.*, 297 F.R.D. 283, 297 (W.D. Ky. 2014)) (internal quotation marks omitted). This case raises substantial and complex constitutional issues regarding the U.S. Department of Transportation's Disadvantaged Business Enterprise program that are "of extraordinary public moment," *see Clinton v. Jones*, 520 U.S. 681, 707 (1997), and thus there is a strong public interest in encouraging settlement in actions of this kind.

For the foregoing reasons, the Court should grant the Parties' Joint Motion to Stay this action.

Dated: February 10, 2025                                    Respectfully submitted,

**COUNSEL FOR DEFENDANTS:**

KAREN D. WOODARD
Chief
Employment Litigation Section
Civil Rights Division

/s/Robert Rich
ANDREW BRANIFF
(IN Bar No. 23430-71)
Deputy Chief
ROBERT RICH
(DC Bar No. 1016908)
Trial Attorney
Employment Litigation Section
Civil Rights Division
United States Department of Justice
950 Pennsylvania Avenue NW
Washington, DC 20530
(202) 532-5987
Andrew.Braniff@usdoj.gov

**COUNSEL FOR PLAINTIFFS:**

WISCONSIN INSTITUTE FOR
LAW & LIBERTY, INC.

*/s/ Cara Tolliver*
Richard M. Esenberg (WI Bar No. 1005622)
Daniel P. Lennington (WI Bar No. 1088694)
Cara M. Tolliver (WI Bar No. 1112818)
330 East Kilbourn Avenue, Suite 725
Milwaukee, WI 53202
Telephone: (414) 727-9455
Rick@will-law.org
Dan@will-law.org
Cara@will-law.org

COMMONWEALTH COUNSEL GROUP, PLLC
Jason M. Nemes (KBA# 90546)
Greg Healey (KBA# 99546)
10343 Linn Station Road, Suite 100
Louisville, KY 40223
jason@ccgattorneys.com
greg@ccgattorneys.com

4