# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF KENTUCKY
# CENTRAL DIVISION AT FRANKFORT

| | |
|---|---|
| MID-AMERICA MILLING COMPANY, LLC, *et al.*, | |
| Plaintiffs, | Case No. 3:23-cv-00072-GFVT |
| v. | |
| U.S. DEPARTMENT OF TRANSPORTATION, PETER P. BUTTIGIEG, SHAILEN BHATT, & TODD JETER, | |
| Defendants. | |

### CENTRAL SEAL AND CHARBON'S RESPONSE TO JOINT MOTION TO STAY

Proposed Intervenor Plaintiffs Central Seal Company ("Central Seal") and Charbon Contracting, LLC ("Charbon") submit this response to the Parties' Joint Motion to Stay (DN 69).

As stated in their reply (DN 66) in support of their Motion to Intervene and Modify Preliminary Injunction, Central Seal and Charbon remain ready and willing to abide by the remaining deadlines set forth in the Court's Scheduling Order (DN 52) in order to ensure a swift resolution to this action. That said, Central Seal and Charbon do not oppose the parties' request insofar as it requests a stay of discovery in this matter in order to afford the United States Department of Transportation time to account for the change in administration. Nevertheless, Central Seal and

Charbon oppose the request for any stay of these proceedings which would prevent the Court from ruling on their Motion to Intervene and Modify Preliminary Injunction (DN 53). That motion was fully briefed as of the filing of Central Seal and Charbon's reply on February 5, 2025, and it is ripe for a ruling.

Moreover, the only parties that *will undoubtedly* be prejudiced by a complete 90-day stay of this action are Charbon and Central Seal. Given the manner in which the government has chosen to abide by the Court's preliminary injunction (by instructing KYTC to abstain from implementing DBE preferences only for projects on which the plaintiffs bid), the limitation of the preliminary injunction to only current parties means that the KYTC must attempt to meet its DBE program goals by imposing more extensive discriminatory practices with respect to projects on which the plaintiffs *do not* bid. In other words, as a result of the injunction's current limitation, Central Seal and Charbon will be subject to even greater levels of discrimination resulting from USDOT's implementation of DBE laws and regulations, as the pool of projects on which KYTC can meet its DBE program goals shrinks. This already appears to be happening. As of this filing, the Kentucky Transportation Cabinet continues to implement unconstitutional DBE program goals with respect to certain projects let in Kentucky. On February 5, 2025, KYTC issued a revised list of projects to be let and bid upon in February, 2025, which includes DBE participation goals for some projects (presumably projects on which

the plaintiffs do not bid) but not others.[1]  A 90-day stay of this action will subject Charbon and Central Seal to this enhanced level of discrimination until the Court rules on their motion to intervene and modifies the previously entered preliminary injunction.

      Finally, the Joint Motion to Stay actually provides additional reasons to grant Central Seal and Charbon's Motion to Intervene and Modify Preliminary Injunction under the Rule 24 analysis.  While the government defendants did not oppose Central Seal and Charbon's intervention, the plaintiffs opposed the Motion on two grounds:  (1) undue delay allegedly resulting from the timing of the proposed intervention, and (2) plaintiffs claimed they adequately represented Central Seal and Charbon's interests for the purposes of intervention under Rule 24.  But the plaintiffs' joinder in the government defendants' motion to stay the case demonstrates why these two Rule 24 factors actually weigh in favor of granting Charbon and Central Seal's intervention.  Plaintiffs' willingness to stay this action for 90 days proves beyond doubt that they will not be prejudiced by altering any discovery or other deadlines towards resolution of this case.  Relatedly, given that the only parties who will be prejudiced by staying this action will be Central Seal and Charbon, Plaintiffs' joinder in the motion to stay reveals definitively that their interests are not adequately aligned with those of Central Seal and Charbon for the

---

[1] *See* KYTC website, "Notice to Contractors REVISED – 2-5-2025", at https://transportation.ky.gov/Construction-Procurement/Publications/2025-02-20/Notice%20to%20Contractors%20REVISED%20-%202-5-2025.pdf.

3

purposes of any Rule 24 analysis. (*See also* Reply In Support of Motion to Intervene, DN 66.)

Accordingly, Central Seal and Charbon request that any stay in this action apply to discovery only, or otherwise allow for the Court to issue orders relating to Charbon and Central Seal's Motion to Intervene and Modify Preliminary Injunction.

Respectfully submitted,

*/s/ Frederick R. Bentley III*
David B. Owsley II
Frederick R. Bentley III
Kyle S. Schroader
**STITES & HARBISON PLLC**
400 West Market Street, Suite 1800
Louisville, KY 40202
Telephone: (502) 587-3400
dowsley@stites.com
rbentley@stites.com
kschroader@stites.com

*Counsel for Central Seal and Charbon*

## CERTIFICATE OF SERVICE

This is to certify that the foregoing was served on all following counsel of record via the Court's electronic filing system on this 11th day of February, 2024.

*/s/ Frederick R. Bentley III*
Frederick R. Bentley III

4