UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
FRANKFORT

**MID-AMERICA MILLING COMPANY, LLC,** *et al.*,

      Plaintiffs,

v.

**UNITED STATES DEPARTMENT OF TRANSPORTATION,** *et al.*,

      Defendants.

Case No. 3:23-cv-00072-GFVT-EBA

## CONSENT ORDER

This action was brought by Plaintiffs, Mid-America Milling Company, LLC and Bagshaw Trucking Inc., against Defendants the United States Department of Transportation ("USDOT"), Secretary of Transportation Sean Duffy, Administrator of the Federal Highway Administration, and Division Administrator of the Kentucky Division of the Federal Highway Administration Shundreka Givan[1] ("Defendants"), under the Fifth Amendment to the United States Constitution and the Administrative Procedure Act ("APA"). Plaintiffs and Defendants (collectively, "the Parties") agree to this Order as final and binding between themselves as to the issues raised in Plaintiffs' Complaint in this action.

NOW, THEREFORE, it is hereby AGREED BY THE PARTIES, through their undersigned counsel, and ORDERED BY THE COURT, that:

---

[1] Defendants hereby notify the Court of the substitution of Shundreka Givan pursuant to Federal Rule of Civil Procedure 25(d).

I.    **Statutory Background**

1.    In 2021, Congress reauthorized the USDOT's Disadvantaged Business Enterprise ("DBE") program with respect to federal highway and transit funding, requiring the Secretary of Transportation to continue to expend "not less than 10 percent of" certain federal funding "through small business concerns owned and controlled by socially and economically disadvantaged individuals," "[e]xcept to the extent that the Secretary determines otherwise." Infrastructure Investment and Jobs Act ("IIJA") § 11101(e)(3), Pub. L. No. 117-58 (2021). In 2024, Congress reauthorized a similar requirement with respect to federal airport construction funding. FAA Reauthorization Act of 2024 § 730(a), Pub. L. No. 118-63; *see also* 49 U.S.C. § 47113(b).

2.    The statutory provisions governing the DBE program provide that the term "socially and economically disadvantaged individuals" has the meaning given by "section 8(d) of the Small Business Act (15 U.S.C. 637(d)) and relevant subcontracting regulations issued pursuant to that Act, except that women shall be presumed to be socially and economically disadvantaged individuals for purposes of this subsection." IIJA § 11101(e)(2)(B); *see also* 49 U.S.C. § 47113(a)(2).

3.    Section 8(d) of the Small Business Act and its implementing regulations create a rebuttable presumption that "Black Americans," "Hispanic Americans," "Native Americans," "Asian Pacific Americans," and "Subcontinent Asian Americans" are disadvantaged. *See* 15 U.S.C. § 637(d)(3); 13 C.F.R. §§ 124.103(b)(1), 124.104(a).

4.    Accordingly, USDOT's DBE regulations mandate that state and local funding recipients consider members of those groups, as well as women, to be "rebuttably presumed to be socially and economically disadvantaged." 49 C.F.R. §§ 26.67(a)(1), 26.5.

## II. Stipulations

5. Defendants, upon review of the DBE program and their position in this litigation, have determined that the program's use of race- and sex-based presumptions is unconstitutional.

6. The Parties have previously acknowledged, and this Court has found, that the DBE program's race-based presumption is subject to strict scrutiny and that the program's sex-based presumption is subject to intermediate scrutiny. *See* Dkt. No. 32 at 12 n.3, 13; Dkt. No. 40 at 15, n.6; Dkt. No. 44 at 15, 22. Defendants previously defended the presumptions as seeking to remedy past discrimination. *See* Dkt. No. 32 at 13-19. Defendants, however, have reevaluated their position, including in light of the Supreme Court's decision in *Students for Fair Admissions, Inc. v. President & Fellows of Harvard College*, 600 U.S. 181 (2023) ("*SFFA*").

7. Consistent with *SFFA*'s prohibition against the government's use of race as a stereotype and/or a negative and rejection of similarly overbroad or underinclusive racial categories, USDOT has determined that the race- and sex-based presumptions in its DBE program can no longer pass constitutional scrutiny. Race- and sex-based government programs are also constitutionally infirm if indefinite in length and Congress must consider the length of time a race- or sex-based program has been in place and include a time for its conclusion when creating or renewing these programs.

8. Accordingly, Defendants stipulate and agree that the DBE program's use of race- and sex-based presumptions of social and economic disadvantage, as described above, violates the equal protection component of the Due Process Clause of the Fifth Amendment of the U.S. Constitution.

9. Defendants do not admit to liability under the Constitution or laws of the United States and assert that they acted in full compliance with all applicable laws; provided, however,

that Defendants stipulate for the purposes of this Consent Order that the determination of DBE eligibility using race- and sex-based presumptions, as reauthorized by the IIJA, and in the FAA Reauthorization Act of 2024, is not supported by the Constitution as currently interpreted under equal protection jurisprudence.

