UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
FRANKFORT

| | |
|---|---|
| MID-AMERICA MILLING COMPANY, LLC, *et al.*, | ) ) ) |
| Plaintiffs, | ) ) ) |
| v. | ) ) ) |
| UNITED STATES DEPARTMENT OF TRANSPORTATION, *et al.*, | ) ) ) ) |
| Defendants. | ) |

Civil No. 3:23-cv-00072-GFVT

**ORDER**

\*\*\* \*\*\* \*\*\* \*\*\*

This matter is before the Court upon the parties' Joint Motion to Stay.[1] [R. 69.] They explain that they seek, following the recent change in administrations and recent executive orders, a stay of "all deadlines set forth in the Scheduling Order…for a period of 90 days to permit Defendants the opportunity to consider their litigating position in this case and the Parties an opportunity to explore settlement." *Id.* at 2. They note that the Court's preliminary injunction would not be affected by the stay and they agree to submit a joint status report to the Court within 10 days of the conclusion of the proposed stay. Also pending is a Joint Motion to Extend Deadline to make the various deadlines in this case relative to the Court's resolution of the motion to stay. [R. 75.]

---

[1] The Court notes that when this motion was filed the "Intervenor DBEs," [*see* R. 57], were not yet parties to the action. They are now parties as a consequence of Magistrate Judge Atkins Memorandum Opinion and Order granting their motion to intervene. [R. 78.] However, in their response to the Joint Motion to Stay the Intervenor DBEs noted no opposition – rather they simply wanted to ensure that their Motion to Intervene was addressed in the interim. [R. 72.] As that concern is now moot the Court treats the Joint Motion to Stay as unopposed.

The Plaintiffs and Government Defendants (as opposed to the Intervenor DBE Defendants) have now submitted a Joint Motion for Entry of Consent Order. [R. 82.] The Intervenor DBEs have indicated their intention to oppose that joint motion. [R. 83.] In essence the proposed Consent Order entails the Government agreeing with the Plaintiffs that the DBE program's use of race- and sex-based presumptions is unconstitutional and provides for entry of a permanent injunction. [R. 82-1 at 3-7.] Resolution of the Joint Motion for Entry of a Consent Order therefore presents an even greater reason to stay the deadlines in this case as one possible resolution of that motion would entail no further effort needing to be spent by the litigating parties.

Accordingly, and the Court being otherwise sufficiently advised, it is hereby **ORDERED** as follows:

1. The Parties' Joint Motion to Stay **[R. 69]** is **GRANTED**;

2. The Parties' Joint Motion for Extension of Time **[R. 75]** is **GRANTED**;

3. The remaining pending Motion to Intervene **[R. 53]** is **TAKEN UNDER ADVISEMENT** during the pendency of the stay;

4. The pending Joint Motion for Entry of Consent Order **[R. 82]** is **TAKEN UNDER ADVISEMENT** during the pendency of the stay. The parties may continue briefing the issue consistent with LR 7.1;

5. The scheduling deadlines set forth in the Court's Scheduling Order, [R. 52], shall be extended by the period of time running from the day the Parties' Joint Motion to Stay was filed on February 10, 2025, [R 69], to the date of the entry of this Order;

6. This case shall be **STAYED** for **ninety (90)** days from the entry of this Order. All pending deadlines, shall also be stayed for ninety (90) days. After ninety (90) days

from the entry of this Order, the Court will entertain a motion to return the case to the active docket.

This the 5th day of June, 2025.

Gregory F. Van Tatenhove
United States District Judge