## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF KENTUCKY
## CENTRAL DIVISION
## FRANKFORT

MID-AMERICA MILLING CO., et al.

        Plaintiffs

        v.

UNITED STATES DEPARTMENT OF
TRANSPORTATION, et al.

        Defendants.

Civil Action No.
3:23-CV-00072-GFVT-EBA

## BRIEF OF AMICI CURIAE
## STATES OF MARYLAND, ILLINOIS, WASHINGTON, ARIZONA, CALIFORNIA, COLORADO, CONNECTICUT, DELAWARE, DISTRICT OF COLUMBIA, HAWAI'I, MAINE, MASSACHUSETTS, MICHIGAN, MINNESOTA, NEVADA, NEW JERSEY, NEW MEXICO, NEW YORK, OREGON, RHODE ISLAND, WISCONSIN, AND VERMONT

ANTHONY G. BROWN
Attorney General of Maryland

VIRGINIA A. WILLIAMSON
JAMES C. LUH
Assistant Attorney Generals
Office of the Attorney General
200 Saint Paul Place, 20th Floor
Baltimore, Maryland 21202
410-576-6584
vwilliamson@oag.state.md.us

Attorneys for State of Maryland

*[additional counsel listed on signature page]*

# TABLE OF CONTENTS

PRELIMINARY STATEMENT........................................................................................ 1

INTEREST OF THE AMICI CURIAE STATES........................................................... 2

BACKGROUND ............................................................................................................ 3

ARGUMENT .................................................................................................................. 5

      I.      The Proposed Consent Order Is Inappropriate Because Its Nationwide Scope Would Extend Relief Beyond What is Necessary to Afford Complete Relief to the Plaintiffs. ...................................................................................................... 5

      II.     The Original Parties' Motion Improperly Asks the Court to Endorse Legal Positions on Which They Agree, Rather Than to Resolve a "Case or Controversy." ................................................................................................... 7

CONCLUSION.............................................................................................................. 10

# TABLE OF AUTHORITIES

**CASES**

*Arizona v. City & County of San Francisco*,
 142 S. Ct. 1926 (2022) (mem.) ............................................................... 9

*Califano v. Yamasaki*,
 442 U.S. 682 (1979) ................................................................................. 5

*Frew ex rel. Frew v. Hawkins*,
 540 U.S. 431 (2004) ................................................................................. 7

*Gill v. Whitford*,
 138 S. Ct. 1916 (2018) ............................................................................. 5

*Horne v. Flores*,
 557 U.S. 433 (2009) .............................................................................. 8, 9

*Lewis v. Casey*,
 518 U.S. 343 (1996) ................................................................................. 5

*Mexichem Specialty Resins, Inc. v. EPA*,
 787 F.3d 544 (D.C. Cir. 2015) ............................................................... 10

*Moore v. Charlotte-Mecklenburg Bd. of Educ.*,
 402 U.S. 47 (1971) (per curiam) .............................................................. 8

*Pool v. City of Houston*,
 87 F.4th 733 (5th Cir. 2023) ................................................................. 8, 9

*Rufo v. Inmates of Suffolk Cnty. Jail*,
 502 U.S. 367 (1992) ................................................................................. 7

*Texas v. New Mexico*,
 144 S. Ct. 1756 (2024) ............................................................................. 9

*United States v. Nat'l Treasury Emps. Union*,
 513 U.S. 454 (1995) ................................................................................. 5

*Williams v. Vukovich*,
 720 F.2d 909 (6th Cir. 1983) ......................................................... 8, 9, 10

**STATUTES**

Equal Protection Clause, U.S. Const. amend. XIV, § 1 ..................................... 3

U.S. Const. art. III .............................................................................................. 2, 8

U.S. Const. art. III, § 2 ......................................................................................... 8

**STATUTES**

Administrative Procedure Act, 5 U.S.C. §§ 551–559, 701–706 .................................... 3, 9

Pub. L. No. 117-58, 135 Stat. 429 (Nov. 15, 2021) ............................................................ 2

## PRELIMINARY STATEMENT

The Court should reject the extraordinary request by the plaintiffs and federal defendants (the "original parties") in this action to issue a nationwide injunction and declaratory judgment based on their agreed conclusion that aspects of the Disadvantaged Business Enterprise ("DBE") Program administered by the U.S. Department of Transportation violate the Constitution.

