# EXHIBIT A

Case: 3:23-cv-00072-GFVT-EBA   Doc #: 101-1   Filed: 06/25/25   Page: 1 of 19 - Page ID#: 1285

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION AT FRANKFORT

MID-AMERICA MILLING COMPANY,
LLC, *et al.*,

    *Plaintiffs*,

v.

UNITED STATES DEPARTMENT OF
TRANSPORTATION, *et al.*,

    *Defendants*.

Case No. 3:23-cv-00072-GFVT-EBA

**BRIEF OF *AMICUS CURIAE* MINORITY VETERANS OF AMERICA IN SUPPORT OF INTERVENOR-DEFENDANTS' OPPOSITION TO JOINT MOTION FOR ENTRY OF CONSENT ORDER**

## CORPORATE DISCLOSURE STATEMENT

Minority Veterans of America is a non-profit entity. It has no parent corporation, and no publicly owned corporation owns ten percent or more of its stock.

# TABLE OF CONTENTS

Page

CORPORATE DISCLOSURE STATEMENT ................................................................................ i
INTEREST OF AMICUS CURIAE ............................................................................................... 1
SUMMARY OF ARGUMENT ...................................................................................................... 2
ARGUMENT .................................................................................................................................. 3

    A.    Minority and Women Veterans Are Underrepresented Among Veteran Business Owners. ........................................................................................................ 4

    B.    Minority and Women Veterans Face Barriers to Small Business Success Rooted in Historical and Continuing Discrimination. .................................................. 6

    C.    The Barriers Facing MVA's Members Also Impact Intervenor DBEs and Other Minority-and Woman-Owned Small Businesses. ........................................... 8

    D.    Entry of the Proposed Consent Order Threatens to Prevent Minority and Women Veterans from Obtaining Access to Federal Transportation Contracts. ................................................................................................................... 9

CONCLUSION ............................................................................................................................ 111

# TABLE OF AUTHORITIES

## FEDERAL CASES

*Pedreira v. Sunrise Children's Servs., Inc.*,
   802 F.3d 865 (6th Cir. 2015) ..................................................................................4

*Students for Fair Admissions, Inc. v. President & Fellows of Harvard Coll.*,
   600 U.S. 181 (2023)..................................................................................................3

## FEDERAL RULES AND REGULATIONS

49 C.F.R.
   § 26.67(a) ..................................................................................................................3
   § 26.67(d) ................................................................................................................10

## OTHER AUTHORITIES

Rachel Arledge et al., *Veteran-Owned Businesses Generated About 5.3% of Employer Firm Revenue*, U.S. Census Bureau (Oct. 25, 2023), https://www.census.gov/library/stories/2024/11/veteran-owned-businesses.html ..............................................................................................................4, 5

Nyasha Boldon et al., *Bridging the Gap: Motivations, Challenges, and Successes of Veteran Entrepreneurs*, Inst. for Veterans and Military Families (Nov. 2017), https://ivmf.syracuse.edu/wp-content/uploads/2017/11/OperationVetrepreneurshipBRIDGING-THE-GAP_Motivations-Challenges-and-Successes-of-Veteran-EntrepreneursINTERIMACC-1.pdf..................................................................7, 10

*Census Bureau Releases Demographic Characteristics of Nonemployer Business Owners*, U.S. Census Bureau (Aug. 8, 2024), https://www.census.gov/newsroom/press-releases/2024/characteristics-nonemployer-statistics.html ..........................................................................................5

*Data Brief: Women Veteran Entrepreneurs*, Syracuse Univ. (Mar. 2021), https://surface.syr.edu/cgi/viewcontent.cgi?article=1071&context=ivmf&_gl=1*1bxi52e*_gcl_au*MTgzOTk1MDYyNy4xNzUwMTQxMzQ2*_ga*MjM2ODM1MDcuMTc1MDE0MTM0Ng..*_ga_QT13NN6N9S*czE3NTAxNDEzNDYkbzEkZzEkdDE3NTAxNDM5MTQkajUkbDAkaDA .......................................................7

Gerald F. Goodwin, *Black and White in Vietnam*, New York Times (July 18, 2017) ..........................................................................................................................5

Library of Congress, *Racial, Ethnic, and Religious Minorities in the Vietnam War: A Resource Guide*, https://guides.loc.gov/racial-ethnic-and-religious-minorities-in-the-vietnam-war ...............................................................................5

