# Appendix C

*Enloe Declaration*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
FRANKFORT

| | |
|---|---|
| MID-AMERICA MILLING COMPANY, LLC, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>UNITED STATES DEPARTMENT OF TRANSPORTATION, *et al.*,<br><br>Defendants. | Case No. 3:23-cv-00072-GFVT-EBA |

## DECLARATION OF CHARLES E. ENLOE

I, Charles E. Enloe, declare as follows:

1. I am the Assistant General Counsel for Litigation and Enforcement at the United States Department of Transportation (DOT). In this position, I lead a team of attorneys that oversees litigation in which DOT is a party or has an interest and provides legal advice concerning litigation risk and pre- and post-litigation policy decisions. I have served in this role since 2024, and previously served as a Senior Trial Attorney in the Office of Litigation and Enforcement since 2015. I have worked on the above-captioned case since it was filed, including with respect to implementation of the Court's preliminary injunction.

2. I submit this declaration based on my personal knowledge and information available to me in my official capacity.

3. In the above-captioned case, a preliminary injunction was initially entered on September 23, 2024, ECF No. 44, and modified on October 31, 2024, ECF No. 50. I am aware of the requirements of this injunction based on my general knowledge of this case and because I

assist in implementing the steps needed to adhere to the preliminary injunction. The modified injunction provides that "[DOT Defendants] are ENJOINED from mandating use of race- and gender-based rebuttable presumptions for United States Department of Transportation contracts impacted by DBE goals upon which the Plaintiffs bid, to be effective in any state in which Plaintiffs operate or bid on such contracts." ECF No. 50 at 8.

4. To adhere to the modified preliminary injunction, Plaintiffs and counsel for DOT agreed that DOT would seek to remove DBE goals on projects that Plaintiffs bid. Thus, Plaintiffs and DOT agreed upon a framework for identifying projects on which Plaintiffs wished to bid so that DOT could work with state departments of transportation and airport authorities to remove any DBE goals on those projects. The agreement took into account the fact that efforts to remove goals on already-advertised projects would require time to complete and might require delaying certain lettings where projects needed to be re-advertised without DBE goals. Pursuant to this agreement, Plaintiffs agreed that their counsel would identify projects on which Plaintiffs intend to bid to Defendants' counsel within five business days of publication of each project. Once DOT receives the request, DOT transmits the request to the appropriate local agency within five business days of notice by Plaintiffs. DOT coordinates with the local agency to determine if the agency is able remove the goals for the identified projects without delaying the letting. If the local agency is able to do so, DOT relays the transmission and outcome to DOJ, and DOJ confirms with Plaintiffs that the projects were transmitted. My team's role in this process is to ensure that DOT transmits each project within five days of receiving notice, as well as to ensure that each project is federally funded, has a DBE goal associated, and was timely identified. My team confirms that each project is federally funded and has a DBE goal associated to ensure that DOT does not transmit projects that are beyond the scope of the modified preliminary injunction

and implementation agreement. Next, my team attempts to verify the date that the project was published. States' obligations to adjust DBE goals change depending on whether Plaintiffs identified the project within five business days of publication; verifying the date ensures that DOT accurately informs states about their obligations. Because Plaintiffs often do not include the publication date when identifying projects, this step regularly requires me to find and review bidding notices on state transportation departments' websites. After gathering the requisite information, my team sends each project to attorneys at the Federal Highway Administration (FHWA) or the Federal Aviation Administration (FAA). The FHWA attorneys then work with the relevant FHWA division office personnel to transmit each request for adjustment from the division office to the appropriate state department of transportation. In similar fashion, the FAA attorneys work with the relevant FAA personnel to transmit each request for adjustment to the appropriate airport authority.

5. Since implementation of the initial preliminary injunction on September 23, 2024, Plaintiffs have identified at least 596 bidding projects for adjustment. Plaintiffs have requested adjustment in at least 17 states, including Delaware, Georgia, Illinois, Indiana, Kentucky, Minnesota, Michigan, New York, North Carolina, Ohio, Oklahoma, South Carolina, Tennessee, Texas, Utah, Virginia, and West Virginia. These requests have affected a wide range of construction projects, such as bridge replacement, maintenance, highway resurfacing, and airport runway maintenance.

6. Most of the projects Plaintiffs have identified for adjustment are FHWA bidding projects. In addition, Plaintiffs have identified at least 17 FAA bidding projects for adjustment since the Court entered the preliminary injunction.

7. While DOT has made every effort to ensure compliance with the modified

preliminary injunction during the pendency of this case, to continue doing so indefinitely would require substantial resources to track and remove goals on which Plaintiffs bid in perpetuity. Continuing the current process would require DOT employees to spend significant time verifying the dates, federal funding status, and DBE goals of identified projects. It would also require FHWA and FAA employees to regularly send time-sensitive adjustment requests to states and airport authorities, as well as to field frequent follow-up questions from state and airport authority employees who are unfamiliar with the adjustment process.

    I declare under penalty of perjury that the foregoing is true and correct.

Executed on July 16, 2025        /s/Charles E. Enloe
*Assistant General Counsel for*
*Litigation and Enforcement*
*United States Department of Transportation*