10. Defendants further stipulate and agree to pay Plaintiffs' reasonable attorneys' fees and costs incurred in the prosecution of their claims in this action up until the filing of the Joint Motion for Entry of Consent Order, as agreed upon by the Parties or, absent agreement, as determined and ordered by the Court. Within 60 days of entry of this Consent Order, the Parties will file a joint status report with the Court informing it whether the Parties have reached an agreement on the amount of attorneys' fees and costs. If the Parties have not reached an agreement at the time they file the joint status report, they will include a proposed briefing schedule for the amount of attorneys' fees and costs. After briefing has concluded, the Court will determine the amount of attorneys' fees and costs.

**III.   Agreement and Release Declaration and Permanent Injunction**

11. Based on the stipulation set forth in Paragraph 9 above and its independent analysis, the Court hereby holds and declares that the use of DBE contract goals in a jurisdiction, where any DBE in that jurisdiction was determined to be eligible based on a race- or sex-based presumption, violates the equal protection component of the Due Process Clause of the Fifth Amendment.

12. Accordingly, the Court hereby holds and declares that Defendants may not approve any federal, state or local DOT-funded projects with DBE contract goals where any DBE in that jurisdiction was determined to be eligible based on a race- or sex-based

presumption. The Court's declarations are binding on the parties, including all Defendants, in a conclusive final judgment.

13. Based on the stipulation set forth in Paragraph 10 above, the Court orders Defendants to pay Plaintiffs' reasonable attorneys' fees and costs, as agreed upon by the Parties or ordered by the Court.

### IV. Other Provisions

14. The Consent Order, once finally approved and effective—and following the Parties' or the Court's determination, and Defendants' payment, of Plaintiffs' attorneys' fees and costs— resolves in full all claims, agreements, actions, cases, causes of action, compromises, controversies, costs, damages, debts, demands, disputes, expenses, judgments, liabilities, payments, promises, and suits of any nature whatsoever which are based upon or could be based upon or arise from the facts alleged in Plaintiffs' Complaint, whether or not known, against Defendants or their current and former agents, servants, officers, officials, and/or employees, in their individual and official capacities, by Plaintiffs, their agents, heirs, and assigns, involving violations of law or constitutional rights, including, without limitation, their Fifth Amendment rights or any other federal law, regulation, duty, or obligation, or any other legal theory, action or cause of action. When the Consent Order is final, as of the date the Court enters this Order, Plaintiffs, their agents, heirs, and assigns, waive all rights to any and all claims relating to the allegations in the Complaint under any theory or cause of action whatsoever under federal law. This waiver and release shall include a full release and waiver of unknown rights based on claims (including any individual claims) relating to the allegations in the Complaint. Notwithstanding the foregoing, Plaintiffs reserve their rights to make similar claims under state and federal law, against parties other than Defendants or their officers and/or employees.

It is SO ORDERED, this \_\_\_ day of _____, 2025.


_____
GREGORY F. VAN TATENHOVE
United States District Judge
Date:


CONSENTED TO BY:

**FOR PLAINTIFFS:**

                    WISCONSIN INSTITUTE FOR
                    LAW & LIBERTY, INC.

                    */s/ Cara Tolliver*
                    Richard M. Esenberg (WI Bar No. 1005622)
                    Daniel P. Lennington (WI Bar No. 1088694)
                    Cara M. Tolliver (WI Bar No. 1112818)
                    330 East Kilbourn Avenue, Suite 725
                    Milwaukee, WI 53202
                    Telephone: (414) 727-9455
                    Rick@will-law.org
                    Dan@will-law.org
                    Cara@will-law.org

                    COMMONWEALTH COUNSEL GROUP, PLLC
                    Jason M. Nemes (KBA# 90546)
                    Greg Healey (KBA# 99546)
                    10343 Linn Station Road, Suite 100
                    Louisville, KY 40223
                    jason@ccgattorneys.com
                    greg@ccgattorneys.com


**FOR DEFENDANTS:**          /s/Charles E. Enloe

                    U.S. DEPARTMENT OF TRANSPORTATION

                    GREGORY D. COTE
                    *Acting General Counsel*
                    CHARLES E. ENLOE

*Assistant General Counsel*
*for Litigation and Enforcement*
PETER J. PLOCKI
*Deputy Assistant General Counsel*
*for Litigation and Enforcement*

**COUNSEL FOR DEFENDANTS**:    U.S. DEPARTMENT OF JUSTICE
KAREN D. WOODARD
*Chief*
*Employment Litigation Section*
*Civil Rights Division*

/s/Andrew Braniff
ANDREW BRANIFF
(IN Bar No. 23430-71)
*Counsel for the United States*
*Civil Rights Division*
950 Pennsylvania Avenue NW
Washington, DC 20530
(202) 532-5987
Andrew.Braniff@usdoj.gov