The States[1] submit this amicus brief because they have a substantial interest in the continued operation of the DBE Program, an interest that would be seriously and permanently impaired by the relief the original parties seek. Congress established the DBE Program and tasked the States with overseeing the administration of major federally funded transportation and infrastructure projects, including ensuring that contracts are awarded in a fair and nondiscriminatory way, incorporating diversity-related goals where appropriate. The States oversee critical transportation projects that would be permanently impaired by an unwarranted disruption of the DBE Program. The States also have an interest in the administration of justice and the preservation of bedrock principles that the requested consent order would offend.

The declaratory and injunctive relief requested in paragraphs 11 and 12 of the proposed consent order, *see* [Proposed] Consent Order ¶¶ 11–12, ECF No. 82, would overstep the Court's authority in several major ways. First, the requested consent order would apply nationwide without any justification. As this Court recognized in its preliminary injunction ruling, injunctive relief in this case should be no broader than necessary to afford complete relief to the plaintiffs.

---

[1] The States participating in this amicus filing are Maryland, Illinois, Washington, Arizona, California, Colorado, Connecticut, Delaware, the District of Columbia, Hawaiʻi, Maine, Massachusetts, Michigan, Minnesota, Nevada, New Jersey, New Mexico, New York, Oregon, Rhode Island, Vermont, and Wisconsin.

1

The original parties have not explained why nationwide relief would be necessary to redress the alleged injury to the plaintiffs, nor have they presented any other justification for nationwide relief.

The requested consent order would also exceed other well-established limits on the authority of the federal courts. The original parties ask the Court not to resolve a live "case or controversy" between them, but to ratify a legal position on which they already agree. Such an order would exceed the limits that Article III of the Constitution places on all federal court action. Moreover, the requested consent order would improperly regulate the operation of the DBE Program with respect to nonparties—including the States—and short-circuit the legal processes that the U.S. Department of Transportation ordinarily must follow to effect a change in policy.

Accordingly, the Court should refuse to enter the original parties' requested consent order.

## INTEREST OF THE AMICI CURIAE STATES

This case and the original parties' request for a consent order implicate at least two major interests of the States: First, the States have participated for decades in the DBE Program in each of their States, and they have vital transportation projects and activities that would be disrupted by a court order that fundamentally altered the administration of the program. Second, the States have an interest in the proper use and functioning of the judicial system.

The DBE Program was established by Congress in 1983 and subsequently reauthorized, most recently in 2021. Pub. L. No. 117-58, § 11101(e), 135 Stat. 429, 448–50 (Nov. 15, 2021) (codified at 23 U.S.C. § 101 note). The program is designed to remedy ongoing discrimination and the continuing effects of past discrimination in transportation activities supported by the U.S. Department of Transportation and ensure that small businesses owned and controlled by socially and economically disadvantaged individuals have a fair opportunity to compete for federally funded contracts.

The States all participate in the DBE Program.  They have established DBE programs in conformance with applicable statutory requirements and regulations that were promulgated by the U.S. Department of Transportation.  Each State has ongoing transportation projects and activities for which contracts have been issued under the DBE Program and that would be disrupted by court action affecting the administration of the DBE Program.  Many of these projects are vital to State, national, and international commerce and the ability of Americans to travel safely and efficiently between home, school, jobs, worship, medical care, and other life activities.

The States, like all participants in our democracy, also have a strong interest in a robust judicial system operating within the Framers' constitutional design.  The original parties' motion implicates broader issues concerning the judicial role, the proper uses of the judicial process, and the separation of powers.