Rosalinda Maury et al., *Asian Americans and Pacific Islanders in the Military: From Service to Civilian Life*, Argument, Syracuse Univ. (May 2021), https://surface.syr.edu/cgi/viewcontent.cgi?article=1295&context=ivmf&_gl= 1*1f1oq8l*_gcl_au*MTgzOTk1MDYyNy4xNzUwMTQxMzQ2*_ga*MjM2 ODM1MDcuMTc1MDE0MTM0Ng..*_ga_QT13NN6N9S*czE3NTAxNDEz NDYkbzEkZzEkdDE3NTAxNDI0MzkkajQ0JGwwJGgw ......................................................... 6

Rosalinda Maury et al., *Hispanics and Latinos in the Military: Hispanics and Latinos in the Military: The Path from Service to Veteran Entrepreneurship*, Syracuse Univ. (Sept. 2022), https://surface.syr.edu/cgi/viewcontent.cgi?article=1404&context=ivmf&_gl= 1*hjfoyi*_gcl_au*MTgzOTk1MDYyNy4xNzUwMTQxMzQ2*_ga*MjM2O DM1MDcuMTc1MDE0MTM0Ng..*_ga_QT13NN6N9S*czE3NTAxNDEzN DYkbzEkZzEkdDE3NTAxNDE3NjEkajUkbDAkaDA ......................................... 6, 7

*Missing Perspectives: Black & African Americans in the Military—From Service to Civilian Life*, Syracuse Univ. (Feb. 2022), https://surface.syr.edu/cgi/viewcontent.cgi?article=1434&context=ivmf&_gl= 1*Iv0rl3e*_gcl_au*MTgzOTk1MDYyNy4xNzUwMTQxMzQ2*_ga*MjM2 ODM1MDcuMTc1MDE0MTM0Ng..*_ga_QT13NN6N9S*czE3NTAxNDEz NDYkbzEkZzEkdDE3NTAxNDI3ODEkajYwJGwwJGgw; ................................................ 6, 7

*Missing Perspectives: Women in the Military – From Service to Civilian Life*, Syracuse Univ. (Mar. 2022), https://ivmf.syracuse.edu/wp-content/uploads/2022/04/IVMF-Missing-Perspectives-Women-in-the-Military-March-2022_v3.pdf ............................................................................................ 6

Sidra Montgomery et al., *Millennial Veteran Entrepreneurship: Research on the Next Generation of Veteran Entrepreneurs*, U.S. Small Bus. Admin (June 2021), https://advocacy.sba.gov/wp-content/uploads/2021/06/Millennial-Veteran-Entrepreneurship-Research-On-The-Next-Generation-Of-Veteran-Entrepreneurs.pdf .......................................................................................................... 5

National Center for Veterans Analysis and Statistics, *Veteran Pollution Projections 2020-2040*, U.S. Dep't of Veteran Affairs (2020), https://www.va.gov/vetdata/docs/Demographics/New_Vetpop_Model/Vetpop _Infographic2020.pdf ................................................................................................. 4

*Native Americans in the Military from Service to Civilian Life*, Syracuse Univ. (Nov. 2021), https://surface.syr.edu/cgi/viewcontent.cgi?article=1345&context=ivmf&_gl= 1*1uahe18*_gcl_au*MTgzOTk1MDYyNy4xNzUwMTQxMzQ2*_ga*MjM2 ODM1MDcuMTc1MDE0MTM0Ng..*_ga_QT13NN6N9S*czE3NTAxNDEz NDYkbzEkZzEkdDE3NTAxNDI0NDAkajQzJGwwJGgw ......................................... 6

U.S. Census Bureau, *Quick Facts*, https://www.census.gov/quickfacts/fact/table/US/PST040224 ................................... 4

## INTEREST OF AMICUS CURIAE[1]

*Amicus Curiae* Minority Veterans of America ("MVA") is a nationwide, non-partisan, nonprofit organization working to foster belonging and advance equity for the minority veteran community—including racial and ethnic minority veterans, woman veterans, LGBTQ+ veterans, and non-religious and religious minority veterans—many of whom have felt marginalized, underserved, and underrepresented during their time in military service and afterward. MVA's members include small business owners and entrepreneurs, who face systematic inequities and barriers. MVA advocates on their behalf to reduce obstacles to veteran success.