## BACKGROUND

This case was originally filed on October 26, 2023, by plaintiffs Mid-America Milling Co. LLC and Bagshaw Trucking, Inc.  The complaint named as defendants the U.S. Department of Transportation and the Secretary of Transportation, the Administrator of the Federal Highway Administration, and the Division Administrator of the Kentucky Division of the Federal Highway Administration, in their official capacities.  The suit asserted that the statute and regulations governing the DBE Program violate the equal protection principle within the Fifth Amendment Due Process Clause, U.S. Const. amend. XIV, § 1, and the Administrative Procedure Act, 5 U.S.C. §§ 551–559, 701–706, and sought declaratory and injunctive relief.  Verified Compl., ECF No. 1.

The plaintiffs filed a motion for preliminary injunction.  On September 23, 2024, the Court entered an order granting the motion and applying its order to the plaintiffs in the states within which they operate.  Op. and Order, ECF No. 44.  The Court also denied a motion to dismiss filed by the federal defendants without prejudice pending the resolution of any interlocutory appeal of

the preliminary injunction.  Op. and Order, ECF No. 44.  On October 31, 2024, the Court entered a further order clarifying the scope of the preliminary injunction.  Op. and Order, ECF No. 50.

After the inauguration of President Trump in January 2025, an advocacy organization, three trade organizations, and two businesses moved to intervene in this case as defendants.  The magistrate judge granted the motion to intervene, noting that Executive Orders issued by President Trump and other actions by the federal defendants suggested that the defendants were "considering a change in position that would result in their not defending the constitutionality of the DBE program."  Mem. Op. and Order 13, ECF No. 76.

On May 28, 2025, the original parties filed a Joint Motion for Entry of Consent Order, ECF No. 82, with a proposed consent order for entry by the Court.  Paragraphs 5 to 10 of the proposed consent order recite various stipulations agreed to by the original parties, among them a statement that the federal defendants have reevaluated their position and "have determined that the [DBE] program's use of race- and sex-based presumptions is unconstitutional."  [Proposed] Consent Order ¶¶ 5–10.  Paragraphs 11 and 12 of the proposed consent order contain injunctive and declaratory relief that would adopt the original parties' present agreed legal position and would restrict the federal defendants' actions concerning "federal, state or local DOT-funded projects" as follows:

> 11. Based on the stipulation set forth in Paragraph 9 above and its independent analysis, the Court hereby holds and declares that the use of DBE contract goals in a jurisdiction, where any DBE in that jurisdiction was determined to be eligible based on a race- or sex-based presumption, violates the equal protection component of the Due Process Clause of the Fifth Amendment.
>
> 12. Accordingly, the Court hereby holds and declares that Defendants may not approve any federal, state or local DOT-funded projects with DBE contract goals where any DBE in that jurisdiction was determined to be eligible based on a race- or sex-based presumption. The Court's declarations are binding on the parties, including all Defendants, in a conclusive final judgment.

[Proposed] Consent Order ¶¶ 11–12.

# ARGUMENT

I. **THE PROPOSED CONSENT ORDER IS INAPPROPRIATE BECAUSE ITS NATIONWIDE SCOPE WOULD EXTEND RELIEF BEYOND WHAT IS NECESSARY TO AFFORD COMPLETE RELIEF TO THE PLAINTIFFS.**

The original parties have made an extraordinary request. They ask the Court to enter a consent order that would permanently bar the federal defendants from approving U.S. Department of Transportation funding for *any* project in *any* State in which the bidding process was affected by what the original parties view as the impermissible consideration of race or sex, regardless of whether the plaintiffs themselves have any connection to the State or the project. Traditional equitable principles cut against such a sweeping order, which would far exceed the scope that the Court determined was appropriate for preliminary relief, would stretch far more broadly than needed to redress the plaintiffs' alleged injuries, and would inflict substantial and permanent harm on the States and other nonparties.