MVA's central belief is that effectively supporting minority service members and veterans begins by recognizing that social and structural inequities lie at the heart of the problem. MVA's advocacy efforts therefore focus on systemic policy changes to improve the lives of vulnerable service members and veteran populations. In service of these goals, MVA has advocated before Congress, the Department of Defense, and the Department of Veterans Affairs, and MVA has joined or submitted *amicus* briefs to the Supreme Court and other Federal courts in cases directly affecting minority service members and veterans.

MVA has a strong interest in preserving programs like the Department of Transportation's Disadvantaged Business Enterprise Program ("DBE Program"), which seeks to combat the present effects of the past and ongoing discrimination facing minority and women veterans. That discrimination has fortified the barriers to entry for minority and women veterans seeking to establish and maintain businesses that rely on federal transportation contracts. The experiences of minority and women veterans, and their challenges to access capital and break into existing industry networks due to the impacts of discrimination, echo the experiences described by

---

[1] *Amicus* certifies that no party's counsel authored this brief in whole or in part, and no person or entity other than *Amicus* or its counsel contributed money that was intended to fund preparing or submitting of this brief.

1

Intervenor DBEs.[2] Like Intervenor DBEs, MVA's members would face increased barriers to accessing federal transportation contracts if the Court grants the relief sought in the Proposed Consent Order and declares unconstitutional the parts of the DBE Program intended to address the impacts of discrimination.

MVA thus supports Intervenor DBEs' opposition to entry of the Proposed Consent Order to ensure that the Court has the benefit of a complete evidentiary record before ruling conclusively on the constitutionality of the rebuttable presumptions under the DBE Program.

## SUMMARY OF ARGUMENT

Eleven days ago, our Nation celebrated the 250th anniversary of the founding of the U.S. Army. While our Nation has sought to recognize the valiant efforts of servicemembers through parades and holidays, we have too often failed to deliver on the more fundamental promise of dismantling the barriers to veterans' equal participation in society, including those erected and fortified by discrimination. Programs like the DBE Program are the exception and serve as an important lifeline that provides minority and women veterans an opportunity to succeed in industries that have historically excluded them. The Original Parties'[3] request to hold the heart of the DBE Program unconstitutional without any opportunity for Intervenor DBEs to present evidence and arguments will unwind the progress made under the DEB Program and retract the lifeline before minority and women veterans returning home have the chance to grab it.

*Amicus* MVA represents minority veterans who face the types of discrimination that the DBE Program intends to address. Minority veterans, including women veterans of color, face

---

[2] Intervenor DBEs refers to Intervenor Defendants National Association of Minority Contractors, Women First National Legislative Committee, Airport Minority Advisory Council, Women Construction Owners & Executives, Illinois Chapter, Atlantic Meridian Contracting Corp., and Upstate Steel, Inc.

[3] The Original Parties include Plaintiffs Mid-America Milling Company, LLC and Bagshaw Trucking Inc. (collectively, "Plaintiffs") and Defendants U.S. Department of Transportation, Sean Duffy, Secretary of Transportation, the Administrator of the Federal Highway Administration, and Shundreka Givan, Division Administrator of the Federal Highway Administration's Kentucky Division (collectively, "Defendants").

significant barriers that reflect "specific, identified instances of past discrimination." *Students for Fair Admissions, Inc. v. President & Fellows of Harvard Coll.*, 600 U.S. 181, 207 (2023). These barriers include a lack of access to capital and the professional networks required to start and maintain small businesses. By requesting that the Court hold unconstitutional the rebuttable presumption that minority and women small business owners qualify as socially and economically disadvantaged for the purpose of the DBE Program, the Proposed Consent Order seeks to erect another barrier to the participation of MVA members in the engineering and construction industries. Such holding would dismantle the DBE Program and impair MVA's interest in preserving opportunities for minority and women veterans to overcome the impacts of discrimination that precluded their participation in the first place.

MVA therefore respectfully urges the Court to deny the Original Parties' joint motion to enter the Proposed Consent Order, and instead allow Intervenor DBEs the opportunity to defend the constitutionality of the rebuttable presumptions under the DBE Program on a full evidentiary record.