The Supreme Court has instructed district courts that "[a] plaintiff's remedy must be tailored to redress the plaintiff's particular injury," *Gill v. Whitford*, 138 S. Ct. 1916, 1934 (2018), and "limited to the inadequacy that produced the injury in fact that the plaintiff has established," *id.* at 1931 (quoting *Lewis v. Casey*, 518 U.S. 343, 357 (1996)). Harms outside these bounds are "not the proper object of th[e] District Court's remediation." *Lewis*, 518 U.S. at 357. Likewise, an equitable remedy may not be "more burdensome to the defendant than necessary to [redress]" the plaintiff's injuries. *Califano v. Yamasaki*, 442 U.S. 682, 702 (1979). Additionally, courts may not craft remedies that unnecessarily alter the rights or positions of nonparties. *See United States v. Nat'l Treasury Emps. Union*, 513 U.S. 454, 478, 480 (1995) (reversing remedy "insofar as it grant[ed] relief to parties not before the Court," reasoning that "we neither want nor need to provide relief to nonparties when a narrower remedy will fully protect the litigants").

The requested consent order is triply violative of these principles. First, the order is not tailored to remedy only the plaintiffs' specific, alleged harms. Rather, it would bar the federal defendants from approving transportation projects across the country, regardless of whether those approvals would, or even could, harm the plaintiffs. The plaintiffs have not shown that a nationwide injunction is necessary or in any way tailored to address their alleged injuries. Second, the proposed injunction is overbroad because it would be far more burdensome than necessary to provide the plaintiffs with complete relief. The order the original parties seek would effectively dismantle a congressionally established program that has existed for more than 40 years and that Congress has repeatedly reauthorized, most recently in 2021. Thus, any remedy this Court issues must be tailored to resolve the plaintiffs' claims while leaving untouched DBE program operations that do not affect the plaintiffs, permitting the defendants to effectuate the program as Congress intended except where the plaintiffs face concrete harm. Finally, and most significantly for the States, a permanent injunction of the kind the original parties seek would seriously impair the States' administration of federally funded transportation programs, disrupting processes for selecting contractors for infrastructure projects that were established in conformance with applicable statutory requirements and DOT regulations. The States are not parties to this litigation and should not be unwilling objects of an injunction that is broader than necessary to afford the plaintiffs complete relief. The proposed consent order would effect an end run around well-established traditional equitable principles that require tailored remedies, and nothing in the record supports the all-encompassing injunction that the original parties seek.

Indeed, the Court reached a similar conclusion last year, when it denied the plaintiffs' earlier request for nationwide injunctive relief and declared such a remedy "unwise" in the circumstances of this case. Op. and Order 25, ECF No. 44. Such a sweeping remedy remains

unwise. While the States do not contend that universal injunctions are always suspect, they maintain that courts must craft remedies appropriate to the particular case, and nationwide relief is neither warranted nor appropriate here.

The original parties have not explained why nationwide relief would be necessary to redress any injury to the plaintiffs, nor have they presented any other justification for nationwide relief. The Court should deny their request to enter a national injunction.

## II. THE ORIGINAL PARTIES' MOTION IMPROPERLY ASKS THE COURT TO ENDORSE LEGAL POSITIONS ON WHICH THEY AGREE, RATHER THAN TO RESOLVE A "CASE OR CONTROVERSY."

As discussed above, the States are filing this amicus brief in part to advance their paramount interest in the proper use and functioning of the judicial system. The consent decree proposed by the original parties would threaten core principles of our system of justice. The original parties' motion asks the Court to endorse legal positions on which they agree, rather than to resolve a "case or controversy" between them. And it seeks to do so without regard for the rights of other interested persons or the laws that govern the U.S. Department of Transportation in its administration of the DBE Program.