## ARGUMENT

Demographic data and studies demonstrate the impacts of a long and continuing history of discrimination on minority and women veterans' ability to access the financing and professional networks necessary to pursue business ownership. In this way, the experiences of MVA's members mirror those of the Intervenor DBEs. The DBE Program is designed to address such discrimination by setting DBE contracting goals and recognizing a rebuttable presumption that minority and women small business owners face social and economic disadvantages that support their certification as DBEs. *See* 49 C.F.R. § 26.67(a).

Nevertheless, the Original Parties stipulate that the DBE Program's reliance on the rebuttable presumption that minority and women small business owners face social and economic disadvantages is unconstitutional and ask the Court to enter that stipulation as an order. Proposed Consent Order ¶ 9 (May 28, 2025), ECF No. 82-1 ("Proposed Consent Order"). Based on this stipulation and not on evidence developed by the parties through litigation of these issues,

3

the Original Parties ask the Court to "hold[]" unconstitutional "the use of DBE contract goals in a jurisdiction" where any minority or women small business obtained DBE certification based on the rebuttable presumption.[4]  Proposed Consent Order ¶ 11.  This request threatens to moot Intervenor DBEs' participation in the case mere weeks after the Court approved it and demonstrates the Proposed Consent Order is not "fair, adequate, and reasonable," or "consistent with the public interest." *Pedreira v. Sunrise Children's Servs.*, Inc., 802 F.3d 865, 872 (6th Cir. 2015) (citation and internal quotation marks omitted).  If entered, the request would do damage to small businesses owned by minority and women veterans.

### A. Minority and Women Veterans Are Underrepresented Among Veteran Business Owners.

Data from the U.S. Census Bureau shows that veteran small business owners are more likely to be White and male than nonveteran small business owners.[5]  In 2021, the percentage of veteran-businesses owned by Whites (92.6%) exceeded the percentage of nonveteran-businesses owned by Whites (84.5%).[6]  The eight percent difference exists even though minorities constitute approximately the same percentage of the veteran population as they do the civilian population.[7]

---

[4] While MVA's brief focuses on the scope of Plaintiffs' constitutional challenge to the rebuttable presumption under the DBE Program, MVA shares Intervenor DBEs' concerns that the requested relief in the Proposed Consent Order exceeds the original scope of Plaintiffs' claims and the relief available in this case. *See* Intervenor DBE's Opp. to Joint Mot. for Entry of Consent Order, Sections III(D) and III(E), (June 18, 2025), ECF No. 91.

[5] Rachel Arledge et al., *Veteran-Owned Businesses Generated About 5.3% of Employer Firm Revenue*, U.S. Census Bureau (Oct. 25, 2023), https://www.census.gov/library/stories/2024/11/veteran-owned-businesses.html.

[6] *Id.*

[7] *Compare* National Center for Veterans Analysis and Statistics, *Veteran Pollution Projections 2020-2040*, U.S. Dep't of Veteran Affairs (2020), https://www.va.gov/vetdata/docs/Demographics/New_Vetpop_Model/Vetpop_Infographic2020.pdf *with* U.S. Census Bureau, *Quick Facts*, https://www.census.gov/quickfacts/fact/table/US/PST040224.

Male veterans similarly own over 94% of veteran-businesses compared to only 61% of nonveteran-businesses.[8]

Entrepreneurship rates among millennial veterans also reflect these disparities. A 2021 report prepared for the U.S. Small Business Administration found that although minorities make up nearly 40% of millennial entrepreneurs, minority veterans constitute less than 30% of veteran entrepreneurs.[9] The gap for women veterans is even larger. Women make up 43% of nonveteran entrepreneurs but fewer than 15% of millennial veteran entrepreneurs.[10]

These disparities exist in the context of historical and ongoing discrimination that impacts minority and women veterans. For example, the impacts of institutional racism during the Vietnam War are well documented and reveal that Black veterans were more likely to be drafted, serve as combat troops, and die than their White peers.[11] And those events have carried into the present, as demonstrated by both statistical data and anecdotal evidence, as detailed in subsections B and C, below.

---

[8] *Compare* Arledge et al., *Veteran-Owned Businesses Generated About 5.3% of Employer Firm Revenue*, U.S. Census Bureau (Oct. 25, 2023), https://www.census.gov/library/stories/2024/11/veteran-owned-businesses.html, *with Census Bureau Releases Demographic Characteristics of Nonemployer Business Owners*, U.S. Census Bureau (Aug. 8, 2024), https://www.census.gov/newsroom/press-releases/2024/characteristics-nonemployer-statistics.html.