The Supreme Court has long recognized that federal courts have authority to resolve litigation through consent judgments negotiated between the parties. But that authority is bounded by constitutional and statutory limits on the authority of the federal courts. *See, e.g.*, *Rufo v. Inmates of Suffolk Cnty. Jail*, 502 U.S. 367, 378 (1992) (noting that consent decrees are "subject to the rules generally applicable to other judgments and decrees"); *Loc. No. 93, Int'l Ass'n of Firefighters v. City of Cleveland*, 478 U.S. 501, 525 (1986) ("[A] consent decree must spring from and serve to resolve a dispute within the court's subject-matter jurisdiction."); *accord Frew ex rel. Frew v. Hawkins*, 540 U.S. 431, 437 (2004).

7

One important limitation on a court's authority to enter a consent decree is Article III of the Constitution, which limits federal court action to "Cases" and "Controversies." U.S. Const. art. III, § 2. Federal court action requires a genuine dispute between adverse parties. A court may not act to simply ratify legal conclusions parties have agreed upon. In *Pool v. City of Houston*, 87 F.4th 733 (5th Cir. 2023), for example, the Fifth Circuit considered a declaratory judgment that had been entered when the parties agreed that Houston voter-registration laws were unconstitutional. The court vacated the declaratory judgment and directed dismissal of the case. The court explained, "It is well-settled that, where the parties agree on a constitutional question, there is no adversity and hence no Article III case or controversy. . . . [F]aux disputes do not belong in federal court." *Id.* at 733–34. Another example is *Moore v. Charlotte-Mecklenburg Board of Education*, 402 U.S. 47 (1971) (per curiam), where the Supreme Court concluded that because "both litigants desire[d] precisely the same result, namely a holding that the anti-busing statute is constitutional," the case presented no Article III case or controversy and had to be dismissed. *Id.* at 48. In accord with these principles, the Sixth Circuit has instructed that courts must reject a consent decree that is a "product of collusion." *Williams v. Vukovich*, 720 F.2d 909, 920 (6th Cir. 1983); *see also Horne v. Flores*, 557 U.S. 433, 449 (2009) (noting that consent decrees raise a risk of improper collusion). That is exactly what the original parties have presented to the Court. Although the federal defendants previously defended the suit, the government's position appears to have changed with the incoming Administration, and now the plaintiffs and the federal defendants are fully aligned. *See* [Proposed] Consent Order ¶¶ 5–9. The original parties are asking the Court to enter a proposed consent order mandating relief that they could not obtain absent a collusive agreement—indeed, relief the Court refused to enter on a preliminary basis. Article III

8

does not permit the Court to enter a judgment to resolve a "faux dispute" of this kind. *Pool*, 87 F.4th at 734.

The consent judgment requested by the original parties is especially improper because it would purport to control action by the U.S. Department of Transportation on "any federal, state or local DOT-funded projects," [Proposed] Consent Order ¶¶ 11–12, regardless of whether those projects have any connection to the plaintiffs in this case. But consent judgments should not purport to affect the rights and interests of nonconsenting parties (such as the intervenor defendants) or nonparties (such as the amici States). *See Texas v. New Mexico*, 144 S. Ct. 1756, 1765 (2024); *Loc. No. 93, Int'l Ass'n of Firefighters*, 478 U.S. at 529; *Williams*, 720 F.2d at 921 (stating that a court must "consider the fairness of the decree to those affected"). And consent judgments should not create ways for government parties to circumvent or subvert legislative, administrative, or political processes. Here, the U.S. Department of Transportation has the authority and ability to alter its program on its own through normal administrative processes, subject to the requirements of the Constitution, the statutes underpinning the DBE Program, and other relevant laws such as the Administrative Procedure Act. If the U.S. Department of Transportation believes that the regulations governing the program are flawed, it can seek to amend them through regular processes. What it cannot do—and what the Court should not permit it to do—is obtain vacatur of those regulations by purporting to "settle" a dispute in a manner that far exceeds any relief warranted in the case. *See, e.g.*, *Horne v. Flores*, 557 U.S. 433, 449 (2009) (noting that consent decrees raise a risk of unwarranted disruption of governmental processes); *Arizona v. City & County of San Francisco*, 142 S. Ct. 1926, 1928 (2022) (mem.) (Roberts, C.J., concurring) (questioning the propriety of an agency's decision to discontinue defense of a rule adopted by the prior Administration and then to rely on the earlier adverse court rulings as a basis

9

for repealing the rule); *Williams*, 720 F.2d at 920 (stating that a court must not enter a consent decree that is "contrary to the public interest"); *see also Mexichem Specialty Resins, Inc. v. EPA*, 787 F.3d 544, 557 (D.C. Cir. 2015) (stating that courts should not enable "rescission by concession").  These concerns are especially acute here given that the original parties are asking the Court for constitutional rulings.