[9] Sidra Montgomery et al., *Millennial Veteran Entrepreneurship: Research on the Next Generation of Veteran Entrepreneurs*, 24, U.S. Small Bus. Admin (June 2021), https://advocacy.sba.gov/wp-content/uploads/2021/06/Millennial-Veteran-Entrepreneurship-Research-On-The-Next-Generation-Of-Veteran-Entrepreneurs.pdf.

[10] *Id.*

[11] Gerald F. Goodwin, *Black and White in Vietnam*, New York Times (July 18, 2017), https://www.nytimes.com/2017/07/18/opinion/racism-vietnam-war.html; Library of Congress, *Racial, Ethnic, and Religious Minorities in the Vietnam War: A Resource Guide*, https://guides.loc.gov/racial-ethnic-and-religious-minorities-in-the-vietnam-war.

### B. Minority and Women Veterans Face Barriers to Small Business Success Rooted in Historical and Continuing Discrimination.

Studies conducted by the Institute of Veteran Military Families at Syracuse University ("IVMF") demonstrate that systemic barriers, such as a lack of access to capital and credit may explain the lower rates of small business ownership among minority and women veterans.

All of the minority groups surveyed by IVMF identified the lack of access to capital and credit as barriers to entrepreneurship—and minority groups experienced these obstacles at higher rates than their White veteran counterparts.[12] For example, in 2021, 58% of surveyed Hispanic and Latine veteran entrepreneurs identified a lack of sufficient equity funding for their business as a challenge, and 46% reported a lack of access to debt funding.[13] In both cases, White veteran

---

[12] Rosalinda Maury et al., *Hispanics and Latinos in the Military: Hispanics and Latinos in the Military: The Path from Service to Veteran Entrepreneurship*, 5, Syracuse Univ. (Sept. 2022), https://surface.syr.edu/cgi/viewcontent.cgi?article=1404&context=ivmf&_gl=1*hjfoyi*_gcl_au*MTgzOTkIMDYyNy4xNzUwMTQxMzQ2*_ga*MjM2ODM1MDcuMTc1MDE0MTM0Ng..*_ga_QT13NN6N9S*czE3NTAxNDEzNDYkbzEkZzEkdDE3NTAxNDE3NjEkajUkbDAkaDA.; *Native Americans in the Military from Service to Civilian Life*, 4, Syracuse Univ. (Nov. 2021), https://surface.syr.edu/cgi/viewcontent.cgi?article=1345&context=ivmf&_gl=1*1uahe18*_gcl_au*MTgzOTkIMDYyNy4xNzUwMTQxMzQ2*_ga*MjM2ODM1MDcuMTc1MDE0MTM0Ng..*_ga_QT13NN6N9S*czE3NTAxNDEzNDYkbzEkZzEkdDE3NTAxNDI0NDAkajQzJGwwJGg w; Rosalinda Maury et al., *Asian Americans and Pacific Islanders in the Military: From Service to Civilian Life*, Argument, 4, Syracuse Univ. (May 2021), https://surface.syr.edu/cgi/viewcontent.cgi?article=1295&context=ivmf&_gl=1*1f1oq8l*_gcl_au*MTgzOTkIMDYyNy4xNzUwMTQxMzQ2*_ga*MjM2ODM1MDcuMTc1MDE0MTM0Ng..*_ga_QT13NN6N9S*czE3NTAxNDEzNDYkbzEkZzEkdDE3NTAxNDI0MzkkajQ0JGwwJGgw; *Missing Perspectives: Black & African Americans in the Military—From Service to Civilian Life*, 4, Syracuse Univ. (Feb. 2022), https://surface.syr.edu/cgi/viewcontent.cgi?article=1434&context=ivmf&_gl=1*1v0rl3e*_gcl_au*MTgzOTkIMDYyNy4xNzUwMTQxMzQ2*_ga*MjM2ODM1MDcuMTc1MDE0MTM0Ng..*_ga_QT13NN6N9S*czE3NTAxNDEzNDYkbzEkZzEkdDE3NTAxNDI3ODEkajYwJGwwJGg w; *Missing Perspectives: Women in the Military – From Service to Civilian Life*, 3, Syracuse Univ. (Mar. 2022), https://ivmf.syracuse.edu/wp-content/uploads/2022/04/IVMF-Missing-Perspectives-Women-in-the-Military-March-2022_v3.pdf.