## CONCLUSION

For the reasons above, the Court should not enter the consent order proposed by the original parties.


Date: June 24, 2025                     ANTHONY G. BROWN
                                        Attorney General of Maryland

                                        */s/ Virginia A. Williamson*
                                        VIRGINIA A. WILLIAMSON
                                        JAMES C. LUH
                                        Assistant Attorney Generals
                                        Office of the Attorney General
                                        200 Saint Paul Place, 20th Floor
                                        Baltimore, Maryland 21202
                                        410-576-6584
                                        vwilliamson@oag.state.md.us

                                        Attorneys for State of Maryland


                                        **List of Additional Amici States Below**

10

KWAME RAOUL
*Attorney General*
*State of Illinois*
115 S. LaSalle Street
Chicago, IL 60603

KRIS MAYES
*Attorney General*
*State of Arizona*
2005 N. Central Ave
Phoenix, AZ 85004

PHILIP J. WEISER
*Attorney General*
*State of Colorado*
1300 Broadway
Denver, CO 80203

KATHLEEN JENNINGS
*Attorney General*
*State of Delaware*
820 N. French Street
Wilmington, DE 19801

ANNE E. LOPEZ
*Attorney General*
*State of Hawaiʻi*
425 Queen Street
Honolulu, HI 96813

ANDREA JOY CAMPBELL
*Attorney General*
*Commonwealth of Massachusetts*
One Ashburton Place
Boston, MA 02108

KEITH ELLISON
*Attorney General*
*State of Minnesota*
102 State Capitol
75 Rev. Dr. Martin Luther King Jr. Blvd.
St. Paul, MN 55155

NICHOLAS W. BROWN
*Attorney General*
*State of Washington*
1125 Washington Street SE, P.O. Box 40100
Olympia, WA 98504-0100

ROB BONTA
*Attorney General*
*State of California*
1300 I Street
Sacramento, CA 95814

WILLIAM TONG
*Attorney General*
*State of Connecticut*
165 Capitol Avenue
Hartford, CT 06106

BRIAN L. SCHWALB
*Attorney General*
*District of Columbia*
400 6th Street, NW, Suite 8100
Washington, DC 20001

AARON M. FREY
*Attorney General*
*State of Maine*
6 State House Station
Augusta, ME 04333

DANA NESSEL
*Attorney General*
*State of Michigan*
525 W. Ottawa Street, P.O. Box 30212
Lansing, MI 48909

AARON D. FORD
*Attorney General*
*State of Nevada*
100 N. Carson Street
Carson City, NV 89701

11

MATTHEW J. PLATKIN
*Attorney General*
*State of New Jersey*
25 Market Street
Trenton, NJ 08625

LETITIA JAMES
*Attorney General*
*State of New York*
28 Liberty Street
New York, NY 10005

PETER F. NERONHA
*Attorney General*
*State of Rhode Island*
150 South Main Street
Providence, RI 02903

JOSHUA L. KAUL
*Attorney General*
*State of Wisconsin*
17 W. Main Street
Madison, WI 53703

RAÚL TORREZ
*Attorney General*
*State of New Mexico*
408 Galisteo Street
Santa Fe, New Mexico 87501

DAN RAYFIELD
*Attorney General*
*State of Oregon*
1162 Court Street NE
Salem, OR 97301

CHARITY R. CLARK
*Attorney General*
*State of Vermont*
109 State Street
Montpelier, VT 05609

12