[13] Rosalinda Maury et al., *Hispanics and Latinos in the Military: Hispanics and Latinos in the Military: The Path from Service to Veteran Entrepreneurship*, 5, Syracuse Univ. (Sept. 2022), https://surface.syr.edu/cgi/viewcontent.cgi?article=1404&context=ivmf&_gl=1*hjfoyi*_gcl_au*MTgzOTkIMDYyNy4xNzUwMTQxMzQ2*_ga*MjM2ODM1MDcuMTc1MDE0MTM0Ng..*_ga_QT13NN6N9S*czE3NTAxNDEzNDYkbzEkZzEkdDE3NTAxNDE3NjEkajUkbDAkaDA.

entrepreneurs reported these barriers at lower rates—16% fewer White veterans faced issues with access to equity funding, and 14% fewer faced issues related to debt funding.[14]

Similar disparities exist for access to credit and financing. IVMF found that lenders or creditors denied applications by Hispanic and Latine veteran entrepreneurs over twice as often as they did for White veterans.[15] A 2020 survey of veterans likewise revealed that lenders or creditors denied 57% of applications by Black veteran entrepreneurs.[16]

Women veterans also identified a lack of access to capital and financing as barriers to entrepreneurship. Lenders or creditors turned down nearly half of women veteran applicants compared to less than a third of male veterans.[17]

Veterans who operate businesses face additional barriers as well, such as limited professional networks and difficulty developing relationships with mentors.[18] These impacts are likely more acutely felt by minority and women veterans given the historical and present discrimination that prevents them from participating in professional networking opportunities. MVA anticipates that if given the opportunity for discovery during the course of regular

---

[14] *Id.*

[15] *Id.*

[16] *Missing Perspectives: Black & African Americans in the Military—From Service to Civilian Life*, 4, Syracuse Univ. (Feb. 2022), https://surface.syr.edu/cgi/viewcontent.cgi?article=1434&context=ivmf&_gl=1*1v0rl3e*_gcl_au*MTgzOTkIMDYyNy4xNzUwMTQxMzQ2*_ga*MjM2ODM1MDcuMTc1MDE0MTM0Ng..*_ga_QT13NN6N9S*czE3NTAxNDEzNDYkbzEkZzEkdDE3NTAxNDI3ODEkajYwJGwwJGg w.

[17] *Data Brief: Women Veteran Entrepreneurs*, 2, Syracuse Univ. (Mar. 2021), https://surface.syr.edu/cgi/viewcontent.cgi?article=1071&context=ivmf&_gl=1*1bxl52e*_gcl_a u*MTgzOTkIMDYyNy4xNzUwMTQxMzQ2*_ga*MjM2ODM1MDcuMTc1MDE0MTM0Ng..*_ga_QT13NN6N9S*czE3NTAxNDEzNDYkbzEkZzEkdDE3NTAxNDM5MTQkajUkbDAkaD A.

[18] Nyasha Boldon et al., *Bridging the Gap: Motivations, Challenges, and Successes of Veteran Entrepreneurs*, 14, Inst. for Veterans and Military Families (Nov. 2017), https://ivmf.syracuse.edu/wp-content/uploads/2017/11/OperationVetrepreneurshipBRIDGING-THE-GAP_Motivations-Challenges-and-Successes-of-Veteran-EntrepreneursINTERIMACC-1.pdf.

litigation, Intervenor DBEs may identify additional evidence of the ways in which discrimination inhibits the ability of minority and women veterans to start and maintain small businesses that serve federal contracting needs. These evidentiary gaps further demonstrate the importance of resolving the constitutional issues before the Court on a full evidentiary record.

### C. The Barriers Facing MVA's Members Also Impact Intervenor DBEs and Other Minority-and Woman-Owned Small Businesses.

The experiences of MVA's members are consistent with the barriers faced by Intervenor DBEs and other minority-and woman-owned businesses, who also cited the lack of access to financing and professional networks as barriers to starting and maintaining their businesses.

Declarations submitted by DBE owners and representatives in support of Intervenor DBEs' motion to intervene consistently identified access to capital or credit as one of the first areas where the impacts of discrimination presented a barrier to establishing their businesses. Decl. of Kenneth Cantry in Supp. of Mot. to Intervene ¶¶ 37-38 (Jan. 24, 2025), ECF No. 57-7 ("Canty Decl."); Decl. of Eboni Wimbush in Supp. of Mot. to Intervene ¶ 38 (Jan. 24, 2025), ECF No. 57-3 ("Wimbush Decl."); Decl. of Mary Minaghan in Supp. of Mot. to Intervene ¶¶ 14, 18-20, 22-23 (Jan. 24, 2025), ECF No. 57-5 ("Minaghan Decl."); Decl. of Theresa Kern in Supp. of Mot. to Intervene ¶ 8 (Jan. 24, 2025), ECF No. 57-6 ("Kern Decl."). One certified DBE highlighted the discrimination underlying the challenge of obtaining access to capital by explaining how banks denied his credit applications until he found a White business partner. Decl. of Darryl Daniels in Supp. of Mot. to Intervene ¶ 29 (Jan. 24, 2025), ECF No. 57-4 ("Daniels Decl."). For another DBE, such discrimination took the form of a lender forcing him to put up more collateral than his White engineer peers. Cantry Decl. ¶¶ 37-38.

Intervenor DBEs have also explained how the lack of access to professional networks caused by the discrimination faced by minority and women veterans serves as yet another obstacle for their businesses. *See* Wimbush Decl. ¶¶ 16-18, 24-25, 30; Minaghan Decl. ¶ 24; Kern Decl. ¶¶ 13, 19; Cantry Decl. ¶¶ 16-18; Decl. of Lauren Chmielowiec in Supp. of Mot. to Intervene ¶ 14 (Jan 24, 2025), ECF No. 57-8. For example, a DBE representative detailed how

8

"decades of discrimination from prime contractors, banks, businesses, and the government" prevents minority and women small businesses from getting "a foot in the door." Decl. of Wendell Stemley in Supp. of Mot. to Intervene ¶ 40 (Jan. 24, 2025), ECF No. 57-1. Another DBE owner explained how the industry practice of awarding work based on existing relationships precludes minority- and women-owned businesses from getting contracts because they are "newcomers," who "don't start with strong business relationships, which might go back through families for generations." Daniels Decl. ¶ 12. As a result, minority-and women-owned businesses "are constantly playing catch up." Wimbush Decl. ¶ 30.

The DBE Program's rebuttable presumption of social and economic disadvantage seeks to remedy the impacts from this discrimination and allow DBEs to compete for federal transportation contracts on more equal footing. The importance of the DBE Program to MVA's members and other minority and women small business owners militates for the Court considering the constitutionality of the DBE Program's rebuttable presumptions on full evidentiary record—not summarily in the context of five-page Proposed Consent Order.

**D.    Entry of the Proposed Consent Order Threatens to Prevent Minority and Women Veterans from Obtaining Access to Federal Transportation Contracts.**

The Original Parties request that the Court find the rebuttable presumptions under the DBE Program unconstitutional without considering the evidence and expert testimony that Intervenor DBEs will develop through the standard litigation process. Proposed Consent Order ¶ 11. But even the limited evidence available now shows that eliminating the presumption that minority-and women-owned businesses qualify as DBEs will make obtaining DBE certifications harder for minority and women veterans and make it less likely that they will have access to the funds Congress intended to support them. For example, although financial assistance programs exist for veterans with a service-connected disability "with relatively simple requirements," veterans with a disability maintained that "a significant barrier to accessing capital is the number of regulations that have been implemented in an effort to combat fraud among those who do not

9

qualify."[19] Requiring each DBE to apply for certification on a case-by-case basis would have a similar chilling effect. Indeed, the Court has already recognized the difficulty in applying for DBE certification on a case-by-case basis without the current presumption. Opinion & Order at 20 (Sept. 23, 2024), ECF No. 44 (describing the application process as "a high hurdle") (citing 49 C.F.R. § 26.67(d)). Moreover, veterans who lack a service-connected disability do not benefit from such programs.

The Court should decline the Original Parties' invitation to impose the additional barrier of the DBE certification application process on minority and women veterans without providing Intervenor DBEs a full and fair opportunity to litigate the constitutionality of the rebuttable presumptions under the DBE Program.

---

[19] Nyasha Boldon et al., *Bridging the Gap: Motivations, Challenges, and Successes of Veteran Entrepreneurs*, 15, Inst. for Veterans and Military Families (Nov. 2017)5, https://ivmf.syracuse.edu/wp-content/uploads/2017/11/OperationVetrepreneurshipBRIDGING-THE-GAP_Motivations-Challenges-and-Successes-of-Veteran-EntrepreneursINTERIMACC-1.pdf.

## CONCLUSION

For the reasons stated above and in Intervenor DBEs' filings, MVA urges this Court to deny the joint motion for entry of consent order.

Dated: June 24, 2025                                Respectfully submitted,

/s/ *Amy Briggs*
Amy Briggs (CA Bar No. 194028)
  (admission *pro hac vice* pending)
abriggs@fbm.com
John Ugai (CA Bar No. 318565)
  (admission *pro hac vice* pending)
jugai@fbm.com
Farella Braun + Martel LLP
One Bush Street, Suite 900
San Francisco, California 94104
(415) 954-4400

*Counsel for Proposed Amicus Curiae
Minotirty Veterans of America*

11

## CERTIFICATE OF SERVICE

I hereby certify that on June 24, 2025, I filed the foregoing with the Clerk of the Court for the United States District Court for the Eastern District of Kentucky via third-party mail carrier.

Pursuant to Fed. R. Civ. P. 5(b), I also certify that paper copies were mailed via USPS to the following counsel representing the parties in this case:

**Plaintiffs' Counsel**
Cara Tolliver
Daniel P. Lennington
Richard M. Esenberg
Wisconsin Institute for Law & Liberty, Inc
330 E. Kilbourn Avenue
Suite 725
Milwaukee, WI 53202

Gregory Austin Healey
Lynch, Cox, Gilman & Goodman PSC
500 W. Jefferson Street
Suite 2100
Louisville, KY 40202

Jason Michael Nemes
Commonwealth Counsel Group, PLLC
10343 Linn Station Road
Louisville, KY 40223

**Defendants' Counsel**
Andrew Braniff
U.S. Department of Justice – Civil Rights
Housing and Civil Enforcement Section
950 Pennsylvania Ave, NW; 4-CON
Washington, DC 20530

Charles Ethan Enloe
U.S. Department of Transportation
1200 New Jersey Avenue SE
Washington, DC 20590

**Defendants' Counsel cont.**
Robert Rich
DOJ-Crt
4 Constitution Square
150 M Street, NE
Room 9.1128
Washington, DC 20002

David Reese
DOJ-Crt
Poc Dalton, Dennis
1425 New York Ave
5066 Nya
Washington, DC 20005

Jillian Moo-Young
Katelyn Davis
U.S. Department of Justice
950 Pennsylvania Avenue NW
Washington, DC 20530

Sosun Bae
DOJ-Civ
P.O. Box 480
Ben Franklin Station
Washington, DC 20044

**Intervenor-Defendants' Counsel**
Brooke Menschel
Democracy Forward Foundation
P.O. Box 34553
Washington, DC 20043

Sarah C. Von Der Lippe
Law Office of Sarah C. Von Der Lippe
1104 E. Capital Street NE
Washington, DC 20002

Douglas L. McSwain
Wyatt, Tarrant & Combs LLP - Lexington
250 W. Main Street
Suite 1600
Lexington, KY 40507

**Proposed Intervenor Plaintiffs Central Seal Company and Charbon Contracting, LLC's Counsel**
David Bryan Owsley, II
Kyle S. Schroader
Frederick R. Bentley, III
Stites & Harbison, PLLC - Louisville
400 W. Market Street
Suite 1800
Louisville, KY 40202

***Amici*** **State of Idaho *et al.*'s Counsel**
Alan M. Hurst
Solicitor General
Office of the Idaho Attorney General
700 W. Jefferson St. Ste. 210
Boise, ID 83720

***Amici*** **State of Maryland *et al.*'s Counsel**
James C. Luh
Office of Attorney General - MD
200 Saint Paul Place
20th Floor
Baltimore, MD 21202

Virginia A. Williamson
Maryland Office of the Attorney General
200 St. Paul Place
Baltimore, MD 21202

***Amicus*** **City of Pittsburgh's Counsel**
Julie E. Koren
City of Pittsburgh, Department of Law
414 Grant Street
313 City-County Building
Pittsburgh, PA 15219

Dated: June 24, 2025

/s/ *Amy Briggs*
Amy Briggs

47008\20448161.1

13